UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
Docket Number: 24-5538

Appeal from the United States District Court for the Northern District of California
Case No.: 5:18-cv-07182-EJD

**Neo4j, Inc., et al.,**
Plaintiffs-Appellee,

v.

**Suhy., et al.,**
Defendants-Appellant.

**Motion for Leave to Transmit Exhibits for the Record on Appeal**

To the Honorable Court:

John Mark Suhy Jr., Defendant-Appellant in this matter, respectfully moves this Court for an order supplementing the appellate record to include two exhibits that were offered and referenced during trial proceedings but not admitted into evidence. This motion is brought pursuant to Federal Rule of Appellate Procedure 10(e)(2) and Ninth Circuit Rule 27-14.

**I. INTRODUCTION**

Exhibits 1107 and 1108 are essential to the resolution of issues on appeal. These documents were explicitly referenced during trial proceedings, as reflected in the trial transcript (Volume 2, Pages 192–202, from Trial Court Document 233,

1

included as Exhibit A). They provide critical context for interpreting the AGPLv3 license, the legality of adding the Commons Clause, and my state-of-mind defense under the DMCA.

The exhibits include:

1. **Exhibit 1107**: A blog post by the Free Software Foundation ("FSF"), referenced in the trial transcript (Volume 2, Page 195), explaining its position on the unauthorized addition of the Commons Clause to AGPL licenses.

2. **Exhibit 1108**: A cease-and-desist letter from the FSF to Neo4j, discussed in the trial transcript (Volume 2, Pages 192–196), asserting that Neo4j's use of the AGPLv3 with the Commons Clause violated the FSF's copyrights and trademarks.

Additionally, **Exhibit A – Relevant Pages of Trial Transcript (Pages 192–202 from Trial Court Document 233)** provides direct evidence that these exhibits were discussed during the trial and supports their relevance to the issues on appeal.

Upon approval of this motion, Exhibits 1107 and 1108 will be included in the Excerpts of Record as required by Ninth Circuit Rule 30-1.

**II. LEGAL STANDARD**

2

Federal Rule of Appellate Procedure 10(e)(2) permits the correction or supplementation of the appellate record to ensure it accurately reflects what occurred in the district court. Additionally, Ninth Circuit Rule 27-14 provides that a party may move for leave to transmit exhibits not available on the district court docket if they are necessary for the resolution of an issue on appeal. This motion is appropriate where the documents:

1. Are critical to understanding the issues on appeal; and

2. Were referenced, identified, or otherwise part of the trial proceedings, even if not admitted into evidence.

### III. ARGUMENT

**A. Exhibits 1107 and 1108 Are Necessary to Resolve Critical Appellate Issues**

These exhibits are essential to evaluating my arguments regarding the AGPLv3 license and the broader implications for software licensing and open-source freedoms:

1. **Exhibit 1107 (Offered Exhibit 1107 – FSF Blog Post)**:
   This blog post explains Section 7 of the AGPLv3, which expressly permits licensees to remove "further restrictions" such as the Commons Clause. The FSF's interpretation is vital to understanding the AGPLv3's intent and validating my actions.

3

2. **Exhibit 1108 (Offered Exhibit 1108 – FSF Cease-and-Desist Letter)**:

   This letter asserts the FSF's ownership of the AGPLv3 and its opposition to Neo4j's modifications. It corroborates my good faith belief that removing the Commons Clause was permissible under the AGPLv3.

Additionally, **Exhibit A (Relevant Pages of Trial Transcript)** demonstrates that both exhibits were discussed extensively during the trial, further establishing their relevance to this appeal.

## B. Hearsay Concerns Are Mitigated or Inapplicable

While these exhibits were excluded from evidence at trial due to hearsay objections, they remain admissible on appeal for non-hearsay purposes:

- **Exhibit 1107**: The FSF blog post represents an authoritative statement on the AGPLv3's interpretation, admissible to demonstrate the FSF's official position and clarify the legal framework.

- **Exhibit 1108**: The cease-and-desist letter is admissible to show its effect on my state of mind. Additionally, it qualifies as a statement by a party-opponent, as it represents the FSF's official stance.

## C. Preventing Injustice and Protecting Public Interest

4

As a pro se litigant, I diligently reviewed the trial record and promptly moved to correct the omission of these critical documents. Excluding these exhibits would:

1. **Unfairly Prejudice My Case**: These documents directly address my good faith belief under the DMCA and the legality of my actions under the AGPLv3. Their absence would deny the Court a complete and accurate record for review.

2. **Harm the Open-Source Community**: This case has significant implications for the integrity of open-source licensing. The Court's understanding of the FSF's position on the AGPLv3 is essential to avoid a precedent that undermines software freedoms.

**D. Documents Were Properly Referenced During Trial**

The trial transcript confirms that these exhibits were discussed at length:

- **Exhibit 1107**: Identified on Page 195 as an FSF statement on Section 7 of the AGPLv3.

- **Exhibit 1108**: Debated on Pages 192–196 regarding its relevance to my state-of-mind defense.

Additionally, **Exhibit A** provides the context needed to understand their importance for resolving the issues on appeal.

5

## IV. CONCLUSION

For these reasons, I respectfully request that the Court grant this motion to supplement the record and permit the transmission of Exhibits 1107 and 1108. Their inclusion is essential to ensure a fair and just resolution of this appeal.

**Respectfully submitted,**

/s/ John Mark Suhy Jr.

Pro Se Defendant-Appellant

8814 Danewood Dr.

Alexandria, VA 22308

Email: jmsuhy@gmail.com

Phone: 703-862-7780

Date: December 6, 2024

**Certificate of Service**

I, John Mark Suhy Jr., hereby certify that on this December 6, 2024, I electronically filed the foregoing **Motion for Leave to Transmit Exhibits for the Record on Appeal** with the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ John Mark Suhy Jr.

John Mark Suhy Jr.

Pro Se Defendant-Appellant

8814 Danewood Dr.

Alexandria, VA 22308

Email: jmsuhy@gmail.com

Phone: 703-862-7780