IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br><br>        Plaintiffs-ctr-defendants-Appellees,<br><br>v.<br><br>JOHN MARK SUHY,<br><br>        Defendant-ctr-claimant-Appellant.<br><br>and<br><br>PURETHINK, LLC, a Delaware limited liability company; and IGOV, INC., a Virginia corporation,<br><br>        Defendants. | No. 24-5538<br><br>District No. 5:18-cv-07182-EJD<br>U.S. District Court for the Northern District of California<br><br><br>**APPELLEES NEO4J, INC. AND NEO4J SWEDEN AB'S OPPOSITION TO APPELLANT JOHN MARK SUHY'S MOTION FOR LEAVE TO TRANSMIT EXHIBITS FOR THE RECORD ON APPEAL** |

## <u>TABLE OF CONTENTS</u>

**<u>Page</u>**

I.  INTRODUCTION ...................................................................1

II.  FACTUAL AND PROCEDURAL BACKGROUND ...................................2

III.  APPLICABLE LEGAL STANDARDS ..........................................8

IV.  ARGUMENT ..........................................................................9

    A.  Suhy Cannot Modify the Appellate Record With Evidence That Was Not Before the Trial Court on Summary Judgment ....................9

    B.  The Documents Subject to Suhy's Motion Are Inadmissible ............13

V.  CONCLUSION ...................................................................15

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allied Erecting & Dismantling Co. v. United States Steel Corp.*,
  No. 22-3585, 2023 WL 5322213 (6th Cir. Aug. 18, 2023)................................13

*Daly–Murphy v. Winston*,
  837 F.2d 348 (9th Cir. 1987) ........................................................*passim*

*Hangarter v. Provident Life & Acc. Ins. Co.*,
  373 F.3d 998 (9th Cir. 2004) ...............................................................15

*Herrington v. County of Sonoma*,
  12 F.3d 901 (9th Cir. 1993) ...............................................................13

*McHugh v. United Serv. Auto. Ass'n*,
  164 F.3d 451 (9th Cir. 1999) ..............................................................14

*Neo4j, Inc. et al. v. PureThink LLC et al.*,
  Ninth Circuit Case No. 21-16029 (2021) ........................................................1, 4

*Neo4j, Inc. v. Graph Found., Inc.*,
  No. 5:19-CV-06226-EJD, 2020 WL 6700480 (N.D. Cal. Nov. 13,
  2020) ..............................................................................10, 14

*Thorpe v. Edward D. Jones & Co.*,
  908 F.2d 977, 1990 WL 102763 (9th Cir. 1990)........................................11, 12

*United States v. Garcia*,
  997 F.2d 1273 (9th Cir.1993) ...............................................................8

*United States v. Park Place Assoc.*,
  563 F.3d 907 (9th Cir. 2009) ..............................................................13

*United States v. Todd*,
  920 F.2d 399, 402-04 (6th Cir. 1990)..............................................................13

*United States v. Walker*,
  601 F.2d 1051 (9th Cir.1979) ...............................................................9

SJ 2170867.1

## **Statutes**

17 U.S.C. § 1202 .................................................................................3, 4, 5

Cal. Bus. Prof. Code §§ 17200, *et seq.* .................................................3

## **Other Authorities**

Federal Rule of Appellate Procedure 10(a) ............................................8

Fed. R. App. P. 10(e) ........................................................................*passim*

iii

## I.    INTRODUCTION

Plaintiffs-Appellees Neo4j, Inc. ("Neo4j USA"), and Neo4j Sweden AB ("Neo4j Sweden," collectively "Appellees") oppose the Motion for Leave to Transmit Exhibits for the Record on Appeal by Appellant John Mark Suhy ("Appellant" or "Suhy"). Suhy's use Federal Rule of Appellate Procedure 10(e) (hereafter, "Rule 10(e)") to add two documents that were created on the eve of trial by the Free Software Foundation ("FSF"), a third party, is improper.

Suhy first sought to offer these documents during trial in support of his interpretation of the software license at issue with respect to Appellee's false advertising claim under the Lanham Act and unauthorized removal of copyright management information under the DCMA. The district court precluded him from doing so, in part, because it previously rejected Suhy's interpretation of that license in granting summary judgment in favor of Appellees on their Lanham Act claims, which this Court affirmed in a prior appeal taken by Suhy, *Neo4j, Inc. et al. v. PureThink LLC et al.*, Ninth Circuit Case No. 21-16029 (2021). Suhy also had a second opportunity to argue his status as an alleged "innocent infringer" when the district court granted a subsequent summary judgment motion in favor of Appellees on their DMCA claim.

It is well established that this Circuit will not supplement the record on appeal with material not considered by the district court, and particularly, where that

1

material was not before the district court in granting summary judgment. *See, e.g.*, *Daly–Murphy v. Winston*, 837 F.2d 348, 351 (9th Cir. 1987). Because there is no dispute that Suhy had ample opportunity to obtain discovery from the FSF prior to those rulings, and because these documents were not before the district court on either motion, this Court should deny Suhy's motion.

Finally, the two documents subject to Suhy's motion are irrelevant to his "intent" at the time he removed Appellees' copyright management information in violation of the DMCA between May 2018 and March 2019. These two documents cannot have any bearing on Suhy's state of mind at that time because they were created years later. The Court should deny Suhy's motion for this additional reason.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

Neo4j USA markets and sells its graph database platform under the federally registered "NEO4J" trademark ("Neo4j Mark"). Declaration of Jeffrey M. Ratinoff ("Ratinoff Decl."), Ex. 1 at ¶ 2. Neo4j Sweden is a wholly owned subsidiary of Neo4j USA that owns all copyrights relating to the Appellees' graph database platform, including the source code. *Id*., ¶ 4. Appellees historically offered a free and open-source version of their Neo4j software called Neo4j Community Edition ("Neo4j® CE"), subject to the GNU General Public License ("GPL"). *Id.*, Ex. at ¶ 24; Ex. 8 at ¶¶ 5-6. For commercial users, Appellees offered a paid-for version of Neo4j called Neo4j Enterprise Edition ("Neo4j® EE"), which, compared to the free Neo4j® CE

2

version, contains significant additional functionality and provides support for advanced commercial operations. *Id.*

During the relevant time period, Appellees offered Neo4j® EE under both a paid-for commercial license and the GNU Affero General Public License ("AGPL"). Ratinoff Decl., Ex. 1 at ¶ 24; Ex. 8 at ¶¶ 5-6. Starting on May 17, 2018, Appellees only offered Neo4j® EE under a commercial license and the Neo4j Sweden Software License, which includes the language of the AGPL and commercial restrictions referred to as the Commons Clause. *Id.*, Ex. 1 at ¶¶ 25, 27. After November 2018, Appellees only offered new versions of Neo4j® EE under a commercial license, meaning all new enterprise features would now be closed source. *Id.,* Ex. 1 at ¶¶ 25, 27; *see also* Ex. 3 at 2:10-13; Ex. 8 at ¶¶ 10-12.

On November 28, 2018, Neo4j USA filed suit against Defendants Suhy, iGov Inc. and PureThink LLC (collectively, "Defendants") for violations of the Lanham Act and California's Unfair Competition Law, Cal. Bus. Prof. Code §§ 17200, *et seq*. ("UCL"). These claims were primarily based on Defendants' infringement of Neo4j USA's federally registered "NEO4J" trademark for graph database software ("Neo4j Mark") by promoting a re-branded version of Neo4j® EE, which Defendants called ONgDB, and false advertising in relation thereto.

Neo4j USA later amended its complaint to add Neo4j Sweden as a plaintiff and assert claims against Defendants for violations of Section 1202(b) of the DMCA

3

based on Suhy's removal of the Commons Clause and other copyright management information identifying Neo4j Sweden as the copyright holder and licensor ("Neo4j CMI") from the Neo4j Sweden Software License and redistributing that improperly licensed software as ONgDB. *See* Ratinoff Decl., Ex. 1 at ¶¶ 58-59, 76-78, 166-173; *id.*, Ex. 2 at 5:24-8:11.

In particular, Defendants copied the Neo4j® EE source code files and knowingly removed and/or altered and distributed the Neo4j CMI in violation of 17 U.S.C. § 1202(b)(1) and (3). Ratinoff Decl., Ex. 1 at ¶¶ 77, 169; *id.*, Ex. 2 at 6:2-7:6. Defendants then publicly distribute these altered source code files as part of the ONgDB on iGov's website. *Id.* Suhy's unauthorized removal of the Neo4j CMI occurred between May 2018 and March 2019. *See id.,* Ex. 1 at ¶¶ 58-59, 76-78; Ex. 2 at 6:2-7:6; Ex. 8 at 6:5-12; Ex. 9 at 2:3-4:6, 6:1-7:2.

On May 18, 2021, the district court granted Appellees' motion for partial summary judgment in favor of Neo4j USA wherein it found Defendants liable for trademark infringement, false advertising and false designation of origin under the Lanham Act and for violating the UCL. Ratinoff Decl., Ex. 2 ("First MSJ Order"). The district court also imposed a preliminary injunction against Defendants prohibiting further unlawful conduct. *Id.* Defendants immediately appealed the First MSJ Order to this Court. *See Neo4j, Inc. et al. v. PureThink LLC, et al.*, Ninth Circuit Case No. 21-16029 (2021). This Court affirmed the district court's

4

SJ 2170867.1

underlying rulings on liability in conjunction with the issuance of the preliminary injunction. Ratinoff Decl., Exs. 3-4. One of the affirmed rulings included the rejection of Suhy's interpretation of the Neo4j Sweden Software License that allegedly allowed him to remove the Neo4j CMI as a "further restriction." *See id.; see also id.,* Ex. 2 at 22:22-25:19.

On December 1, 2022, fact discovery closed, and expert discovery closed on February 23, 2023. *See* Trial Ct. Doc. No. 147. The district court then set a deadline for the parties to submit a joint trial exhibit list on September 23, 2023, and scheduled trial to commence on November 14, 2023. *See* Trial Ct. Doc. No. 180.

On October 25, 2023, the district court granted a second motion for partial summary judgment in favor of Appellees wherein it found Defendants liable for violating Section 1202(b) of the DMCA. Ratinoff Decl., Ex. 5 ("Second MSJ Order") at 16:23-24:6. The district court's finding that Defendants violated DMCA were based in part on the previously affirmed ruling that the provisions of Neo4j Sweden Software License did not permit Suhy to remove the Neo4j CMI. *See id.* With respect to the knowledge and intent prong of Section 1202(b) of the DMCA, the district court found that Defendants possessed requisite mental state of knowing, or having a reasonable basis to know, that their removal of the Neo4j CMI would induce, enable, facilitate, or conceal infringement. *Id.* at 20:3-24:6.

SJ 2170867.1

As a result of the First MSJ Order and the Second MSJ Order's determination of liability, the only issue remaining for trial was the amount of damages Appellees suffered from Defendants' violations of the Lanham Act and DMCA. The district court ultimately conducted a bench trial on November 14, 2023, and November 28, 2023 on the issue of damages. *See* Trial Ct. Doc. No. 229.

On November 27, 2023, the evening before the second day of trial, Defendants notified Appellees that they intended to introduce two new trial exhibits that were not previously disclosed, neither during discovery, nor in the parties' Joint Trial Exhibit List. The first document (***proposed*** Trial Exhibit 1107) was a print-out of a blog entry from the Free Software Foundation's website, which stated an interpretation of Section 7 of the AGPL and the Neo4j Sweden Software License that was consistent with the one previously argued by Suhy on summary judgment. *See* 9th Cir. Dkt. Entry 13.2 at 194:13-195:7. The second document (***proposed*** Trial Exhibit 1108) consisted of a cease-and-desist letter sent by the Free Software Foundation (FSF) to Neo4j USA on November 13, 2023—the day before trial started—wherein it alleged that Neo4j USA violated the FSF's copyright by adding the Commons Clause to the APGL. *See id.* at 192:8-193:24.

The following day at trial, Defendants sought to have these documents added to their trial exhibit list and offered into evidence without calling a witness that could authenticate the documents and lay a proper foundation as the truth of the matters

6

stated therein. *See* Dkt. Entry 13.2 at 192:1-202:9. Defendants argued this evidence from FSF could establish that Suhy had no reason to believe his acts constituted a violation of the DMCA as the removal of the Commons Clause was consistent with the FSF's position as the copyright holder of the AGPL. *Id.*

Appellees objected on the grounds that evidence appeared to be manufactured for use at trial, as well as that it was irrelevant because the documents did not exist at the time Suhy removed the Commons Clause from the Neo4j Sweden Software License. *See* 9th Cir. Dkt. Entry 13.2 at 192:25-193:17, 200:6-201:23. Thus, they could not be used to establish Suhy's state of mind at the time he was accused of violating the DMCA four years earlier. *Id.* It was also irrelevant because this Court already affirmed the district court's finding that Neo4j Sweden was free to license its software as it saw fit and that Section 7 of the Neo4j Sweden Software License did not permit Suhy to remove the Commons Clause. *Id.* Appellees further argued that the FSF's interpretation of Section 7 constituted inadmissible hearsay, and that Appellants did not have a witness that could testify to the truth of the matters asserted in the letter and blog post. *See* 9th Cir. Dkt. Entry 13.2 at 193:10-194:1.

When the district court pressed Defendants to explain the relevance and what hearsay exception would allow the two documents to be admitted, Defendants were unable to do so. *See* 9th Cir. Dkt. Entry 13.2 at 196:21-199:25. Ultimately, the

SJ 2170867.1

district court did not allow Defendants to use either exhibit at trial on the grounds of relevancy, hearsay, and a lack of foundation. *Id.* at 201:20-202:9.

On July 22, 2024, the district court issued its Findings of Fact and Conclusions of Law (Ratinoff Decl., Ex. 10) and a final judgment on August 15, 2024, wherein it awarded Appellees $597,000 in actual damages plus $57,288 in prejudgment interest, less a stipulated $26,000 deduction, and a permanent injunction (*id.*, Ex. 11, "the Judgment"). On September 8, 2024, only Suhy filed an appeal with this Court and the Judgment became final as to iGov Inc. and PureThink LLC.

## III.  APPLICABLE LEGAL STANDARDS

The following constitute the record on appeal: "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a). In relevant part, Rule 10(e) provides for the correction or modification of the appellate record as follows:

> If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded: (a) on stipulation by the parties; (b) by the district court before or after the record has been forwarded; or (c) by the court of appeals.

Fed. R. App. P. 10(e)(2). "This circuit has construed this provision narrowly, holding that normally the reviewing court will not supplement the record on appeal with material not considered by the trial court." *Daly–Murphy*, 837 F.2d at 351;

8

*accord United States v. Garcia*, 997 F.2d 1273, 1278 (9th Cir.1993) ("The district court may not use [Rule] 10(e) to supplement the record with material not introduced or with findings not made."); *United States v. Walker*, 601 F.2d 1051, 1054–55 (9th Cir.1979) (declining to supplement the record on appeal with affidavits that were not part of the district court's record). The two exhibits proposed by Suhy Defendant were not admitted by the district court and should not be added to the record on appeal.

## IV.  ARGUMENT

### A.   Suhy Cannot Modify the Appellate Record With Evidence That Was Not Before the District Court on Summary Judgment

Suhy seeks to modify the appellate record pursuant to Rule 10(e) by adding two documents that pertain to the district court's rulings on summary judgment that Sections 7 and 10 of the Neo4j Sweden Software License allowed Neo4j Sweden to add the Common Clause and precluded Suhy from removing it as a "further restriction." *See* Motion at 1-3. Suhy further argues that these two documents go towards his intent in removing the Commons clause and "corroborates [his] good faith belief that removing the Commons Clause was permissible." *Id*. at 3-4.

This Court has held that an appellant may not seek to correct or modify the record with evidence that was not before the trial court at the time of summary judgment. *Daly–Murphy*, 837 F.2d at 351 (on appeal from a summary judgment, denying plaintiff-appellant's request to add investigative report to the record where

9

SJ 2170867.1

"the report was not considered by the trial court because it was submitted after the summary judgment hearing"). This is exactly what Suhy is attempting to do here.

In the First MSJ Order, the district court engaged in detailed analysis of Sections 7 and 10 and "reject[ed] the notion that the terms drawn from the AGPLv3, on which the Neo4j Sweden Software License is based, somehow limit the rights of Neo4j Sweden to include the Commons Clause or any other additional restriction in its own copyright license." *See* Ratinoff Decl., Ex. 2 at 24:7-25:12 (quoting *Neo4j, Inc. v. Graph Found., Inc.,* No. 5:19-CV-06226-EJD, 2020 WL 6700480, at *4 (N.D. Cal. Nov. 13, 2020)).[1] The trial court further found that when "read correctly, Sections 7 and 10 prohibit a licensee from imposing further restrictions, but do not prohibit a licensor from doing so." *Id.* Thus, Suhy's removal of the Commons Clause from the Neo4j Sweden Software License was improper, and Defendants' representations based thereon constituted false advertising in violation of the Lanham Act. *Id.*

---

[1] *Neo4j, Inc. v. Graph Found., Inc.* was a related action filed by Appellees against Graph Foundation, Inc. ("GFI") for identical violations of the Lanham Act and DMCA. GFI filed a motion to dismiss the DMCA claim based on the same interpretation of Section 7 and 10 of the Neo4j Sweden Software License asserted by Suhy in the present matter. Appellees subsequently filed their first motion for summary judgment on a consolidated basis in the action against Suhy and in the related action against GFI. Before the motion was fully briefed, the parties to the GFI Action reached a settlement and the district court entered a stipulated judgment terminating the case in February 2021.

10

This Court affirmed the district court's determination that these contractual provisions prohibited a licensee from imposing further restrictions, but do not prohibit Neo4j Sweden as the copyright holder and licensor from doing so. Ratinoff Decl., Exs. 3-4. To be sure, this Court expressly affirmed that "Section 7 of the Sweden Software License only permits a downstream licensee to remove 'further restrictions' added by an upstream licensee to the original work." *Id*., Ex. 3 at p. 3.

In the Second MSJ Order, the district court addressed the issue of Suhy's intent in the context of Appellees' DMCA claim. Ratinoff Decl., Ex. 5 at 20:17-23:6. The district court again rejected the same arguments by Suhy that the Neo4j Sweden Software License permitted him to remove the Commons Clause as law of the case. *See, e.g., id.*, Ex. 5 at 9:14-10:9, 20:17-23:18 ("Pursuant to the Ninth Circuit's holding, the Neo4j Sweden Software License does not permit a licensee, such as Suhy, to remove the CMI and commercial restrictions imposed by the license.").

There is no dispute that the two documents subject to the present motion were not produced during discovery and were not part of record when the district court ruled on either of Appellees' motions for summary judgment. For this reason alone, the Court should deny Suhy's attempt to modify the appellate record to include them. *See Daly–Murphy*, 837 F.2d at 351 (denying Rule 10(e) to supplement the appellate record with information contained in an investigative report that was submitted after

11

the summary judgment hearing and was not considered by the trial court); *accord Thorpe v. Edward D. Jones & Co*., 908 F.2d 977, 1990 WL 102763 (Table) (9th Cir. 1990) (denying appellant's attempt to supplement the record with depositions of two witnesses that were not before the district court at summary judgment).

There is also no excuse for Suhy's failure to obtain evidence and testimony from the FSF prior to the first summary judgment motion. For example, after the trial court first determined that Sections 7 and 10 precluded a licensee from removing the Commons Clause in the related GFI case on November 13, 2020, Suhy pleaded with the FSF to intervene in the suit against him and even offered to pay for their attorneys' fees. *See* Ratinoff Decl., Ex. 6 and Ex. 7 at 375:17-378:5. Suhy made no effort thereafter to subpoena and depose the FSF before the close of fact discovery. For this additional reason, the Court should deny Suhy's motion. *See Daly–Murphy*, 837 F.2d at 351 (finding that appellants could have interviewed the witnesses subject to the investigative report prior to the summary judgment hearing, "and thus any evidence developed in this manner could have been presented to the court"); *accord Thorpe*, 908 F.2d 977 (noting in denying appellant's Rule 10(e) motion that appellant could have arranged to take and offer the two depositions subject to appellant's motion before the district court granted summary judgment).

SJ 2170867.1

**B.    The Documents Subject to Suhy's Motion Are Inadmissible**

In addition to the two documents not being before the district court when it determined on summary judgment that Suhy was not entitled to remove the Commons Clause from the Neo4j Sweden Software License, they remain inadmissible for at least five reasons.

First, testimony and documents relating to an issue that has already been decided by the district court and affirmed on appeal is not relevant under the law of the case doctrine. *See Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993) ("The law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case."); *United States v. Park Place Assoc.*, 563 F.3d 907, 925 (9th Cir. 2009) ("when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case"); *see also Allied Erecting & Dismantling Co. v. United States Steel Corp.*, No. 22-3585, 2023 WL 5322213, at *5 (6th Cir. Aug. 18, 2023) ("[C]ourts have discretion to apply the law-of-the-case doctrine to evidentiary rulings.") (*citing United States v. Todd*, 920 F.2d 399, 402–04 (6th Cir. 1990)).

Second, "evidence" of FSF's shared incorrect interpretation of Sections 7 and 10 of the AGPL (and to the extent those provisions are in the Neo4j Sweden Software License) as of November 2023 is irrelevant to Suhy's state of mind when he violated

13

the DMCA by removing the Neo4j CMI and distributing improperly licensed ONgDB between May 2018 and March 2019 and caused Appellees to lose licensing revenue. Ratinoff Decl., Ex. 9 at 2:3-4:6, 6:1-7:2. Suhy also **stipulated** to "knowingly distribut[ing] Neo4j® EE source code without the Neo4j Sweden Software License with the understanding that it would result in the infringement of Neo4j Sweden's copyrights. Ratinoff Decl., Ex. 8 at 6:5-12.

Third, the FSF's views are also irrelevant with respect to Appellees' Lanham Act claims upon which the district court entered the Judgment against Suhy. There is no "intent" element or "innocent infringer" defense that would negate the award of damages for trademark infringement or false advertising under the Lanham Act.

Fourth, as previously recognized by the district court, Suhy is not the owner of the copyright at issue and cannot enforce any copyright that the FSF may have in the AGPL. Ratinoff Decl., Ex. 5 at 21:17-26; *accord Graph Found., Inc*., 2020 WL 6700480, at *3 ("whether Plaintiffs acted in accordance with the copyright covering the AGPLv3 is not at issue before this Court, as Defendants are not entitled to enforce the FSF's copyright").

Lastly, FSF's views about the Neo4j Sweden Software License expressed in the two documents is inadmissible hearsay. Suhy still has not cited any exceptions to the hearsay rule or identified a witness that could testify to the truth of the matters

14

asserted in the FSF's letter and blog post, nor lay a proper foundation.[2]  *See* Dkt. Entry 13.2 at 193:10-194:1.  Moreover, the opinion of a third party is not admissible to aid in the interpretation of contractual provisions.  *See, e.g., McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999) ("[expert] testimony cannot be used to provide legal meaning or interpret the [contracts] as written"); *accord Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004).

## V.     CONCLUSION

For the foregoing reasons, Appellees respectfully request that this Court deny Suhy's Motion for Leave to Transmit Exhibits for the Record on Appeal that were not part of the district court record.

Dated:  December 16, 2024                        Respectfully submitted,


*s/ Jeffrey M. Ratinoff*
Jeremy A. Moseley (MT Bar #44830177)
**SPENCER FANE LLP**
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
Telephone:  303.839.3800
Facsimile:   303.839.3838
Email:   jmoseley@spencerfane.com

---

[2] Suhy misconstrues the party-admission exception to apply to FSF's statements. The FSF is neither a party nor are its statements being proffered against it.  *See* Motion at p. 4.  Likewise, "preventing injustice" and "protecting public interest" are not recognized exceptions to the hearsay rule.  *See id.* at pp. 4-5.

SJ 2170867.1

John V. Picone (CA Bar #187226)
Jeffrey M. Ratinoff (CA Bar #197241)
**SPENCER FANE LLP**
225 West Santa Clara Street
Suite 1500
San Jose, CA 95113
Telephone:  408.286.5100
Facsimile:  408.286.5722
Email:      jpicone@spencerfane.com
            jratinoff@spencerfane.com

Attorneys for Plaintiffs-Appellees NEO4J,
INC., and NEO4J SWEDEN AB

16

**CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on December 16, 2024, I electronically filed the

foregoing **NEO4J, INC. and NEO4J SWEDEN AB'S OPPOSITION TO**

**JOHN MARK SUHY'S MOTION FOR LEAVE TO TRANSMIT EXHIBITS**

**FOR THE RECORD ON APPEAL** with the Clerk of Court using the CM/ECF

system which will send notification of such filing to the following email addresses:

> **John Mark Suhy**
> jmsuhy@gmail.com

> /s/  *Jeffrey M. Ratinoff*
> Jeffrey M. Ratinoff