# EXHIBIT 3

(2 of 9), Page 2 of 9    Case: 24-5538, 12/16/2024, DktEntry: 14.5, Page 2 of 9
Case 5:18-cv-07182-EJD   Document 140   Filed 02/18/22   Page 1 of 8
(1 of 8)
Case: 21-16029, 02/18/2022, ID: 12374325, DktEntry: 45-1, Page 1 of 4

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NEO4J, INC.; NEO4J SWEDEN AB,<br><br>Plaintiffs-counter-<br>defendants-Appellees,<br><br>v.<br><br>PURETHINK, LLC; IGOV, INC.; JOHN MARK SUHY,<br><br>Defendants-counter-<br>claimants-Appellants. | No. 21-16029<br><br>D.C. No. 5:18-cv-07182-EJD<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted February 7, 2022
San Francisco, California

Before: HURWITZ and VANDYKE, Circuit Judges, and ERICKSEN,** District Judge.

Neo4j, Inc. ("Neo4j USA") sued John Mark Suhy and three corporations, PureThink, LLC, iGov, Inc., and Graph Foundation, Inc. (collectively,

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, sitting by designation.

(3 of 9), Page 3 of 9   Case: 24-5538, 12/16/2024, DktEntry: 14.5, Page 3 of 9
Case 5:18-cv-07182-EJD   Document 140   Filed 02/18/22   Page 2 of 8

(2 of 8)

Case: 21-16029, 02/18/2022, ID: 12374325, DktEntry: 45-1, Page 2 of 4

"Defendants"), asserting claims under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and California law. The district court entered a preliminary injunction enjoining Defendants from infringing the registered NEO4J mark[1] and from making misrepresentations to consumers about their products. Reviewing for abuse of discretion, *see Dev'l Servs. Network v. Douglas*, 666 F.3d 540, 544 (9th Cir. 2011), we affirm.

1. Because Neo4j USA registered the NEO4J mark, U.S. Trademark Registration No. 4,784,280, the district court correctly held it has standing to sue for infringement. *See* 15 U.S.C. § 1114(1) (infringers "shall be liable in a civil action by the registrant"); *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1214, 1226–28 (9th Cir. 2008).

2. The court did not abuse its discretion by enjoining Defendants from infringing the NEO4J mark in the names of their own products. Defendants' use of the NEO4J mark was not nominative fair use, as it referred to their competing products, "Neo4j Enterprise" and "Government Package for Neo4j," not Neo4j® Enterprise Edition. *See Toyota Motor Sales, USA, Inc. v. Tabari*, 610 F.3d 1171, 1183 (9th Cir. 2010) (holding that nominative use of a trademark requires that the mark "refer to the trademarked good" not the defendant's good); *New Kids on the*

---

[1] We use the term "NEO4J" to refer to the word mark registered by Neo4j USA. We use the term "Neo4j®" to denote the Neo4j USA-licensed platforms, Neo4j® Community Edition and Neo4j® Enterprise Edition.

(4 of 9), Page 4 of 9      Case: 24-5538, 12/16/2024, DktEntry: 14.5, Page 4 of 9
Case 5:18-cv-07182-EJD   Document 140   Filed 02/18/22   Page 3 of 8           (3 of 8)
Case: 21-16029, 02/18/2022, ID: 12374325, DktEntry: 45-1, Page 3 of 4

*Block v. News Am. Publ'g, Inc.*, 971 F.2d 302, 308 (9th Cir. 1992).

3. Nor did the court abuse its discretion by enjoining Defendants from "[a]dvertising, promoting, representing or referring to ONgDB as a free and open source drop-in replacement of Neo4j Enterprise Edition," and making other false representations about ONgDB to consumers. Lanham Act falsity is established either if a "statement was literally false, either on its face or by necessary implication," or if a "statement was literally true but likely to mislead or confuse consumers." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997). Defendants' representation that ONgDB is a "free and open-source" version of Neo4j® EE was literally false, because Section 7 of the Sweden Software License only permits a downstream licensee to remove "further restrictions" added by an upstream licensee to the original work. Defendants' advertisements of ONgDB as a "drop-in replacement" for Neo4j® EE were also false, even taking Defendants' own definition of the term—"compatibility." And, even if the "drop-in replacement" representations were not literally false, substantial evidence showed that consumers were confused by Defendants' use of the term.

4. The district court did not abuse its discretion by enjoining Defendants from suggesting Neo4j USA endorsement of their products. Defendants argue that two of the eight factors identified in *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979)—the "type of goods and the degree of care likely to be

3

(5 of 9), Page 5 of 9   Case: 24-5538, 12/16/2024, DktEntry: 14.5, Page 5 of 9
Case 5:18-cv-07182-EJD   Document 140   Filed 02/18/22   Page 4 of 8   (4 of 8)
Case: 21-16029, 02/18/2022, ID: 12374325, DktEntry: 45-1, Page 4 of 4

exercised by the purchaser" and "evidence of actual confusion"—weigh in their favor. But the "presence or absence of a particular factor does not necessarily drive the determination of a likelihood of confusion." *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1290–91 (9th Cir. 1992). A particularly strong showing of some factors will suffice to demonstrate confusion. *See Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1125 (9th Cir. 2014). It was not an abuse of discretion for the district court to rely on the other six *Sleekcraft* factors in entering the preliminary injunction.

**AFFIRMED.**

(6 of 9), Page 6 of 9
Case: 24-5538, 12/16/2024, DktEntry: 14.5, Page 6 of 9
Case 5:18-cv-07182-EJD Document 140 Filed 02/18/22 Page 5 of 8
(5 of 8)
Case: 21-16029, 02/18/2022, ID: 12374325, DktEntry: 45-2, Page 1 of 4

# United States Court of Appeals for the Ninth Circuit

## Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

(1)    A.    **Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  ▶ A material point of fact or law was overlooked in the decision;
  ▶ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  ▶ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

       B.    **Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

(7 of 9), Page 7 of 9   Case: 24-5538, 12/16/2024, DktEntry: 14.5, Page 7 of 9
Case 5:18-cv-07182-EJD   Document 140   Filed 02/18/22   Page 6 of 8   (6 of 8)
Case: 21-16029, 02/18/2022, ID: 12374325, DktEntry: 45-2, Page 2 of 4

- ▶ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
- ▶ The proceeding involves a question of exceptional importance; or
- ▶ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- A response, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

Post Judgment Form - Rev. 12/2021

2

(8 of 9), Page 8 of 9   Case: 24-5538, 12/16/2024, DktEntry: 14.5, Page 8 of 9
Case 5:18-cv-07182-EJD   Document 140   Filed 02/18/22   Page 7 of 8   (7 of 8)

Case: 21-16029, 02/18/2022, ID: 12374325, DktEntry: 45-2, Page 3 of 4

- The petition or response must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

**Petition for a Writ of Certiorari**
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published <u>opinion</u>, please send an email or letter **in writing within 10 days** to:
  ▶ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista (maria.b.evangelista@tr.com));
  ▶ and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

Post Judgment Form - Rev. 12/2021

3

(9 of 9), Page 9 of 9    Case: 24-5538, 12/16/2024, DktEntry: 14.5, Page 9 of 9
Case 5:18-cv-07182-EJD   Document 140   Filed 02/18/22   Page 8 of 8

(8 of 8)

Case: 21-16029, 02/18/2022, ID: 12374325, DktEntry: 45-2, Page 4 of 4

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 10. Bill of Costs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form10instructions.pdf

**9th Cir. Case Number(s)** [ ]

**Case Name** [ ]

The Clerk is requested to award costs to *(party name(s))*:

[ ]

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature** [ ]  **Date** [ ]

*(use "s/[typed name]" to sign electronically-filed documents)*

| COST TAXABLE | REQUESTED (each column must be completed) | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee / Appeal from Bankruptcy Appellate Panel Docket Fee | | | | $ |
| | | | TOTAL: | $ |

*****Example:** Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:
No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);
TOTAL: 4 x 500 x $.10 = $200.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 10                                                                                          *Rev. 12/01/2021*