IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

CASE NO.: 24-5538
**NEO4J, INC., et al.,**
Plaintiffs-Appellees,

v.

**JOHN MARK SUHY,**
Defendant-Appellant.

**DEFENDANT-APPELLANT'S EMERGENCY MOTION TO STAY ENFORCEMENT OF JUDGMENT PENDING APPEAL**

TABLE OF AUTHORITIES

**Cases**

Dillon v. City of Chicago, 866 F.2d 902 (7th Cir. 1988)

Golden Gate Restaurant Ass'n v. City & County of San Francisco, 512 F.3d 1112 (9th Cir. 2008)

Leiva-Perez v. Holder, 640 F.3d 962 (9th Cir. 2011)

Nken v. Holder, 556 U.S. 418 (2009)

**Statutes**

Virginia Code § 55.1-136(A)

## I. INTRODUCTION

Defendant-Appellant John Mark Suhy respectfully seeks an emergency stay of enforcement of the monetary judgment entered in the United States District Court for the Northern District of California, pending appeal. This motion requires an emergency ruling to prevent the imminent harm of garnishment proceedings scheduled for January 10, 2025, and to allow Appellant to proceed with a Chapter 7 bankruptcy filing on January 9, 2025, if necessary. In the alternative, Appellant respectfully requests that this Court temporarily stay the judgment while it considers this motion to ensure that irreparable harm is avoided. This motion follows the denial of a similar motion in the district court.

Appellant faces irreparable harm due to wage garnishment that threatens his financial stability and ability to sustain his family. While Appellant is willing to provide detailed evidence of income, expenses, and garnishment amounts under seal or for in-camera review, it is clear that forced bankruptcy is imminent and would eliminate any possibility

of recovery for Appellees.

Appellant intends to file for Chapter 7 bankruptcy in Virginia on **January 9, 2025**, prior to the garnishment review date scheduled in Fairfax Circuit Court for January 10, 2025., a measure that will not only halt all collection activities under 11 U.S.C. § 362 but also render the judgment effectively uncollectible. See Exhibit A. Forced bankruptcy would eliminate any potential recovery for Appellees while further burdening other creditors unnecessarily., which will automatically halt all collection efforts under 11 U.S.C. § 362. This filing will effectively eliminate any potential recovery for Appellees should the appeal fail, making a stay equitable and necessary. Moreover, Appellant's garnishment rate projects repayment over a period of more than 20 years, underscoring the impracticality of continued enforcement without resolution of the appeal.

This appeal is of significant public importance, addressing open-source licensing and compliance under the GPLv3 framework. The importance is underscored by a forthcoming amicus brief from a prominent open-

source organization, demonstrating widespread interest in the appeal's outcome.

Appellant proposes an alternative security arrangement, offering structured monthly payments of $200 during the pendency of the appeal. This ensures equitable compliance while minimizing prejudice to both parties.

## II. LEGAL STANDARD

Under *Federal Rule of Appellate Procedure 8(a)(1)*, the Ninth Circuit evaluates motions to stay judgment enforcement pending appeal using the factors set forth in *Dillon v. City of Chicago*, 866 F.2d 902 (7th Cir. 1988). The five factors include:

1. The complexity of the collection process;
2. The time required to obtain judgment after appeal;
3. The confidence in the availability of funds to pay the judgment;
4. The necessity of a bond given the defendant's ability to pay; and
5. The defendant's financial situation and its impact on other creditors.

Additionally, the Ninth Circuit has recognized in *Leiva-Perez v. Holder*, 640 F.3d 962 (9th Cir. 2011), that a movant need not demonstrate "more likely than not" success on appeal, but rather a "reasonable probability" or "fair prospect" when the balance of hardships tips strongly in the movant's favor. Similarly, in *Golden Gate Restaurant Ass'n v. City & County of San Francisco*, 512 F.3d 1112 (9th Cir. 2008), the court emphasized that the balance of hardships and public interest can outweigh a lesser showing on the merits.

**III. ARGUMENT**

**A. Complexity of the Collection Process**

The ongoing garnishment of Appellant's wages reflects a straightforward collection process. However, the disproportionate burden of garnishment risks forcing Appellant into bankruptcy, which would complicate recovery efforts and eliminate Appellees' ability to recover entirely. Granting a stay would prevent unnecessary disruption while preserving Appellees' ability to collect should the appeal be denied, rather than forcing an immediate bankruptcy that would eliminate their recovery entirely.

**B. Time Required to Obtain Judgment After Appeal**

The anticipated timeline for resolving this appeal is within a reasonable period, during which Appellant's alternative payments will maintain partial compliance. A stay preserves the status quo and prevents financial harm without causing undue delay. Moreover, the impending bankruptcy filing on January 9, 2025, would halt collection efforts regardless, further mitigating any perceived prejudice to Appellees. This motion must be decided on an emergency basis to avoid unnecessary harm and to ensure Appellant's financial stability prior to the garnishment review date of January 10, 2025. Appellant is prepared to provide additional financial records, under seal or for in-camera review, to substantiate the claims of financial hardship and to clarify the practical limitations of further enforcement efforts.

**C. Availability of Funds to Pay the Judgment**

Appellant's financial situation is precarious. Current garnishment rates project over 20 years to satisfy the judgment, rendering immediate enforcement ineffective. Appellant resides in Virginia, where he and his spouse own all property and assets, including their home and bank

accounts, as tenants by the entirety. Under Virginia Code § 55.1-136(A), property held as tenants by the entirety, including both real and personal property such as bank accounts, is immune from the claims of creditors pursuing debts owed by only one spouse. Appellant and his spouse hold their home and joint bank accounts in this form, shielding these assets from enforcement efforts. This legal protection underscores the limited utility of further enforcement measures, as these jointly held assets cannot be attached to satisfy the judgment against Appellant individually. Virginia's tenancy by the entirety laws further shield joint marital assets, limiting recovery options for Appellees. These realities, combined with Appellant's anticipated bankruptcy, make additional collection efforts futile in the absence of a stay.

Moreover, under *Leiva-Perez*, a movant's inability to pay, coupled with severe hardship, supports granting a stay, especially where public interest considerations weigh heavily in favor of maintaining the status quo during the appeal.

**D. Precarious Financial Situation and Risk to Other Creditors**

Appellant's financial insolvency would jeopardize both his family's livelihood and the judgment's collectibility. Additionally, Appellant has a credit card liability of approximately $10,000, which further illustrates his overall financial strain. While the liability is not currently confirmed as joint or individual, it adds to the financial challenges already faced by Appellant. Additionally, Appellant has personal guarantees for business credit card debts related to two separate businesses, totaling approximately $1,600 for one and minimal amounts for the other. While modest, these obligations underscore that forced bankruptcy would impact other creditors beyond Neo4j, further justifying the need for equitable relief. The protections afforded by Virginia's tenancy by the entirety laws also underscore the impracticality of continued enforcement measures. Jointly held marital assets are beyond the reach of Appellees for this individual debt, and further enforcement efforts will achieve little beyond causing unnecessary hardship to Appellant and his family. Moreover, the existence of personally guaranteed business debts adds another layer of complexity and potential harm to third parties if bankruptcy is forced. Without this relief, Appellant risks losing his government security

clearance—essential for his employment—and being forced into bankruptcy, rendering any further collection efforts futile and harming both Appellees and other creditors unnecessarily.

**E. Public Interest**

The appeal addresses issues of significant public importance, particularly regarding compliance with the GPLv3 and the integrity of open-source licensing. A ruling in this case risks setting a precedent that could fundamentally undermine open-source software licenses, jeopardizing decades of collaborative work that the technology ecosystem relies upon. The forthcoming amicus brief from the Software Freedom Conservancy (SFC) underscores the broader implications of this appeal. The future of the GPLv3 and AGPLv3 frameworks—cornerstones of modern open-source software licensing—and decades of collaborative work to ensure software freedom are at stake in this appeal. A ruling in favor of Neo4j risks setting a precedent that could undermine these foundational principles, affecting not only the open-source community but also the broader technology ecosystem that depends on these licenses.

The Free Software Foundation (FSF), the copyright holder of the AGPLv3, has publicly confirmed that Neo4j's addition of the Commons Clause violated the license's terms. See Exhibit B and Opening Brief filed December 23rd, 2024.  The FSC and FSF's support underscores the significant questions raised by this appeal and the need to preserve the integrity of these licenses.

Public interest strongly favors granting a stay to ensure these critical issues are resolved without undue prejudice. Additionally, as recognized in *Golden Gate Restaurant Ass'n*, the balance of hardships and public interest can justify a stay even when the likelihood of success on appeal is moderate, provided there is a reasonable probability of success. The appeal addresses issues of significant public importance, particularly regarding compliance with the GPLv3 and the integrity of open-source licensing. Public interest strongly favors granting a stay to ensure these issues are resolved without undue prejudice.

Additionally, as recognized in *Golden Gate Restaurant Ass'n*, the balance of hardships and public interest can justify a stay even when

the likelihood of success on appeal is moderate, provided there is a reasonable probability of success.

## IV. CONCLUSION

Appellant respectfully requests that this Court:

1. Grant a stay of judgment enforcement pending appeal without bond, or;
2. Accept the proposed arrangement of $200 monthly payments as alternative security.

This relief is essential to preserving fairness and enabling appellate review without causing irreparable harm.

Respectfully submitted,

**John Mark Suhy**
Pro Se
Dated: 12/27/2024
8814 Danewood Dr
Alexandria, VA 22308
Tel: (703) 862-7780
Email: jmsuhy@gmail.com

## CERTIFICATE OF SERVICE

I, John Mark Suhy Jr, hereby certify that on this December 27, 2024, I electronically filed the foregoing motion, exhibit, and declaration with the United States

Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ John Mark Suhy Jr

John Mark Suhy Jr

8814 Danewood Dr

Alexandria, VA 22308

jmsuhy@gmail.com

703-862-7780