IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br><br>    Plaintiffs-ctr-defendants-Appellees,<br><br>v.<br><br>JOHN MARK SUHY,<br><br>    Defendant-ctr-claimant-Appellant,<br><br>and<br><br>PURETHINK LLC, a Delaware limited liability company, and IGOV, INC., a Virginia corporation,<br><br>    Defendants. | No. 24-5538<br><br>District No. 5:18-cv-07182-EJD<br>U.S. District Court for the Northern District of California<br><br>**APPELLEES' OPPOSITION TO APPELLANT JOHN MARK SUHY'S MOTION TO SUBSTITUTE PARTY** |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND ...................................2

III. ARGUMENT.......................................................................................4

    A. The Court Lacks Jurisdiction to Consider PureThink's Appeal Because PureThink did not Timely File a Notice of Appeal and Cannot Cure this Failure Through a Purported Assignment.................4

    B. The Assignment Agreement is an Untimely Sham Transaction...........6

    C. Substituting Suhy for PureThink is Improper Under Rule 43(b)..........9

IV. CONCLUSION...................................................................................10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ala. Power Co. v. ICC*,
　852 F.2d 1361, 1366 (D.C. Cir. 1988) ................................................................. 9

*AngioDynamics, Inc. v. Biolitec, Inc.*,
　775 F.3d 550 (2d Cir. 2015) ................................................................................. 9

*Bowles v. Russell*,
　551 U.S. 205 (2007) ......................................................................................... 4, 5

*Dweck v. Japan CBM Corp.*,
　877 F.2d 790, 792 (9th Cir. 1989) ....................................................................... 8

*Sable Commc'ns of Cal. Inc. v. Pac. Tel. & Tel. Co.*,
　890 F.2d 184 (9th Cir. 1989) ........................................................................... 2, 9

*Torres v. Oakland Scavenger Co.*,
　487 U.S. 312 (1988) ............................................................................................. 5

*Yokeno v. Mafnas*,
　973 F.2d 803 (9th Cir. 1992) ............................................................................... 8

**Statutes**

28 U.S.C. § 1359 ..................................................................................................... 8

28 U.S.C. § 2107(a) ............................................................................................. 1, 4

**Other Authorities**

15A C. Wright, A. Miller, & E. Cooper, Federal Practice and
　Procedure § 3901 (2d ed. 1992) ........................................................................... 5

Federal Rule of Appellate Procedure 4 ........................................................... 1, 4, 5

Rule Fed. R. App. Proc. 43(b) ................................................................. 1, 2, 9, 10

I.  **INTRODUCTION**

Plaintiffs-Appellees Neo4j, Inc. ("Neo4j USA"), and Neo4j Sweden AB ("Neo4j Sweden," collectively "Appellees") oppose the Motion to Substitute Party by Appellant John Mark Suhy ("Appellant" or "Suhy"). Suhy's attempt to use Federal Rule of Appellate Procedure Rule 43(b) (hereafter, "Rule 43(b)") to substitute himself as the real party in interest with respect to all rights and claims assigned by Defendant PureThink LLC ("PureThink") is improper for three reasons.

First, the Assignment Agreement is illegitimate and is an improper attempt to cure the jurisdictional bar imposed by 28 U.S.C. § 2107(a) and Fed. R. App. Proc. 4(a)(1) resulting from PureThink's failure to file a notice of appeal of those same rights and claims.

Second, the assignment of PureThink's rights at issue in the underlying litigation is—by Suhy's own admission in the underlying Assignment Agreement—a sham devised to evade the requirement that PureThink be represented on appeal by counsel. To be sure, the Assignment Agreement expressly states this was the intent of the assignment. The sham nature of this agreement is further evidenced by the lack of meaningful consideration given by Suhy to PureThink for the alleged assignment, and Suhy executing the assignment on both his and PureThink's behalf without having a neutral third party, such as counsel or a notary, bear witness.

1

Finally, none of the grounds stated in Suhy's motion are contemplated by Rule 43(b). This rule only permits substitution of a party where necessary, such as a transfer of interest in the company. No such transfer occurred. Instead, Suhy remains the sole owner of PureThink, and as shown by PureThink's failure to file a notice of appeal, PureThink chose to stop litigating this case. As recognized by this Court in *Sable Commc'ns of Cal. Inc. v. Pac. Tel. & Tel. Co.*, 890 F.2d 184, 191 n.13 (9th Cir. 1989), such circumstances warrant the denial of Suhy's motion.

Accordingly, Appellees respectfully request that in denying Suhy's motion, it strike the portions of the opening brief filed by Suhy that raise issues pertaining to PureThink. Appellees also respectfully request in the interest of judicial economy that the Court do so prior to the deadline for Appellees to file their answering brief.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

On August 15, 2024, the District Court issued Judgment in favor of Plaintiffs against all defendants. At that time, Suhy, PureThink LLC and iGov Inc. were represented by the same counsel of record, Adron W. Beene, Adron G. Beene, and Richard Starr.

On September 8, 2024, counsel for Suhy filed a notice of appeal on his behalf. Declaration of Jeffrey M. Ratinoff in Support of Appellee's Opposition ("Ratinoff Decl."), Ex. 1. The Notice of Appeal specifically stated that "[t]his notice of appeal

2

is intended to encompass all rulings, decisions, findings, and orders that are appealable and adverse *to John Mark Suhy*." *Id.* (emphasis added).

On September 27, 2024, Adron W. Beene and Adron G. Beene filed a motion to withdraw as counsel for Suhy, but remained counsel of record for PureThink and iGov. Ratinoff Decl., Ex. 2. The district court granted that motion as to Suhy on October 21, 2024. *Id.*, Ex. 3.

On October 23, 2024, Richard Starr filed a motion to withdraw as counsel for Suhy, but continued to represent PureThink and iGov. Ratinoff Decl., Ex. 4. The district court granted that motion as to Suhy two days later. *Id.*, Ex. 5.

On November 12, 2024, Suhy filed a Notice of Assignment of Claims with this Court, wherein he claimed

> PureThink LLC, one of the original defendants in this case, has assigned all its rights and claims related to this litigation, including but not limited to the exclusivity agreement claims, to John Mark Suhy Jr., the appellant. This assignment enables John Mark Suhy Jr. to appeal the exclusivity agreement claims specific to PureThink LLC.

Dkt Entry 7.1, ¶ 1. However, Suhy did not indicate the date when this alleged transfer occurred or any evidence that it lawfully occurred. Rather, Suhy represented that he was "prepared to submit documentation supporting this assignment upon the Court's request or as necessary to comply with procedural requirements." *Id.*, ¶ 4.

On December 23, 2024, Suhy filed his opening brief with this Court. One of the issues raised on that appeal is the district court's granting of summary judgment

3

in favor of Neo4j USA on a breach of contract counterclaim brought by PureThink against Neo4j USA. Dkt Entry 17.1 at pp. 69-73. Suhy also concurrently filed the present motion, which he is apparently relying on to raise this issue on behalf of PureThink. Attached to his motion is the purported "transfer" agreement.

**III.   ARGUMENT**

    **A.   The Court Lacks Jurisdiction to Consider PureThink's Appeal Because PureThink did not Timely File a Notice of Appeal and Cannot Cure this Failure Through a Purported Assignment**

As detailed above, Suhy filed a notice of appeal as to orders adverse only as applied to Suhy in his individual capacity. Ratinoff Decl., Ex. 1. PureThink, however, did not file a notice of appeal. As a result, PureThink forfeited its right to appeal all aspects of the Judgment, thereby rending the alleged assignment of that right to Suhy moot.

The only way for PureThink (and Suhy acting on its behalf) to obtain appellate review of the Judgment was by filing a notice of appeal within the time prescribed by law. *See* 28 U.S.C. § 2107(a) ("no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree"); *see also* Fed. R. App. Proc. 4(a)(1). These time limits are jurisdictional. *See Bowles v. Russell*, 551 U.S. 205, 209 (2007) ("The taking of an appeal in a civil case within the time prescribed by statute is 'mandatory and

4

jurisdictional.'") (citation omitted); *accord Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 315 (1988). The relevant deadlines applied to PureThink were as follows:

- August 15, 2024: the District Court issues Judgment in favor of Plaintiffs against all Defendants, including PureThink.

- September 16, 2024: the last day for PureThink to file its notice of appeal in the District Court Case expired. See F. R. A. P. 4(a)(1)(A).

- October 16, 2024: the last day for PureThink to move for extension of time to file notice of appeal. See F. R. A. P. 4(a)(5)(A).

It is indisputable that PureThink did not file a notice of appeal on or before September 16, 2024. It is also indisputable that PureThink failed to move for an extension of time to file such a notice on or before October 16, 2024. Thus, whatever rights that PureThink purportedly transferred to Suhy were lost due to this failure, thereby depriving this Court of jurisdiction to hear any appeal by or on behalf of PureThink. *Bowles*, 551 U.S. at 210 (2007), *see also* 15A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3901, p. 6 (2d ed. 1992) ("The rule is well settled that failure to file a timely notice of appeal defeats the jurisdiction of a court of appeals").

Consequently, PureThink is not a party to this appeal, and none of PureThink's claims and defenses before the trial court are properly at issue in this appeal due to its failure to file a timely notice of appeal. *See* Dkt Entry 17.1 at pp. 9, 69-73. The Court should therefore deny Suhy's motion and should strike the portions of the opening brief filed by Suhy that pertain to PureThink's claims.

5

### B. The Assignment Agreement is an Untimely Sham Transaction

Not only is the inclusion of PureThink's claims in this appeal untimely, but also Suhy's belated attempt to "assign" PureThink's rights and claims at issue in the underlying litigation is nothing more than a sham orchestrated by Suhy to get around the requirement that he cannot represent PureThink on a pro se basis. Suhy even *admits* this is the purpose of the Assignment Agreement:

> PureThink LLC wishes to assign, and John Mark Suhy Jr. wishes to accept, all rights, claims, and interests in the appeal of the exclusivity agreement and related matters, ***ensuring proper legal standing and representation***…
>
> \* \* \*
>
> This Agreement expressly confirms that [Suhy], while acting pro se, is authorized to pursue the assigned claims in his individual capacity. [Suhy] is not acting as legal counsel for PureThink LLC but as the valid assignee of the company's rights.

Dkt Entry 20.2 at p. 1 and § 3 (emphasis added).

Moreover, it appears that this sham assignment is an improper attempt to cure PureThink's aforementioned failure to timely file a notice of appeal. This is evident from the assignment allegedly occurring ***two weeks before*** counsel for Suhy and PureThink filed a notice of appeal ***only on Suhy's behalf***. *See* Ratinoff Decl., Ex. 1. Suhy's notice of appeal does not mention PureThink, any potential issues it may raise on appeal, or PureThink's alleged assignment of the right to raise those issues on appeal. Indeed, the Notice of Appeal expressly states that "This notice of appeal is intended to encompass all rulings, decisions, findings, and orders that are

6

appealable and adverse *to John Mark Suhy*." *Id.* (emphasis added). Suhy provides no legitimate explanation why there is no mention of PureThink in his notice of appeal or why PureThink failed to separately file a notice of appeal to preserve the rights it purportedly assigned to Suhy prior to that time.

Suhy also fails to provide an explanation as to why he delayed in filing the Notice of Assignment with this Court. Indeed, it is not credible for Suhy to claim "that the submission of this notice follows recent awareness of the procedural requirement for such notification," when purportedly he understood the need to execute an agreement to assign PureThink's appellate rights over two and a half months **before** filing the Notice of Assignment. *See* Dkt Entry 7.1, ¶ 1. Casting further doubt on the legitimacy of the Assignment Agreement is his failure to attach it to the Notice of Assignment. Instead of doing so, Suhy claimed that "proof" of that assignment would be forthcoming. *See id.*, ¶ 4.

Finally, the Assignment Agreement bears classic indices of a sham agreement. There is no meaningful consideration given by Suhy to PureThink for the alleged assignment. Suhy also executed the assignment on both his and PureThink's behalf without notarizing his signatures or otherwise having a neutral third-party bear witness to the agreement. Suhy and PureThink were both represented by counsel at the time it was allegedly signed on August 24, 2024. Surely, he could have had them witness the execution of the Assignment Agreement.

7

What Suhy is seeking to do is akin to entering into the collusive assignment of a claim in order to invoke the jurisdiction of a federal court. According to 28 U.S.C. § 1359, federal courts lack jurisdiction where an assignment is "improperly or collusively made" for the purpose of invoking federal jurisdiction. Assignments between companies and their officers/directors are presumptively collusive. *Yokeno v. Mafnas*, 973 F.2d 803, 809-810 (9th Cir. 1992) (recognizing that the presumption of collusion applies to an assignment between a corporation and its director) (citing *Dweck v. Japan CBM Corp.*, 877 F.2d 790, 792 (9th Cir. 1989)). The lack of any consideration exchanged is further evidence of the collusive nature of the Assignment Agreement. *Dweck*, 877 F.2d at 792-93 (assignment of breach of contract claim by corporation to one of its officers was ineffective as there was no consideration to support assignment); *accord Yokeno*, 973 F.2d at 811.

Where an assignment is presumptively collusive, the burden shifts to the party accused of collusion to present a legitimate business reason for the assignment. *Dweck*, 877 F.2d at 792. The proffered business reason must be sufficiently compelling such that the assignment would have been made absent the purpose of gaining the desired forum. *Yokeno*, 973 F.2d at 811. No such business reason is presented by Suhy, and no meaningful consideration was exchanged. On the contrary, it was for the stated purpose of evading the requirement that PureThink be represented by counsel, and as discussed above in Section III.A., to "cure"

8

PureThink's failure to meet the jurisdictional deadline to file a notice of appeal. The Court should thus disregard the Assignment Agreement as ineffective and deny Suhy's motion.

### C. Substituting Suhy for PureThink is Improper Under Rule 43(b)

Even assuming, *arguendo,* that the assignment were valid, substitution under Rule 43(b) would still be improper. Rule 43(b) permits substitution "[i]f substitution of a party ... is necessary for any reason other than death." Fed. R. App. P. 43(b). This Court recognizes that substitution of this rule "is appropriate only where 'necessary,'" which "means that a party to the suit is unable to continue [], such as where a party becomes incompetent or a transfer of interest in the company or property involved in the suit has occurred." *Sable Commc'ns of Cal. Inc. v. Pac. Tel. & Tel. Co*., 890 F.2d 184, 191 n.13 (9th Cir. 1989) (citation omitted) (*quoting Ala. Power Co. v. ICC*, 852 F.2d 1361, 1366 (D.C. Cir. 1988)). "Necessary" does not include a situation where a party decides to stop litigating. *Id.*; *see also AngioDynamics, Inc. v. Biolitec, Inc*., 775 F.3d 550, 554 (2d Cir. 2015) ("substitution under Rule 43(b) is permissible only when 'a party to the suit is unable to continue to litigate' and not when 'an original party has voluntarily chosen to stop litigating'") (citing same).

There is no evidence that the transfer of PureThink's claim was "necessary" as contemplated by Rule 43(b). No transfer of ownership of PureThink to a third

9

party occurred prior to the alleged execution of the Assignment Agreement. To the contrary, on October 23, 2024, Suhy filed a motion to stay enforcement of the Judgment only as to himself pending appeal in his home state of Virgina. Ratinoff Decl., Ex. 6. Suhy went as far as to argue that "[Neo4j USA] will still be able to pursue collection efforts against [Suhy's] two companies, PureThink and iGov, which are not requesting a stay." *Id.*

Suhy also neither explains PureThink's failure to file a notice of appeal, nor why PureThink's claims and defenses were omitted from Suhy's notice of appeal. The simple fact is that PureThink chose to stop litigating this case by not timely filing a notice of appeal. As discussed above, Suhy is improperly seeking to work around the resulting jurisdictional bar and is seeking to evade the requirement that PureThink be represented by counsel before this Court. Neither is a legitimate basis under Rule 43(b) to substitute Suhy as a real party in interest for PureThink.

## IV. CONCLUSION

For the foregoing reasons, Appellees respectfully request that this Court deny Suhy's Motion for Leave to Substitute Party. Appellees also respectfully request that in denying Suhy's motion, it strike the portions of the opening brief filed by Suhy that raise issues that pertain to PureThink's claims prior to the deadline for Appellees to file their answering brief.

10

Dated:  December 30, 2024  Respectfully submitted,

*/s/ Jeffrey M. Ratinoff*
Jeremy A. Moseley (MT Bar #44830177)
**SPENCER FANE LLP**
1700 Lincoln Street, Suite 2000
Denver, Colorado  80203
Telephone:  303.839.3800
Facsimile:  303.839.3838
Email:      jmoseley@spencerfane.com

John V. Picone (CA Bar #187226)
Jeffrey M. Ratinoff (CA Bar #197241)
**SPENCER FANE LLP**
225 West Santa Clara Street
Suite 1500
San Jose, CA 95113
Telephone:  408.286.5100
Facsimile:  408.286.5722
Email:      jpicone@spencerfane.com
            jratinoff@spencerfane.com

Attorneys for Plaintiffs-Appellees NEO4J, INC., and NEO4J SWEDEN AB

11

**CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on December 30, 2024, I electronically filed the foregoing **NEO4J, INC. and NEO4J SWEDEN AB'S OPPOSITION TO JOHN MARK SUHY'S MOTION TO SUBSTITUTE PARTY** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

>**John Mark Suhy**
>jmsuhy@gmail.com
>
>**Rick Sanders**
>rick@sfconservancy.org

>*/s/  Jeffrey M. Ratinoff*
>Jeffrey M. Ratinoff

1