IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

Case No.: 24-5538

NEO4J, INC., et al., Plaintiffs-Appellees,

v.

JOHN MARK SUHY, Defendant-Appellant.

**DEFENDANT-APPELLANT'S REPLY IN SUPPORT OF EMERGENCY MOTION TO STAY GARNISHMENT OF SALARY PENDING APPEAL**

I, John Mark Suhy, respectfully submit this reply in support of my emergency motion to stay wage garnishment pending appeal. This reply clarifies that the sole relief I seek is a stay of garnishment actions against my salary, not a stay of other judgment enforcement actions, such as levies on bank accounts or other assets. By focusing on this limited request, I address the opposition's key concerns while demonstrating that the balance of equities strongly favors the requested relief.

**I. LIMITED SCOPE OF RELIEF REQUESTED**

Neo4j's opposition largely argues against a broad stay of all judgment enforcement and relies on allegations regarding asset transfers and

financial obfuscation. However, my motion narrowly seeks to stay wage garnishment, as ongoing wage garnishment threatens my financial stability and ability to support my family. This targeted relief would maintain the status quo while avoiding irreparable harm to me and my family without jeopardizing Neo4j's broader ability to collect on the judgment after appeal. Additionally, I request that the Court grant an emergency temporary stay of garnishment actions until it has ruled on this motion to prevent immediate hardship and preserve the status quo.

## II. GARNISHMENT IMPOSES DISPROPORTIONATE HARDSHIP

Neo4j's garnishment action would yield approximately $3,000 per month, a sum insignificant to a multi-billion-dollar company but devastating to my family's financial stability as I am the primary breadwinner. At this rate, it would take nearly 20 years to satisfy the judgment, an outcome that underscores the disproportionate burden imposed on me and my family compared to the minimal benefit it provides Neo4j. This arrangement jeopardizes my ability to meet basic living expenses and will force me into Chapter 7 bankruptcy — a

scenario that would automatically stay all judgment enforcement under 11 U.S.C. § 362 and render the judgment effectively uncollectible. Additionally, declaring bankruptcy would jeopardize my security clearance, which is essential for my employment. Without this clearance, I could lose my job, further exacerbating my financial challenges and rendering the judgment even more difficult to satisfy. Avoiding this outcome aligns with the court's equitable considerations and ensures a more practical path for Neo4j to recover its judgment in the future.

## III. INCORRECT TESTIMONY AND DISTORTIONS OF FACT

Neo4j's opposition is fueled by incorrect testimony and exaggerated allegations, all designed to silence a direct competitor that offers free and open-source alternatives to Neo4j. Their claims of receiving money and transferring contracts are unsupported and based on deposition testimony that I dispute. Additionally, the sale of our previous home was a standard transaction undertaken to purchase another residence. Both properties were and are owned by my wife and me as tenants by the entirety under Virginia law, making them legally protected from

judgment enforcement. These transactions are irrelevant to the issue of ongoing wage garnishment and should not detract from the relief sought here.

Neo4j's opposition is fueled by incorrect testimony and exaggerated allegations, all designed to silence a direct competitor that offers free and open-source alternatives to its software. Their claims of receiving money and transferring contracts are unsupported and based on deposition testimony that I dispute. Neo4j's accusation that I "removed" its copyright management information stems from its own flawed addition of the Commons Clause to AGPL-licensed files, which the Free Software Foundation's preamble requires to remain verbatim. This issue is central to the Ninth Circuit appeal and has prompted the open-source community to submit an amicus brief highlighting the broader implications at stake.

## IV. THE DILLON FACTORS SUPPORT A LIMITED STAY

1. **Complexity of Collection Process**: Staying wage garnishment does not preclude Neo4j from pursuing other collection avenues

post-appeal. This focused relief simplifies the court's consideration while maintaining Neo4j's broader judgment rights.

2. **Time Required to Obtain Judgment Post-Appeal**: A stay preserves the status quo during the appeal's resolution, avoiding undue hardship to me without prejudicing Neo4j's interests.

3. **Confidence in Ability to Pay**: Wage garnishment significantly impacts my financial survival, threatening my employment and long-term viability. Granting a stay prevents undue harm without diminishing Neo4j's ultimate ability to collect.

4. **Necessity of a Bond**: The limited nature of the requested stay reduces the need for a bond, as garnishment actions are a specific subset of judgment enforcement. Neo4j's rights remain preserved.

5. **Risk to Other Creditors**: A stay minimizes harm to other creditors and avoids disrupting my financial stability, which garnishment would threaten unnecessarily.

## V. PUBLIC INTEREST CONSIDERATIONS

This appeal addresses significant issues concerning open-source licensing and compliance with the AGPL and GPL frameworks. Staying

garnishment allows me to focus on pursuing the appeal's resolution without undue hardship, maintaining the public interest in resolving these important legal questions.

## VI. CONCLUSION

For these reasons, I respectfully request that this Court grant an emergency stay of garnishment actions against my salary pending appeal. Additionally, I ask that the Court implement a temporary stay of garnishment until it has ruled on this motion to ensure that no immediate harm occurs. This limited relief preserves the equities while maintaining Neo4j's ability to collect on the judgment after appeal, ensuring a fair and balanced outcome.

Respectfully submitted,

/s/ John Mark Suhy Jr
John Mark Suhy Jr  Pro Se
Dated: January 6, 2025
8814 Danewood Dr
Alexandria, VA 22308
Tel: (703) 862-7780
Email: jmsuhy@gmail.com

## CERTIFICATE OF SERVICE

I, John Mark Suhy Jr, hereby certify that on this January 6, 2025, I electronically filed the foregoing motion with the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ John Mark Suhy Jr
John Mark Suhy Jr  Pro Se
8814 Danewood Dr
Alexandria, VA 22308
Tel: (703) 862-7780
Email: jmsuhy@gmail.com