IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

Case No.: 24-5538

NEO4J, INC., et al., Plaintiffs-Appellees,

v.

JOHN MARK SUHY, Defendant-Appellant.

**REPLY TO APPELLEES' OPPOSITION TO MOTION TO SUBSTITUTE PARTY**

I, John Mark Suhy Jr, am the pro se Appellant and respectfully submit this Reply to the Opposition (DktEntry 25.1) filed by Plaintiffs-Appellees regarding my Motion to Substitute Party under Federal Rule of Appellate Procedure 43(b).

**I. INTRODUCTION**

Appellees oppose my substitution for PureThink LLC ("PureThink") on three grounds:

1. They argue that PureThink did not file its own notice of appeal;
2. They claim the Assignment Agreement is a "sham" intended to circumvent jurisdictional and counsel requirements; and

   3. They assert that Rule 43(b) does not allow the requested substitution.

These arguments disregard the valid transfer of PureThink's interests to me **before I even filed my notice of appeal**. I was the sole officer/employee at PureThink who created the "government edition" at the center of this dispute, and I hold all rights to the claims at issue. Initially, I did not realize that a formal motion to substitute was required. Once I discovered this procedural step through my research as a pro se litigant, I promptly sought to clarify that I own and may assert these claims in my individual capacity. Because the assignment predates my notice of appeal—and I filed that notice in a timely manner—substitution under FRAP 43(b) is both necessary and proper.

## II. ARGUMENT

### A. The Court Has Jurisdiction Over the Assigned Claims

#### 1. I Am Not "Reviving" PureThink's Separate Appeal

Appellees argue that PureThink was required to file its own notice of appeal by a particular deadline, insinuating a jurisdictional defect.

However, PureThink assigned its interests to me **prior to** my filing of the notice of appeal on September 8, 2024. Once the claims belonged to me, it was my notice of appeal—and not PureThink's—that governed. I subsequently informed the Court of this assignment on November 12, 2024 (DktEntry 7.1). Because I had already acquired all claims before lodging my appeal, there is no "failure to file" issue. The claims became mine, and I timely appealed them.

### 2. My Notice of Appeal Covers the Claims I Own

My September 8, 2024 notice was not limited to a narrow subset of issues; I was already the rightful owner of PureThink's claims at that time. Courts generally do not penalize the assignee for the assignor's non-filing when the assignee is the real party in interest and apprises the court of the transfer. Once I recognized a formal motion to substitute might be required, I quickly moved to confirm my status as the owner of these claims.

## B. The Assignment Is Valid, Not a "Sham"

### 1. Legitimate Purpose and Timing

Appellees' suggestion that the assignment is a ploy to dodge representation or jurisdictional pitfalls is meritless. I was the one who personally developed the "government edition," so I am the individual most affected by these claims. Because the assignment occurred prior to my filing of the notice of appeal, I did not attempt to "fix" anything after the fact. Instead, I ensured that legal ownership would align with the reality that I am the one who has a personal and direct stake in the outcome.

## 2. No Collusive or Improper Motive

An assignment between a sole director/officer and his own company does not automatically become collusive. The Ninth Circuit recognizes that such assignments can be legitimate if there is a proper reason—here, to allow the individual actually responsible for the at-issue work to own and pursue the claims. Appellees do not show any prejudice or fraud. I am not representing PureThink pro se; I am prosecuting my own claims, now validly assigned to me.

## 3. Consideration and Formalities

Courts have recognized that assignments between closely related parties, such as a sole director and their company, require scrutiny for collusion. The Ninth Circuit in *Yokeno v. Mafnas*, 973 F.2d 803, 811 (9th Cir. 1992), emphasized that assignments must have legitimate consideration and purpose, but they do not necessarily require a notary or monetary payment. Instead, courts look to the totality of circumstances, including whether the assignment reflects a valid business purpose and the consideration provided. In this case, assuming all litigation risks satisfies the requirement for adequate consideration, as it reflects a genuine and enforceable transfer of interest. The assignment fully aligns with my role as the real party in interest responsible for these claims.

## C. Substitution Under Rule 43(b) Is Appropriate

### 1. Rule 43(b) Allows Substitution After a Transfer of Interest

Federal Rule of Appellate Procedure 43(b) explicitly addresses scenarios in which a party's interest transfers after a notice of appeal. PureThink assigned its entire interest to me before I appealed. Consequently, I stand in the shoes of the original party for

purposes of these claims. Appellees' references to cases where a party simply refused to appeal or failed to perfect an appeal are off-point; I timely and properly perfected my own appeal for the claims I owned at the time.

## 2. I Am the Real Party in Interest

By virtue of the assignment, I solely own these claims. Under longstanding rules requiring that litigation be brought by the real party in interest, the Court should allow me to proceed. Since I am not representing PureThink but rather my own assigned claims, there is no issue of pro se representation for a corporate entity.

## 3. No Prejudice to Appellees

Appellees identify no genuine prejudice resulting from my pursuit of claims that I undisputedly own. The issues remain the same; discovery is closed; and the merits of the case have not changed. The Ninth Circuit favors resolving matters on the merits in the absence of demonstrable harm to opposing parties.

## D. Explanation for the Timing of the Motion to Substitute

As a pro se litigant, I diligently researched procedural requirements but initially misunderstood that a formal motion to substitute was required after the assignment. Once I discovered this procedural necessity, I promptly filed the motion to ensure compliance with Rule 43(b). The assignment itself occurred well before my filing of the notice of appeal, demonstrating my good faith in ensuring the proper party pursued the claims. Delays in procedural filings are not uncommon for pro se litigants and should not bar valid claims, especially when no harm to the opposing party is shown.

**E. Willingness to Provide Further Evidence**

To the extent that the Court seeks additional evidence regarding the assignment, I stand ready to provide further documentation or sworn declarations to clarify the legitimacy and timing of the transfer. This demonstrates my commitment to full transparency and compliance with procedural requirements.

**III. CONCLUSION**

For these reasons, I respectfully request that the Court:

1. Grant my Motion to Substitute Party under FRAP 43(b), recognizing me as the real party in interest;

2. Deny Appellees' request to strike any arguments in my Opening Brief related to the assigned claims; and

3. Allow me to proceed on the merits of this appeal as the sole owner of the claims originally held by PureThink.

/s/ John Mark Suhy Jr
John Mark Suhy Jr  Pro Se
Dated: January 6, 2025
8814 Danewood Dr
Alexandria, VA 22308
Tel: (703) 862-7780
Email: jmsuhy@gmail.com

## CERTIFICATE OF SERVICE

I, John Mark Suhy Jr, hereby certify that on this January 6, 2025, I electronically filed the foregoing motion with the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ John Mark Suhy Jr
John Mark Suhy Jr  Pro Se
8814 Danewood Dr
Alexandria, VA 22308
Tel: (703) 862-7780
Email: jmsuhy@gmail.com