24-5538-CV

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

NEO4J, INC., ET AL.,

*Plaintiffs-Appellees,*

v.

SUHY, ET AL.,

*Defendants-Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA.

_____

**MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF BY SOFTWARE CONSERVANCY, INC. IN SUPPORT OF DEFENDANTS-APPELLANTS**

_____

Aaron Williamson
Williamson Legal PLLC
1421 18th Ave. N
St. Petersburg, FL 33704
+1-773-727-8363

Richard G. Sanders
Software Freedom Conservancy, Inc.
1831 12th Ave. S., Ste. 164
Nashville, TN 37203
+1-615-734-0770

*Attorneys for Amicus Curiae*
*Software Freedom Conservancy, Inc.*

Software Freedom Conservancy, Inc. ("SFC") respectfully moves for leave to file the accompanying *amicus curiae* brief in support of the Defendants-Appellants.

SFC is a Section 501(c)(3) nonprofit that, for over a decade has, advocated for software freedom. Software freedom is perhaps best described by four fundamental freedoms: to run software for any purpose, to study and modify software, to redistribute software, and to share the modified versions of software. This freedom relies on the public's ability to access, modify, and share the software's "source code" because, for all practical purposes, it may only be analyzed and modified through its source code. As part of its mission, SFC fosters free and open source software ("FOSS") projects, serving as the fiscal sponsor for over three dozen such projects.

Software freedom and FOSS projects are made possible by "copyleft" software licenses, which are crafted to ensure that software remains free. The best-known, and perhaps most important, "copyleft" software licenses are the GNU General Public Licenses family of licenses ("GPLs"). Most of SFC's FOSS projects rely on one or more of the GPLs, including the GPL at issue in this case, the GNU Affero General Public License version 3 ("AGPL").

Sometimes, a software producer tries to distribute software under a modified version of a GPL. There is a danger that such modifications will restrict software

1

freedoms guaranteed by the GPLs. Several of the GPLs, therefore, including the AGPL, however, give licensees the right to remove most provisions that restrict the licensees' rights under the GPL. In this case, however, the district court interpreted the AGPL to limit that right in a way that, in SFC's view, reads the right out of the license agreement and thus weakens software freedom. Since this right is found in many other GPLs, SFC is concerned that if left to stand, this ruling will damage the entire edifice of software freedom built on the GPLs.

This motion is timely. The Defendants-Appellants and the Plaintiffs-Appellees have consented to an extension of time, through and including January 10, 2025, to file this motion. SFC timely filed an Unopposed Motion for Extension of Time (D.E. 23) on December 27, 2024, requesting such relief.

SFC has sought the consent of the parties to this matter to file an *amicus curiae* brief. Defendants-Appellants have so consented, but Plaintiffs-Appellees have not. To the extent that Plaintiffs-Appellees believe that this brief can is futile because this Court has already affirmed the lower court's interpretation of the AGPL provisions discussed therein, this view is mistaken. The Court's prior memorandum opinion in this case affirmed the lower court's granting of a preliminary injunction to the Plaintiffs-Appellees. But "[i]n general … our decisions at the preliminary injunction phase do not constitute the law of the case." *Ctr. for Biological Diversity v. Salazar*, 706 F.3d 1085, 1090 (9th Cir. 2013).

2

Although there are exceptions to this rule, they are narrow and present a high bar that SFC does not believe the prior Memorandum Opinion clears.

Therefore, for the foregoing reasons, this motion for leave should be granted and SFC permitted to file the accompanying *amicus curiae* brief in this matter.

Dated: Jan. 10, 2025
St. Petersburg, FL

Respectfully submitted,

\_\_\_\_\_s/Aaron Williamson\_\_\_\_

Aaron Williamson
Williamson Legal PLLC
Attorney for Software Freedom Conservancy, Inc.
1421 18th Ave. N
St. Petersburg, FL 33704
+1-773-727-8363

3

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion uses a proportionately-spaced, 14-point font and contains 520 words according to the count of the word processing program used to compose this motion. It therefore complies with FRAP 27(d)(1)(D), (E) & (2)(A) and with Circuit Rule 27-1.

/s/ Aaron Williamson

Counsel for *Amicus Curiae* Software Freedom Conservancy, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using ACMS on January 10, 2025.

All participants in the case are registered ACMS users and will be served by ACMS.

Dated: January 10, 2025          \_\_\_\_\_s/Aaron Williamson\_\_\_\_
St. Petersburg, FL               Aaron Williamson
                                 Williamson Legal PLLC
                                 Attorney for Software Freedom
                                 Conservancy, Inc.
                                 1421 18th Ave. N
                                 St. Petersburg, FL 33704

                                 +1-773-727-8363

5