IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br><br>        Plaintiffs-ctr-defendants-Appellees,<br><br>v.<br><br>JOHN MARK SUHY,<br><br>        Defendant-ctr-claimant-Appellant.<br>and<br><br>PURETHINK, LLC, a Delaware limited liability company; and IGOV, INC., a Virginia corporation,<br><br>        Defendants. | No. 24-5538<br><br>District No. 5:18-cv-07182-EJD<br>U.S. District Court for the Northern District of California<br><br><br>**APPELLEES' OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF BY SOFTWARE FREEDOM CONSERVANCY, INC. IN SUPPORT OF DEFENDANTS-APPELLANTS** |

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     INTRODUCTION ...................................................................................1

II.    FACTUAL AND PROCEDURAL BACKGROUND .....................................2

      A.    Appellees' Business and Graph Database Software .............................2

      B.    Suhy's Violations of the Lanham Act and DMCA ..............................4

      C.    The Trial Court Grants Partial Summary Judgment on Neo4j
           USA's False Advertising Claims ........................................................5

      D.    This Court Affirms the Trial Courts' Interpretation of the Neo4j
           Sweden Software License ....................................................................7

      E.    The Trial Court Excludes the SFC's Resident "Expert" on the
           Interpretation of the Neo4j Sweden Software License and
           AGPL................................................................................................8

      F.    The Trial Court Grants Appellee's Second Summary Judgment
           Motion on their DMCA Claim ............................................................9

      G.    Suhy Seeks to Relitigate the Interpretation of the Neo4j Sweden
           Software License in the Present Appeal..............................................9

      H.    The SFC Files a Proposed Amicus Brief Seeking to Relitigate
           the Trial Court's Interpretation of Sections 7 and 10 of the
           Neo4j Sweden Software License........................................................10

III.   ARGUMENT.....................................................................................11

      A.    The Issues Raised in SFC's Proposed Amicus Brief are
           Irrelevant.........................................................................................11

           1.    Suhy's Subsequent Admissions at Trial Negate Any
                Argument that the Court Erred on Summary Judgment ...........11

           2.    The SFC Seeks to Reargue Legal Issues Previously
                 Raised by Suhy on Appeal and Affirmed by the Ninth
                Circuit......................................................................................12

i

3.    The SFC's View on Neo4j Sweden's Intent are Irrelevant ......15

4.    The SFC Improperly Speculates on the Intent of the FSF........17

B.    The SFC Fails to Meet the Criteria for Amicus Curiae ......................19

IV.   CONCLUSION................................................................................20

ii

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Altera Corp. v. Clear Logic, Inc.*,
  424 F.3d 1079 (9th Cir. 2005) .................................................................16

*Apple Inc. v. Psystar Corp.*,
  658 F.3d 1150 (9th Cir. 2011) ................................................................16

*Ctr. for Biological Diversity v. Salazar*,
  706 F.3d 1085 (9th Cir. 2013) ..........................................................13, 14

*Fikre v. Fed. Bureau of Investigation*,
  35 F.4th 762 (9th Cir. 2022), *aff'd*, 601 U.S. 234 (2024) ............................13, 15

*Herrington v. County of Sonoma*,
  12 F.3d 901 (9th Cir. 1993) .................................................................13

*Jacobsen v. Katzer*,
  535 F.3d 1373, 1381 (Fed. Cir. 2008) ................................................16

*JW Gaming Dev., LLC v. James*,
  2020 WL 353536 (N.D. Cal. Jan. 21, 2020)......................................15

*Leslie Salt Co. v. United States*,
  55 F.3d 1388 (9th Cir. 1995) ...............................................................15

*Micro Star v. Formgen Inc.*,
  154 F.3d 1107 (9th Cir. 1998) .............................................................17

*Miller-Wohl Co., Inc. v. Comm'r of Labor and Indus. State of Mont.*,
  694 F.2d 203 (9th Cir. 1982) ...............................................................19

*Minden Pictures, Inc. v. John Wiley & Sons, Inc.*,
  795 F.3d 997 (9th Cir. 2015) ...............................................................17

*Neo4j, Inc. v. Graph Found., Inc.*,
  No. 5:19-CV-06226-EJD, 2020 WL 6700480 (N.D. Cal. Nov. 13,
  2020) ................................................................................................6, 18

iii

*Neo4j, Inc. v. PureThink, LLC,*
No. 5:18-CV-07182-EJD, 2021 WL 2483778, at *1 (N.D. Cal.
May 18, 2021), *aff'd*, No. 21-16029, 2022 WL 501120 (9th Cir.
Feb. 18, 2022), *amended on denial of reh'g*, No. 21-16029, 2022
WL 781037 (9th Cir. Mar. 14, 2022)......................................................................5

*Storm Impact, Inc. v. Software of the Month Club,*
44 U.S.P.Q.2d 1441, 1997 WL 566378 (N.D. Ill. 1997)...................................17

*United States v. King Features Ent., Inc.,*
843 F.2d 394 (9th Cir. 1988) .............................................................................14

**Statutes**

15 U.S.C. § 1114 ................................................................................................5

15 U.S.C. § 1125 ................................................................................................5

17 U.S.C. § 501 ...............................................................................................17

17 U.S.C. § 1202 ...........................................................................................6, 9

Cal. Civ. Code § 1638 .....................................................................................15

Cal. Civ. Code § 1639 .....................................................................................15

**Other Authorities**

Ninth Circuit Rule 36-3.............................................................................*passim*

iv

SJ 2170867.3

## I.    INTRODUCTION

Plaintiffs-Appellees Neo4j, Inc. ("Neo4j USA"), and Neo4j Sweden AB ("Neo4j Sweden," collectively "Appellees") respectfully oppose the Motion for Leave to File Amicus Brief by the Software Freedom Conservancy in Support of Appellant John Mark Suhy ("Appellant" or "Suhy").  Suhy contends on his appeal that the trial court erred in determining on summary judgment that he violated the Lanham Act and DMCA by removing the Commons Clause, a commercial restriction from the Neo4j Sweden Software License, which governed the use of Neo4j® Enterprise Edition graph database software ("Neo4j® EE").  In support, Suhy argues that Sections 7 and 10 of that license allowed him to remove those restrictions and redistribute Neo4j® EE as free open source.  The SFC's proposed amicus brief mirror Suhy's arguments that the trial court erred, and as a result, is neither helpful to the Court nor relevant to Suhy's appeal for at least three reasons.

First, Suhy's appeal is moot given his subsequent stipulated admission at trial that he knowingly distributed Neo4j® EE without the Commons Clause with the understanding that it would result in copyright infringement.  This admission negates the need for this Court to consider any argument from the SFC (and Suhy) on the interpretation of the Neo4j Sweden Software License.

Second, the SFC's brief runs afoul with the law of the case doctrine.  Suhy previously appealed the trial court's granting of summary judgment on Appellees'

1

Lanham Act claims wherein he argued that the trial court erred in interpreting Sections 7 and 10. This Court affirmed the trial court's interpretation and expressly stated that such findings were law of the case pursuant to Ninth Circuit Rule 36-3. Consequently, SFC cannot seek to relitigate the interpretation of the Neo4j Sweden Software License as amicus curiae.

Third, the SFC's third-party views on the interpretation and intent of the Neo4j Sweden Software License are irrelevant. In the context of software licenses, courts give effect to the intent of the copyright holder and licensor of the software, including limitations on the commercialization thereof. Consequently, SFC's arguments regarding the propriety of Appellees' inclusion of commercial restrictions in its own software license are immaterial.

Finally, the SFC does not meet the definition of amicus curiae. The SFC sought to have one of its employees testify at trial on interpretation of the Neo4j Software License. The trial court excluded his opinions based on the law of the case, and on the grounds of hearsay and that the interpretation of the license was a question of law. This Court should not permit the SFC to introduce that excluded expert opinion, and to act as an advocate on behalf of Suhy under the guise of amicus curiae.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Appellees' Business and Graph Database Software

Neo4j USA markets and sells its graph database platform under the federally

2

registered "NEO4J" trademark ("NEO4J Mark"). Declaration of Jeffrey M. Ratinoff ("Ratinoff Decl."), Ex. 1 (the "First MSJ Order") at 2:8-26. Neo4j Sweden is a wholly owned subsidiary of Neo4j USA that owns all copyrights relating to the Appellees' graph database platform ("Neo4j® Software"). *Id.* at 2:16-18. Neo4j Sweden has licensed those copyrights to Neo4j USA, which includes the exclusive right to sell commercial subscriptions in the United States. *Id.*

Appellees historically offered a free and open-source version of their Neo4j®-branded software called Neo4j Community Edition ("Neo4j® CE"), subject to the GNU General Public License ("GPL"). First MSJ Order at 3:1-5. Appellees also offered a more robust commercial version, which included additional advanced features and support services, known as the Neo4j® Enterprise Edition (hereafter referred to as "Neo4j® EE"). *Id.* at 3:5-7; Ratinoff Decl., Ex. 8 at ¶¶ 5-6.

Appellees originally offered Neo4j® EE under both a paid-for commercial license and for free under the GNU Affero General Public License, version 3 (hereafter referred to as the "AGPL").[1] First MSJ Order at 3:5-8. In May 2018, Neo4j Sweden released Neo4j® EE v3.4, which included terms of the AGPL and additional commercial restrictions provided by the Commons Clause (hereafter, the "Neo4j Sweden Software License" or "NSSL"). *Id.* at 3:9-12, 5:24-26. The

---

[1] The AGPL was originally drafted and released for public use by the Free Software Foundation ("FSF").

3

SJ 2170867.3

Commons Clause prohibited the non-paying public from engaging in commercial resale and support services for Neo4j® EE. *Id.* at 3:12-13, 5:26-6:1.

In November 2018, Neo4j Sweden released Neo4j® EE 3.5 solely under a commercial license and none of its source code was made publicly available. First MSJ Order at 6:18-21. Prior to doing so, however, it released a beta version where 182 source code files were released under the Neo4j Sweden Software License. *Id.*

### B.       Suhy's Violations of the Lanham Act and DMCA

Suhy used the source code of Neo4j® EE v3.4, which was openly available subject to the Neo4j Sweden Software License, to create what he called "ONgDB" graph database software. First MSJ Order at 6:2-11. In doing so, Suhy replaced the Neo4j Sweden Software License with a generic copy of the AGPL. After Appellees released Neo4j® EE v3.5 solely under a commercial license, Suhy created ONgDB v3.5, which contained the 182 source code files that had only been released under the Neo4j Sweden Software License in the beta version of Neo4j® EE 3.5. *Id.* at 6:18-23. Suhy again replaced the Neo4j Sweden Software License governing those source code files with a generic copy of the AGPL. *Id.*

By replacing the Neo4j Sweden Software License with the AGPL, Suhy removed legal notices identifying Neo4j Sweden as the copyright holder and licensor of the source code. First MSJ Order at 6:24-26. This also removed the Commons Clause, thereby allowing Suhy to offer commercial support services for users who

4

adopted ONgDB for free instead of paying for a license to Neo4j® EE. *Id.* In furtherance of this scheme, Suhy falsely advertised ONgDB as a "free and open source" version of Neo4j® EE and a "drop in replacement" for the same. *See, e.g.,* First MSJ Order at 6:26-7:11; *see also* Dkt. Entry 14.12 at ¶¶ 14-15.

### C.     The Trial Court Grants Partial Summary Judgment on Neo4j USA's False Advertising Claims

On May 18, 2020, the trial court granted summary judgment in favor of Neo4j USA on its trademark infringement claims asserted pursuant to 15 U.S.C. §§ 1114(1) and 1125(a), and its false advertising and false designation of origin claims asserted pursuant to 15 U.S.C. § 1125(a). *See Neo4j, Inc. v. PureThink, LLC,* No. 5:18-CV-07182-EJD, 2021 WL 2483778, at *1 (N.D. Cal. May 18, 2021), *aff'd*, No. 21-16029, 2022 WL 501120 (9th Cir. Feb. 18, 2022), *amended on denial of reh'g*, No. 21-16029, 2022 WL 781037 (9th Cir. Mar. 14, 2022). Relevant to the present motion is the trial court's findings that Suhy violated Section 1125(a) by falsely advertising ONgDB as a "free and open source" alternative to commercially licensed Neo4j® EE. First MSJ Order at 22:22-30:13.

In arguing the motion, the parties agreed that the truth or falsity of these statements hinged on the legal interpretation of Sections 7 and 10 of the Neo4j Sweden Software License and Suhy's right to remove the Commons Clause from the Neo4j Sweden Software License. First MSJ Order at 24:7-15. The trial court held that statements that ONgDB was a "free and open source" version of Neo4j®

5

EE were literally false. First MSJ Order at 24:16-25:19. In doing so, it rejected

Suhy's interpretation of Sections 7 and 10 of the Neo4j Sweden Software License:

> Neither of the two provisions in the form AGPLv3 that Defendants point to give licensees the right to remove [the Commons Clause]. Section 10 of the AGPLv3, which is incorporated into the Neo4J Sweden Software License, states: "You may not impose any further restrictions on the exercise of rights granted or affirmed under this License." . . . Section 7 states: "[i]f the Program as you received it, or any part of it, contains a notice stating that it is governed by this License along with a term that is a further restriction, you may remove that term." [] Defendants argue that these provisions mean that "there can be no liability for removing the further licensing restrictions which Neo4j incorporated into the license," namely the Commons Clause. [] As Plaintiffs point out, however, the AGPLv3 defines "you" as the licensee, not the licensor. Ex. 1 at § 0 ("Each licensee is addressed as 'you'"). Thus, read correctly, Sections 7 and 10 prohibit a licensee from imposing further restrictions, but do not prohibit a licensor from doing so.

First MSJ Order at 24:16-25:12 (*quoting Neo4j, Inc. v. Graph Found., Inc.*, No. 5:19-

CV-06226-EJD, 2020 WL 6700480, at *4 (N.D. Cal. Nov. 13, 2020)).[2] The trial

---

[2] *Neo4j, Inc. v. Graph Found., Inc.* was a related action filed by Appellees against Graph Foundation, Inc. and two of its affiliates (collectively, "GFI") for identical violations of the Lanham Act and DMCA. GFI filed a motion to dismiss the DMCA claim based on the same interpretation of Sections 7 and 10 of the Neo4j Sweden Software License asserted by Suhy in the present matter. Appellees subsequently filed their first motion for summary judgment on a consolidated basis. Before the motion was fully briefed, the GFI Defendants reached a settlement with Appellees, which lead to the district court entering a stipulated judgment in February 2021. *See* Ratinoff Decl., Ex. 9. Notably, the GFI Defendants declared and affirmed that the inclusion of the Common Clause in the NSSL was proper, and the removal thereof violated Section 1202(b) of the DMCA. *See id.* at ¶ 5. The SFC's asserted position is also inconsistent with this ***final judgment***.

6

court also imposed a preliminary injunction against Defendants prohibiting further unlawful conduct, including falsely advertising ONgDB as a "free and open source" version of Neo4j® EE. *Id.* at 34:26-36:5.

### D. This Court Affirms the Trial Courts' Interpretation of the Neo4j Sweden Software License

Due to the trial court issuing a preliminary injunction, Suhy sought immediate review of the underlying findings on summary judgment. Suhy argued, *inter alia*, the trial court erred in finding that Sections 7 and 10 of the Neo4j Sweden Software License prohibited him from removing the Commons Clause as a "further restriction." *See, e.g.,* Ratinoff Decl., Ex. 4 at 36-40.

On February 18, 2022, this Court issued a Memorandum Opinion affirming the 1st MSJ Order and the Preliminary Injunction. Ratinoff Decl., Ex. 2. It subsequently denied Suhy's petition for a rehearing and amended that opinion, warning that "[n]o future petitions for rehearing or rehearing en banc will be entertained." *Id.,* Ex. 3. In particular, this Court expressly affirmed that Defendants'

> [r]epresentation that ONgDB is a "free and open-source" version of Neo4j® EE was literally false, because Section 7 of the Sweden Software License only permits a downstream licensee to remove "further restrictions" added by an upstream licensee to the original work.

*Id.*, Ex. 3 at p. 4 of 6. This Court further indicated that the Memorandum Opinion was precedential "as provided by Ninth Circuit Rule 36-3." *Id.* at p. 3 of 6, fn *.

7

**E.    The Trial Court Excludes the SFC's Resident "Expert" on the Interpretation of the Neo4j Sweden Software License and AGPL**

After this Court remanded the case to the trial court, the parties completed fact and expert discovery.  Prior to trial, Suhy disclosed Bradley Kuhn, an employee at the SFC holding the title of a "Policy Fellow and Hacker-in-Residence," to testify as an expert witness on a pro bono basis.  Ratinoff Decl., Ex. 7 at ¶¶ 2-4.  Mr. Kuhn opined on the propriety of Suhy's removal of the Commons Clause from the Neo4j Sweden Software License and redistribution of the Neo4j software under the AGPL with the Commons Clause removed.  *See id.*

Appellees moved to strike Mr. Kuhn's report and exclude him from testifying on the opinions therein.  Dkt Entry 14-7 at 8:22-11:26.  In granting the motion, the trial court agreed that Mr. Kuhn's opinion was irrelevant for two reasons.  First, the law of the case doctrine prohibited Suhy from relitigating the issue of whether the Neo4j Sweden could add more restrictive terms to the AGPL and whether downstream licensees/users, such as Suhy, could not remove those terms.  *Id.* at 9:1-10:17.  Second, Mr. Kuhn's proposed testimony as to how the FSF would interpret the Neo4j Sweden Software License was inadmissible hearsay.  *Id.* at 10:18-11:26.

The trial court also held that "[t]o the extent that Kuhn opines on the permissibility of Suhy's actions or the legal effect and interpretation of any provision of the Neo4j Sweden Software License—such as what conduct is permitted or not permitted under the license—such testimony is improper legal opinion."  Dkt Entry

8

14-7 at 12:1-13:3.  This was based on the established rule that "experts are prohibited from testifying about the law or providing legal meaning."  *Id.* at 12:5-15.

### F.    The Trial Court Grants Appellee's Second Summary Judgment Motion on their DMCA Claim

On October 25, 2023, the trial court granted Appellee's second motion for summary judgment, finding Suhy liable for violating Section 1202(b) of the DMCA ("Second MSJ Order").  Dkt Entry 14-7 at 16:23-24:6.  In particular, the trial court found that Suhy possessed the requisite mental state of knowing that their removal of the Neo4j CMI would resulting in copyright infringement.  *Id.* at 20:3-24:6.  This was based on this Court's affirming the trial court's findings that Sections 7 and 10 of Neo4j Sweden Software License "does not permit a licensee, such as Suhy, to remove the [Neo4j] CMI and commercial restrictions imposed by the license."  *Id.* at 22:26-23:18.

### G.    Suhy Seeks to Relitigate the Interpretation of the Neo4j Sweden Software License in the Present Appeal

After the First MSJ Order and the Second MSJ Order, the only remaining issue for trial was the amount of damages Appellees incurred as a result of Suhy's violations of the Lanham Act and the DMCA.  The trial court conducted a bench trial on the issue of damages, and issued its Findings of Fact and Conclusions of Law on July 22, 2024 and a final judgment on August 15, 2024.

On September 8, 2024, Suhy filed an appeal with this Court.  Suhy then filed

SJ 2170867.3

his opening brief on December 23, 2024.  Suhy seeks to reargue on appeal that the

trial court erred in interpretating the meaning of "further restrictions" as defined by

the Neo4j Sweden Software License.  *Compare* Dkt Entry 17.1 at 41-49 *and* Ratinoff

Decl., Ex. 4 at 36-40.

### H.    The SFC Files a Proposed Amicus Brief Seeking to Relitigate the Trial Court's Interpretation of Sections 7 and 10 of the Neo4j Sweden Software License

On December 27, 2024, the SFC asked Appellees whether they would oppose

the SFC's filing of an amicus curiae brief on the interpretation of the Neo4j Sweden

Software License.  Appellees indicated that they would oppose such a file as the

issue had already been decided by this Court thereby making it law of the case.

On January 10, 2025, the SFC filed the present motion for leave to file the

accompanying amicus curiae brief.  Dkt Entry 34.1 and Dkt Entry 34.2.  The

proposed brief offers the SFC's general view of the importance of open source

licensing.  The SFC then spends the majority of the brief asserting arguments that

the trial court erred in interpreting Sections 7 and 10 of the Neo4j Sweden Software

License that are virtually identical to those raised by Suhy on his previous appeal.

For example, the SFC reargues that the district court erred in concluding that

the language of Section 7 did not authorize Suhy to remove the Commons Clause as

a "further restriction."  *Compare* Dkt Entry 34.1 at 15-17 (arguing that "the licensee

may remove all restrictions placed upon the program except those enumerated in

SJ 2170867.3

Section 7," which "makes no distinction between restrictions imposed by the initial licensor and those imposed by licensees"); *and* Ratinoff Decl., Ex. 4 at 37-38 (arguing that "if a licensee receives the work (i.e., Neo4j in any version covered by the license, including Neo4j EE 3.4 and later) with restrictive "non-permissive additional terms," they can be removed under section 7").  SFC also seeks to relitigate the district court's determination that when read together, Sections 7 and 10 only authorize downstream licensees to remove "further restrictions" imposed by an upstream licensee, and not the copyright owner and original licensor of the program.  *Compare* Dkt Entry 34.1 at 17-20; *and* Ratinoff Decl., Ex. 4 at 37-38.

## III.  ARGUMENT

### A.  The Issues Raised in SFC's Proposed Amicus Brief are Irrelevant

#### 1.  Suhy's Subsequent Admissions at Trial Negate Any Argument that the Court Erred on Summary Judgment

Suhy's current appeal of the trial court's determination on summary judgment that he engaged in false advertising and violated the DMCA by removing the Commons Clause is moot.  Subsequently at trial, Suhy stipulated that "Neo4j Sweden did not give Mr. Suhy permission to replace the Neo4j Sweden Software License with verbatim copies of the AGPL …" and that he "knowingly distributed Neo4j® EE source code without the Neo4j Sweden Software License with the understanding that it would result in the infringement of Neo4j Sweden's copyrights."  Ratinoff Decl., Ex. 8 at ¶¶ 59-60.  Suhy's admissions negate any

11

alleged prior error by the trial court in interpreting the Neo4j Sweden License, and as a result, render the entirety of SFC's amicus curiae brief immaterial and irrelevant.

### 2. The SFC Seeks to Reargue Legal Issues Previously Raised by Suhy on Appeal and Affirmed by the Ninth Circuit

The second failing with the SFC's proposed amicus brief is that SFC's arguments on the interpretation of Sections 7 and 10 of the Neo4j Sweden Software License run afoul with the law of the case. In this regard, the SFC hastily dismisses the Memorandum Opinion as not being the law of the case because it allegedly only affirmed a preliminary injunction. Dkt Entry 34.1 at 27; Dkt Entry 34.2 at 2-3. The full record makes clear, however, that the trial court's interpretation of Sections 7 and 10 became law of the case after this Court affirmed the First MSJ Order.

In his appeal of the First MSJ Order, Suhy emphasized that the trial court's "preliminary injunction is 'inextricably bound up' with its legal resolution of the summary judgment; [the Ninth Circuit] therefore exercises plenary review." Ratinoff Decl., Ex. 4 at 17. Suhy then asked this Court to conduct *de novo review* of the trial court's substantive findings in the underlying Summary Judgment Order, including the interpretation of Sections 7 and 10 of the Neo4j Sweden Software License. *Id*. The correctness of the trial court's interpretation of those sections then was the subject of extensive briefing before this Court. *Id.*, Ex. 4 at 36-40; *id.,* Ex. 5 at 47-54; *id.,* Ex. 6 at 15-17.

After considering the parties' substantive arguments, this Court affirmed the

SJ 2170867.3

findings in the First MSJ Order, and expressly held that "Section 7 of the Sweden Software License only permits a downstream licensee to remove 'further restrictions' added by an upstream licensee to the original work."[3]   This Court removed all doubt on the conclusiveness of this finding by stating this it was precedential *for purposes of the doctrine of law of the case* "as provided by Ninth Circuit Rule 36-3."[4]   Ratinoff Decl., Ex. 2 at 1, fn *.

Under the law of the case doctrine, "the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." *Herrington v. County of Sonoma,* 12 F.3d 901, 904 (9th Cir. 1993) (internal quotation marks omitted).   It is therefore too little, too late for the SFC to reargue that the trial court erred in interpreting Sections 7 and 10 of the Neo4j Sweden Software License in concluding that Suhy violated the Lanham Act and DMCA.

Nonetheless, the SFC cites *Ctr. for Biological Diversity v. Salazar*, 706 F.3d 1085, 1090 (9th Cir. 2013) for the proposition that "in general" appellate "decisions

---

[3] The SFC implies that because the Court did not expressly reference Section 10 that it can now argue the trial court erred in interpreting that section. *See* Dkt Entry 34.1 at 27.   The SFC is wrong because when an appellate court decides a legal issue, *whether explicitly or by necessary implication*, that decision is generally not open to re-litigation in subsequent proceedings in the same case. *Fikre v. Fed. Bureau of Investigation*, 35 F.4th 762, 770 (9th Cir. 2022), *aff'd*, 601 U.S. 234 (2024).

[4] Ninth Circuit Rule 36-3(a) states that "[u]npublished dispositions and orders of this Court are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion."

13

at the preliminary injunction phase do not constitute the law of the case." Dkt Entry 34.1 at 27; Dkt Entry 34.2 at 2-3. However, this "general rule" articulated in *Salazar* is inapplicable here because the preliminary injunction subject to the first appeal was a result of a fully developed factual record on summary judgment. In affirming the resulting preliminary injunction, this Court necessarily considered the merits of the same arguments on the interpretation of the Neo4j Sweden Software License, which both Suhy and the SFC seek to relitigate in the present appeal.

*Salazar* also ***undermines*** SFC's position because even in the context of affirming a preliminary injunction, "[a]ny of [the appellate court's] conclusions on pure issues of law … ***are binding***" and the "district court must apply this law to the facts anew with consideration of the evidence presented in the merits phase." *Salazar,* 706 F.3d at 1114 (emphasis added). The SFC does not dispute that the interpretation of the Neo4j Sweden Software License is a question of law. *See United States v. King Features Ent., Inc*., 843 F.2d 394, 398 (9th Cir. 1988) (recognizing "interpretation of a contract is a matter of law"). Confirming the same is the SFC's reliance on basic legal principles of contractual interpretation in support of its arguments regarding how to interpret Sections 7 and 10. *See, e.g.,* Dkt Entry 34.1 at 17 (citing Cal. Civ. Code § 1652); *id.* at 20 (citing Cal. Civ. Code § 1653); *id.* at 24 (citing Cal. Civ. Code §§ 1651, 1654).

Consequently, this Court's affirmation of the trial court's interpretation of

14

Sections 7 and 10 of the Neo4j Sweden Software License is the law of the case, and as a result, it is improper for the SFC (and Suhy) to relitigate this legal issue. *See Leslie Salt Co. v. United States*, 55 F.3d 1388, 1392 (9th Cir. 1995) ("[u]nder law of the case doctrine … one panel of an appellate court will not reconsider matters resolved in a prior appeal to another panel in the same case"); *accord Fikre*, 35 F.4th at 770. The Court should therefore deny the SFC's motion for leave to file its amicus curiae brief and decline to revisit issues conclusively resolved in Suhy's prior appeal.

### 3. The SFC's View on Neo4j Sweden's Intent are Irrelevant

Much of the remainder of the SFC's proposed brief focuses on speculation as to what Neo4j Sweden's intent was in compiling the Neo4j Sweden Software License. A third party's reading of a license and their preference on how it should be interpreted is irrelevant under applicable California law.

Where "the language [of a contract] is clear and explicit, and does not involve an absurdity," the language must govern the contract's interpretation. Cal. Civ. Code § 1638; *see JW Gaming Dev., LLC v. James*, 2020 WL 353536, at *4 (N.D. Cal. Jan. 21, 2020) ("[i]nterpretation of a contract must be fair and reasonable, not leading to absurd conclusions"). When a contract is written, "the intention of the parties is to be ascertained from the writing alone, if possible." Cal. Civ. Code § 1639. As the copyright holder of Neo4j® EE, Neo4j Sweden had the exclusive right to control the modification and distribution of that copyrighted code under the licensing terms of

15

its choosing. *See Apple Inc. v. Psystar Corp.,* 658 F.3d 1150, 1159 (9th Cir. 2011) ("copyright owners may choose to simply exclude others from their work" or "use their limited monopoly to leverage the right to use their work on the acceptance of specific conditions"). "Even '[c]opyright holders who engage in open source licensing have the right to control the modification and distribution of copyrighted material.'" *Id.* (*quoting Jacobsen v. Katzer*, 535 F.3d 1373, 1381 (Fed. Cir. 2008).

As the copyright owner of the underlying software, only Neo4j Sweden's intent in licensing Neo4j® EE under the Neo4j Sweden Software License matters. In this regard, Neo4j Sweden's express intent was to preclude others from commercially benefiting from the software and the express language of terms such as the Commons Clause. *See* NSSL – Commons Clause ("the grant of rights under the License will not include, and the License does not grant to you, the right to Sell the Software"); *see also* Dkt Entry 14.3 at ¶ 26 ("Neo4j Sweden added the Commons Clause to the license for NEO4J® EE to prevent third parties… from monetizing such software while not contributing back to the companies who are producers of the software"). The removal of the Commons Clause thus cuts against such intent.

Even if the SFC's could be considered, a licensor's intent to limit the commercialization of its software generally should be given effect as intended by the licensor, not a licensee. *See Altera Corp. v. Clear Logic, Inc*., 424 F.3d 1079, 1091 (9th Cir. 2005) (giving effect to language limiting commercial use in a license

16

agreement that "sought to prevent competitors from benefitting from its software"); *see also Micro Star v. Formgen Inc.*, 154 F.3d 1107 (9th Cir. 1998) (term in a license allowing users of a computer game to develop enhancements, but barring the resale of the enhancements for a profit, was enforceable); *Storm Impact, Inc. v. Software of the Month Club*, 44 U.S.P.Q.2d 1441, 1997 WL 566378 (N.D. Ill. 1997) (distribution for commercial purposes was infringement where terms of license limited use to non-commercial purposes). Thus, SFC's amicus arguments that the terms drawn from the AGPL somehow limited Neo4j Sweden's right to also include commercial restrictions in its own copyright license are of no importance.

### 4. The SFC Improperly Speculates on the Intent of the FSF

The remainder of the SFC's proposed brief focuses on the history of the various GNU General Public Licenses ("GPLs") issued by the FSF (Dkt Entry 34.1 at 3-9), as well as speculation as to what FSF's intent in drafting the AGPL upon which the Neo4j Sweden Software License was based. *See id.* at 11-14 ("The AGPLv3's purpose is to create and preserve software freedom"); *see also id.* at 16 (the AGPLv3's "central purpose is software freedom: the freedom to distribute copies of software, to charge for those copies, to obtain the source code for the software…."). As an initial matter, the SFC does not have the authority to enforce any copyright that the FSF has in the AGPL. *See Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997, 1002 (9th Cir. 2015) ("Under § 501(b) of the

SJ 2170867.3

Copyright Act, only '[t]he legal or beneficial owner of an exclusive right under a copyright is entitled ... to institute an action for any infringement of that particular right committed while he or she is the owner of it.'").

To the extent that the FSF's intent in drafting the AGPL were relevant, the SFC cannot simply step into the FSF's shoes. This amounts to speculation and hearsay because neither the SFC nor FSF are the licensor or a party to the actual license at issue. The SFC's speculation on the FSF's intent is also contrary to the undisputed record evidence. Prior to removing the Commons Clause, Suhy sought the FSF's guidance on interpreting the license. Ratinoff Decl., Ex. 8 at ¶ 33. In response, the FSF told him that "[t]he copyright holder on a work is the one with the power to enforce the terms of the license" and "[i]f a work was previously available under a free license, and later that license is changed, users can always use that earlier version under the terms of the free license." *Id.*; *see also* 2-ER-430–431. Thus, the FSF's position before Suhy removed the Commons Clause was consistent with the trial court's finding that Neo4j Sweden, as the copyright holder, could license Neo4j® EE as it saw fit by using the AGPL and adding the Commons Clause.

Suhy also invited the FSF to intervene and argue what its "intent" was in drafting the AGPL after the trial court first determined that Sections 7 and 10 precluded a licensee from removing the Commons Clause in the related GFI case. *See Neo4j, Inc. v. Graph Found., Inc.*, 2020 WL 6700480, at *4. Suhy sent a copy

18

of the decision to FSF and pleaded that it intervene because of how the trial court interpreted shared provisions between the Neo4j Sweden Software License and AGPL. *See* Dkt Entry 14.8 and 14.9 at 375:17-378:5. The FSF did not intervene prior to the trial court reaching the same conclusion in the First MSJ Order. The FSF also did not file an amicus brief when the trial court's interpretation of Sections 7 and 10 of the Neo4j Sweden Software License was previously before this Court.

It can thus be inferred that the FSF did not share the SFC's concern that the trial court's interpretation of the Neo4j Sweden Software License had any broad impact on the AGPL and software licensed thereunder. Consequently, the Court should reject the SFC's attempt to speak on behalf of the FSF in a contrary manner.

## B. The SFC Fails to Meet the Criteria for Amicus Curiae

In addition to the irrelevancy of the matters raised in the amicus curiae brief, the SFC does not meet the definition of amicus curiae. The role of an amicus curiae is to provide assistance in a case of general interest and draw the court's attention to legal arguments that have escaped consideration. *Miller-Wohl Co., Inc. v. Comm'r of Labor and Indus. State of Mont*., 694 F.2d 203, 204 (9th Cir. 1982).

This is not a case of public interest because the only license at issue was the Neo4j Sweden Software License for Neo4j® EE. The SFC also does not assert any new legal arguments that were not raised by the parties in this case or already considered by this Court. As detailed above, SFC asserts identical arguments

19

concerning the interpretation of Sections 7 and 10 of the Neo4j Sweden Software License that Suhy previously raised in his appeal of the First MSJ Order.

More importantly, the SFC is not arguing for any great public interest. Instead, the SFC has a personal stake in this appeal because the trial court excluded its employee and policy fellow, Mr. Kuhn, as an expert witness. To that end, the SFC is now seeking to save face and circumvent that ruling by dressing up Mr. Kuhn's "expert opinion" that Suhy was correct to remove the Commons Clause as a "further restriction" in an amicus curiae brief. *Compare* Dkt Entry 34.1 at 15-17 *and* Ratinoff Decl., Ex. 7 at ¶¶ 71-78. For this same reason, the SFC continues to act as an advocate for Suhy and itself, and not a friend of this Court.

## IV.    CONCLUSION

For the foregoing reasons, Appellees respectfully request that this Court deny the SFC's Motion for Leave to File its Amicus Curiae Brief on behalf of Appellant.

Dated:  January 21, 2025                      Respectfully submitted,

                                   */s/ Jeffrey M. Ratinoff*
                                   Jeremy A. Moseley (MT Bar #44830177)
                                   **SPENCER FANE LLP**
                                   1700 Lincoln Street, Suite 2000
                                   Denver, Colorado 80203
                                   Telephone:  303.839.3800
                                   Facsimile:   303.839.3838
                                   Email:   jmoseley@spencerfane.com

                                   (continued on the next page)

SJ 2170867.3

John V. Picone (CA Bar #187226)
Jeffrey M. Ratinoff (CA Bar #197241)
**SPENCER FANE LLP**
225 West Santa Clara Street
Suite 1500
San Jose, CA 95113
Telephone:  408.286.5100
Facsimile:  408.286.5722
Email:          jpicone@spencerfane.com
                    jratinoff@spencerfane.com

Attorneys for Plaintiffs-Appellees NEO4J,
INC., and NEO4J SWEDEN AB

21

SJ 2170867.3

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on January 21, 2025, I electronically filed the

foregoing **APPELLEES NEO4J, INC. AND NEO4J SWEDEN AB'S**

**OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS CURIAE**

**BRIEF BY SOFTWARE CONSERVANCY, INC. IN SUPPORT OF**

**DEFENDANTS-APPELLANTS** with the Clerk of Court using the CM/ECF

system which will send notification of such filing to the following email addresses:

**John Mark Suhy**
jmsuhy@gmail.com

**Rick Sanders**
rick@sfconservancy.org

**Aaron Kyle Williamson**
aaron@williamson.legal


*/s/   Jeffrey M. Ratinoff*
Jeffrey M. Ratinoff