IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

CASE NO.: 24-5538
NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation
Plaintiffs-Appellees,

v.

JOHN MARK SUHY,
Defendant-Appellant.

## MOTION TO MODIFY PROTECTIVE ORDER OR, IN THE ALTERNATIVE, FOR ALTERNATIVE ACCESS TO DOCUMENTS DESIGNATED AS "ATTORNEY EYES ONLY"

## I. RELIEF REQUESTED

Pursuant to Federal Rule of Civil Procedure 26(c) and Ninth Circuit Rule 27-1, Defendant-Appellant John Mark Suhy Jr, proceeding pro se, respectfully moves this Court to modify the protective order entered in the district court to permit Defendant-Appellant access to all documents designated as "Attorney Eyes Only" (AEO) that were produced in the underlying litigation. This access is essential to ensure Defendant-

1

Appellant's ability to fairly and effectively respond to Plaintiff-Appellees anticipated opposition in this appeal.

In the alternative, if the Court denies access to the AEO documents, Defendant-Appellant requests that Plaintiff-Appellees be ordered to provide detailed summaries, redacted versions, or alternative descriptions of the AEO documents to allow Defendant-Appellant to prepare a meaningful reply.

## II. BACKGROUND

1. **Procedural History**: On or about October 2, 2019, the district court entered a protective order that designated certain documents as AEO, restricting access to counsel only. Defendant-Appellant is now proceeding pro se and has no means of accessing these documents, which may be critical to resolving the issues on appeal.

2. **Current Status**: Defendant-Appellant filed an opening brief on December 23, 2024. Plaintiff-Appellees were granted an extension and thier opposition brief is due on February 24, 2025, and a reply will follow. Defendant-Appellant anticipates that the AEO

2

documents will be relevant to responding to arguments raised by Plaintiffs-Appellees.

3. **Examples of Relevance**: Specific references to AEO documents in the lower court's findings and the case docket underscore their importance to this appeal. For example:

**Non-Exclusive Agreement**: An AEO-designated non-exclusive agreement could rebut claims related to certain trademark issues on appeal, particularly regarding ownership and licensing.

**Damages Calculation**: Defendant-Appellant seeks damages against Neo4j USA arising out of the breach of an exclusive license agreement. These damages are directly tied to sales figures found in AEO-designated discovery documents (e.g., Bates No. N4J_020132). The withheld sales data is critical to rebutting Neo4j's damages claims and understanding the methodology used in the district court's calculation.

**Monthly Closed Won Reports**: AEO-designated reports (e.g., N4J_019992 and N4J_020132) are directly relevant to Neo4j's claimed damages and can help identify inconsistencies in their

3

assertions about revenue derived from the U.S. government contracts. These reports were relied upon in trial but remain inaccessible.

**NSA-Related Documents**: AEO-designated documents presented at trial pertain directly to damages associated with NSA contracts and Neo4j's claims of lost business. Defendant-Appellant cannot adequately address or rebut these claims without access to these materials.

As the Supreme Court has held, discovery must include all materials reasonably calculated to lead to admissible evidence. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The AEO documents at issue are highly relevant to Defendant-Appellant's claims on appeal, including damages and licensing disputes.

## III. ARGUMENT

A. **Modifying the Protective Order Is Necessary to Ensure Fairness**

Defendant-Appellant's inability to access the AEO documents creates a fundamental imbalance in the appellate process. As the Supreme Court

has held, due process requires "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). The Ninth Circuit similarly emphasizes fairness in litigation, particularly for pro se litigants. *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

The protective order's restrictions were designed for the district court proceedings, where Defendant-Appellant was represented by counsel. Now that Defendant-Appellant is self-represented, the order's continued enforcement denies access to documents essential to the appeal. Courts have modified protective orders in similar situations to ensure fairness. *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992).

Additionally, the Ninth Circuit has made clear that blanket protective orders should not create undue burdens or prevent a party from litigating effectively. Protective orders must be narrowly tailored to protect confidential information without impairing a party's right to due process. *See Phillips v. General Motors Corp.*, 307 F.3d 1206, 1212 (9th

Cir. 2002); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992).

## B. Confidentiality Concerns Can Be Addressed Through Safeguards

Defendant-Appellant is willing to agree to reasonable safeguards to protect the confidentiality of the AEO documents, including:

- Signing a confidentiality agreement limiting the use of the documents to this appeal.
- Stipulating to sanctions for any unauthorized disclosure.

These safeguards mitigate any harm to Plaintiffs-Appellees while ensuring Defendant-Appellant can meaningfully participate in the appeal. As the Supreme Court noted, protective orders must balance confidentiality interests with the fairness of the process. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984). Additionally, the Ninth Circuit has recognized that redactions and summaries are well-established methods of protecting sensitive information while allowing access to relevant content. *See United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 369 (9th Cir. 1982).

C. **If Access Is Denied, Alternative Relief Is Necessary**

If the Court declines to modify the protective order, it should require Plaintiffs-Appellees to provide redacted versions, summaries, or alternative descriptions of the AEO documents. Moreover, Plaintiffs-Appellees should bear any and all costs associated with preparing such summaries or redactions, as they are the parties insisting on the AEO designations. Courts have consistently emphasized the need to balance the interests of confidentiality with the right to a fair proceeding. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003); *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002).

Requiring Plaintiffs-Appellees to bear the burden of preparing summaries or redactions ensures that Defendant-Appellant is not unfairly disadvantaged by the AEO designations. The Ninth Circuit has repeatedly held that a party asserting confidentiality must demonstrate good cause for each document's designation and that blanket designations are disfavored. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992); *Seattle Times Co. v. Rhinehart,*

7

467 U.S. 20, 33 (1984). Additionally, alternative measures such as redactions or summaries are widely recognized as effective ways to preserve confidentiality while ensuring fairness in litigation. *See United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 369 (9th Cir. 1982).

## IV. CONCLUSION

For the foregoing reasons, Defendant-Appellant respectfully requests that this Court grant the motion to modify the protective order to allow access to all documents designated as "Attorney Eyes Only." Alternatively, Defendant-Appellant requests that the Court order Plaintiffs-Appellees to provide detailed summaries, redacted versions, or alternative descriptions of the AEO documents, with all associated costs borne exclusively by Plaintiffs-Appellees.

Respectfully submitted,

8

**John Mark Suhy**
Pro Se
Dated: 01/24/2025
8814 Danewood Dr
Alexandria, VA 22308
Tel: (703) 862-7780
Email: jmsuhy@gmail.com

## CERTIFICATE OF SERVICE

I, John Mark Suhy Jr, hereby certify that on this January 24, 2025, I electronically filed the foregoing motion, exhibit, and declaration with the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ John Mark Suhy Jr

John Mark Suhy Jr

8814 Danewood Dr

Alexandria, VA 22308

jmsuhy@gmail.com

703-862-7780