IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br><br>        Plaintiffs-ctr-defendants-Appellees,<br><br>v.<br><br>JOHN MARK SUHY, Defendant-ctr-claimant-Appellant.<br><br>and<br><br>PURETHINK, LLC, a Delaware limited liability company; and IGOV, INC., a Virginia corporation,<br><br>        Defendants. | No. 24-5538<br><br>District No. 5:18-cv-07182-EJD<br><br>U.S. District Court for the Northern District of California<br><br>AMICUS CURIAE SOFTWARE FREEDOM CONSERVANCY, INC.'s REPLY TO APPELLEES' OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANTS-APPELLANTS |

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................i

TABLE OF AUTHORITIES ........................................................................................ii

INTRODUCTION ........................................................................................................ 1

ARGUMENT ................................................................................................................ 1

    I.    Suhy's stipulations at trial do not negate SFC's arguments, because they were "subject to any rights Defendants have in appealing the Court's orders" ....................................................................................... 1

    II.    SFC's arguments are not precluded by the "law of the case" doctrine .. 2

    III.    SFC's arguments are relevant because they are based on the text of the Neo4j Sweden Software License ......................................................... 6

    IV.    SFC is properly amicus curiae ............................................................. 8

CONCLUSION ......................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Colony Ins. Co. v. Wright*, 16 F.4th 1186 (5th Cir. 2021) ....................................5, 6

*Ctr. for Biological Diversity v. Salazar*, 431 F. App'x 593 (9th Cir. 2011)................4

*Ctr. for Biological Diversity v. Salazar*, 706 F.3d 1085 (9th Cir. 2013) ....................5

*Dev 'l Servs. Network v. Douglas*, 666 F.3d 540 (9th Cir. 2011) ...............................3

*Humanitarian Law Project v. U.S. Dep't of Justice*, 352 F.3d 382 (9th Cir. 2003)...6

*MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511 (9th Cir. 1993).......................4

*Miller-Wohl Co., Inc. v. Comm'r of Labor and Indus. State of Mont.*, 694 F.2d 203 (9th Cir. 1982)..................................................................................................9

*Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agric.*, 499 F.3d 1108 (9th Cir. 2007)................................................................2

*S. Or. Barter Fair v. Jackson Cnty.* ...........................................................................2

*United States v. King Features Entm't, Inc.*, 843 F.2d 394 (9th Cir. 1988) ...............6

**Statutes**

C.R. 36-3 ....................................................................................................................4

Cal. Civ. Code § 1639 ................................................................................................7

## INTRODUCTION

Software Freedom Conservancy ("SFC") filed a friend-of-the-court brief on January 10, 2025 (the "Amicus Brief"), in support of Defendants-Appellants Suhy et al ("Suhy"), together with a motion for leave to file it. Dkt. Entry 34. Plaintiffs-Appellees Neo4j, Inc. et al ("Neo4j") opposed. In this brief, SFC demonstrates that: (1) Suhy's stipulations at trial do not negate SFC's arguments, because they were "subject to any rights Defendants have in appealing the Court's orders"; (2) SFC's arguments are not precluded by the "law of the case doctrine" because the standard for review for this court's review of the lower court's preliminary injunction order was abuse of discretion and "decisions at the preliminary injunction phase do not constitute the law of the case"; (3) SFC's arguments are relevant because they derive from the text of the Neo4j Sweden Software License ("NSSL"); and (4) SFC is properly *amicus curiae*.

## ARGUMENT

**I. Suhy's stipulations at trial do not negate SFC's arguments, because they were "subject to any rights Defendants have in appealing the Court's orders."**

Neo4j argues that SFC's arguments are foreclosed because Suhy made stipulations at trial that supposedly preclude this court's review of the District Court's interpretation of the key provisions of the NSSL. Dkt. Entry 39.1 at 16-17. But these stipulations explicitly preserve Suhy's right to challenge them at appeal:

1

"WHEREAS the Parties agreed that those factual findings ... are settled, *subject to any rights Defendants have in appealing the Court's orders*, and thus do not need to restated for purposes of trial." Dkt. Entry 39.2, at 133 (emphasis added). The purpose of the stipulation was to streamline proof at trial. *Id*. It is irrelevant to Suhy's appeal.

**II. SFC's arguments are not precluded by the "law of the case" doctrine.**

Neo4j argues that this court's prior March 14, 2022[1] memorandum opinion (the "Memorandum Opinion") affirming the lower court's preliminary injunction against Suhy is "law of the case" and thus forecloses SFC's (and Suhy's) arguments. Dkt. Entry 39.1 at 17-20. Neo4j is wrong because, as a rule, this court's "decisions at the preliminary injunction phase do not constitute the law of the case." *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agric.*, 499 F.3d 1108, 1114 (9th Cir. 2007). *Id*. "This rule acknowledges that 'decisions on preliminary injunctions are just that—preliminary—and must often be made hastily and on less than a full record.'" *Id*. (quoting *S. Or. Barter Fair v. Jackson Cnty.*, 372 F.3d 1128, 1136 (9th Cir. 2004)). In addition, review of preliminary injunctions is for abuse of discretion and is thus "limited and

---

[1] The Memorandum Opinion was first issued February 18, 2022 (Dkt. Entry 39.2, at 44-47) but was amended March 14, 2022 (*Id*., at 53-54).

2

deferential." *Dev'l Servs. Network v. Douglas*, 666 F.3d 540, 544 (9th Cir. 2011). A preliminary injunction, therefore, will only be reversed if the district court "bases its decision on erroneous legal standard or clearly erroneous finding of fact." *Id*. The reviewing court "does not reach the merits of the case." *Id*.

Neo4j contends that the Memorandum Opinion affirmed not only the preliminary injunction, but also a subsequent summary judgment. *See* Dkt. 39.1 at 12-14. But the Memorandum Opinion makes no mention of any summary judgment, and it reviewed the preliminary injunction for abuse of discretion, not *de novo*: "The district court entered a preliminary injunction enjoining Defendants from infringing the registered NEO4J mark and from making misrepresentations to consumers about their products. Reviewing for abuse of discretion …, we affirm." Dtk. 39.2, at 56. (citation omitted). The prior panel likewise reviewed the issue discussed in the Amicus Brief (about the proper interpretation of the NSSL) for abuse of discretion. *Id*. at 57.

Neo4j provides no evidence that the preliminary injunction record was based on anything other than a limited record. While it is true that Suhy had invited the prior panel to exercise "plenary review" because, he (incorrectly) argued, the "preliminary injunction is inextricably bound up with [the] legal resolution of the summary judgment," Dkt. Entry 39.2, at 78, it is clear that the prior panel declined this invitation. Dtk. 39.2, at 56-57. And it was correct to do so.

3

Suhy was simply wrong to ask for "plenary review." Suhy's argument relied upon a misunderstanding of *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 516 (9th Cir. 1993), as does Neo4j here. In *MAI*, the summary judgment was bound up with an interlocutory *permanent* injunction. The district court had issued a preliminary injunction, then later granted partial summary judgment on the same issues as the preliminary injunction, together with an interlocutory *permanent* injunction that covered most, but not all, of the same issues as the preliminary injunction. *Id.* at 515. It was the *permanent* injunction that the Ninth Circuit said was "inextricably bound up" with the underlying summary judgment.[2] *Id.* at 516. The Ninth Circuit considered the surviving issues from the *preliminary* injunction separately, under the abuse-of-discretion standard. See *id.* at 523.

Neo4j seeks to rely on the Memorandum Opinion's footnote citing C.R. 36-3, but that footnote merely affirms that the opinion is not precedent, "except *when relevant* under the doctrine of law of the case," which it is not. See C.R. 36-3 (emphasis added). This court's panel opinion in *Center for Biological Diversity v. Salazar* included the same footnote, *see Ctr. for Biological Diversity v. Salazar*, 431 F. App'x 593 at fn. * (9th Cir. 2011), but was held not to be law of the case.

---

[2] The statute granting appellate jurisdiction over preliminary injunctions, 28 U.S.C. § 1292(a)(1), applies to all interlocutory injunctions, such as the interlocutory permanent injunction in *MAI*.

4

*Ctr. for Biological Diversity v. Salazar*, 706 F.3d 1085, 1091 (9th Cir. 2013). As this court said in that case, the Ninth Circuit's rule that decisions on preliminary injunctions are not "law of the case" "acknowledges that decisions on preliminary injunctions… must often be made hastily and on less than a full record." *Id*. (cleaned up).

Finally, Neo4j cites another inapplicable exception to the general rule that appellate decisions on preliminary injunctions are not law of the case: the "pure question of law." *See Ctr. for Biological Diversity*, 706 F.3d at 1091. Neo4j contends that, because questions of contract interpretation are ultimately questions of law, the issues raised in the Amicus Brief meet this exception. Dkt. 39.1, at 14.

But contract interpretation is not a "pure question of law." As Judge Costa of the Fifth Circuit has observed, "how to interpret a contract… is a legal question subject to de novo review. But such a question of law is not necessarily, or even usually, the same as a pure question of law." *Colony Ins. Co. v. Wright*, 16 F.4th 1186, 1191 (5th Cir. 2021). "Interpreting a contract requires us to do more than read a case or statute. We must inspect something in the record: the contract itself. And if the contract turns out to be ambiguous, we may have to dive into extrinsic evidence." *Id*. "A pure question of law thus exists when the unpreserved issue is

5

completely detached from the facts." *Id.* (internal quotation marks omitted).[3] As the Ninth Circuit authority cited by Neo4j explains, under California law, a trial court "must" consider relevant extrinsic evidence. *See United States v. King Features Entm't, Inc.*, 843 F.2d 394, 398 (9th Cir. 1988); Dkt. Entry 39.1 at 19.

In the one preliminary injunction decision named by *Center for Biological Diversity* to meet the criteria to be law of the case, the prior decision was a published, six-page decision that fully explains its reasoning. *See Humanitarian Law Project v. U.S. Dep't of Justice*, 352 F.3d 382, 393 (9th Cir. 2003). By contrast, the court's memorandum opinion here is unpublished and provides only a summary review of the court's reasoning.

### III. SFC's arguments are relevant because they are based on the text of the Neo4j Sweden Software License.

Neo4j claims that SFC's brief should be ignored on the grounds that "[a] third party's reading of a license and their preference on how it should be interpreted is irrelevant under applicable California law," claiming that the NSSL's terms are "clear and explicit" and therefore that its meaning and the intention of the parties should be "ascertained from the writing alone." Dkt. Entry 39.1 at 20

---

[3] In recent years, that court has found such "complete detachment" only in cases involving "issues of statutory interpretation," not contract interpretation. *Id*.

6

(citing Cal. Civ. Code § 1639). But as SFC's brief demonstrates, the NSSL is far from being "clear and explicit." It is in fact hopelessly muddled as a result of Neo4j's careless cobbling together of two contradictory licenses. *See* Dkt. Entry 34.1 at 17-18. And while SFC agrees that the parties' intent should be ascertained from its text, its brief shows that the provisions imported into the NSSL from the AGPL are flatly contrary to Neo4j's proposed interpretation. *See Id*.

It is rather Neo4j that seeks to introduce extrinsic evidence of its own intent when drafting the NSSL. Its opposition cites not the NSSL but Neo4j's own amended complaint for the proposition that "Neo4j Sweden added the Commons Clause to the license for NEO4J® EE to prevent third parties from monetizing such software while not contributing back to the companies who are producers of the software." Dkt. Entry 39.1 at 21 (citing Dkt. Entry 14.3 at ⁋ 26). The NSSL says the opposite: "Our General Public Licenses are designed to make sure that you have the freedom to distribute copies of free software (and charge for them if you wish)…." *See* 3-ER-478.

Neo4j next argues that SFC's arguments are based on "speculation as to what FSF's [i.e. the Free Software Foundation's] intent in drafting the AGPL [i.e., the GNU Affero General Public License version 3] upon which the Neo4j Sweden Software License was based." *See* Dkt. Entry 39.1 at 22. But SFC's brief never references FSF's intent, citing instead to the intent of the parties stated expressly in

7

the NSSL's Preamble. Neo4j adopted that language as its own when it copied the entirety of the AGPL into the NSSL.[4] *See id*; 3-ER-478.

Even if its interpretation were relevant, FSF has made it clear that it interprets the AGPL the same way that SFC does. On its website, FSF addresses the question whether a licensor may "license [its] code under the GPL, but… make it clear that it can't be used for… commercial uses." *See* Free Software Foundation, *Frequently Asked Questions about the GNU Licenses*, https://www.gnu.org/licenses/gpl-faq.en.html (last visited Jan. 27, 2025). Its answer: "No, because those two goals contradict each other. The GNU GPL is designed specifically to prevent the addition of further restrictions. GPLv3 allows a very limited set of them, in section 7, but any other added restriction can be removed by the user." *Id*.

## IV. SFC is properly amicus curiae.

Finally, Neo4j claims that SFC "does not meet the definition of amicus curiae," Dkt. Entry 39.1 at 24, citing a general statement by this court on the role

---

[4] Although the NSSL is Neo4j's contract, it necessarily includes the entirety of the AGPL. SFC is, therefore, concerned that the district court's interpretation of the NSSL will also apply to the AGPL, which, in SFC's view, will undermine freedoms that a great many software developers and licensees have taken for granted for many years.

8

of *amicus curiae*, i.e. to "provide assistance in a case of general interest and draw the court's attention to legal arguments that have escaped consideration." *Id.* (citing *Miller-Wohl Co., Inc. v. Comm'r of Labor and Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982). This is exactly what SFC does in its brief: pointing out contradictions that the district court missed between the NSSL's commercial use restrictions and the clear statements of intent in the NSSL's preamble and express authorization of sales in Section 4. *See* Dkt. Entry 34.1 at 17-18.

The fact that SFC has a "stake in this appeal" by virtue of its mission to preserve software freedom does not disqualify it as amicus; it's what qualifies SFC to speak to the public interest at stake in the case. *See* Dkt. Entry 39.1 at 25. That an SFC employee was precluded from providing testimony as an expert at trial is irrelevant, because what qualifies a party as an expert has no bearing on what qualifies it as an amicus.

9

## CONCLUSION

SFC is a public charity dedicated to preserving the principles of software freedom espoused by the NSSL and represents the interests of software authors and users worldwide who depend upon those freedoms. Its arguments are rooted in the plain text of the NSSL and are not precluded by Ninth Circuit precedent or the "law of the case" doctrine. For these reasons, Neo4j's opposition to its amicus filing should be denied.

Dated: January 28, 2025  
St. Petersburg, FL

Respectfully submitted,

_____s/Aaron Williamson_____

Aaron Williamson  
Williamson Legal PLLC  
1421 18th Ave. N  
St. Petersburg, FL 33704  
+1-773-727-8363

Richard G. Sanders  
Software Freedom Conservancy, Inc.  
1831 12th Ave., S., Ste. 164  
Nashville, TN 37203  
(615) 734-0770

*Attorneys for Software Freedom Conservancy, Inc.*

10

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using ACMS on January 28, 2025.

All participants in the case are registered ACMS users and will be served by ACMS.

Dated: January 28, 2025                             _____s/_Aaron Williamon_____
St. Petersburg, FL                                  Aaron Williamson
                                                    Williamson Legal PLLC
                                                    *Attorney for Software Freedom Conservancy, Inc.*
                                                    1421 18th Ave. N
                                                    St. Petersburg, FL 33704
                                                    +1-773-727-8363

11