IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br><br>        Plaintiffs-ctr-defendants-Appellees,<br><br>v.<br><br>JOHN MARK SUHY,<br><br>        Defendant-ctr-claimant-Appellant,<br><br>and<br><br>PURETHINK LLC, a Delaware limited liability company, and IGOV, INC., a Virginia corporation,<br><br>        Defendants. | No. 24-5538<br><br>District No. 5:18-cv-07182-EJD<br>U.S. District Court for the Northern District of California<br><br><br>**APPELLEES' REPLY IN SUPPORT OF THEIR MOTION TO SEAL PORTIONS OF VOLUMES 10 AND 11 OF THE EXCERPTS OF RECORD** |

# <u>TABLE OF CONTENTS</u>

**<u>PAGE</u>**

I.     RELEVANT BACKGROUND ........................................................1

II.    APPELLANT DOES NOT DISPUTE THAT PAGES 2249–2256 SHOULD REMAIN SEALED ........................................................3

III.   APPELLANT PREVIOUSLY RECOGNIZED THE NEED FOR THE NEO4J CONFIDENTIAL MATERIALS TO REMAIN UNDER SEAL ..............................................................................................3

IV.    THE HARM TO APPELLEES' COMPETITIVE STANDING OVERRIDES THE PUBLIC INTEREST IN ACCESS ................................4

V.     APPELLANT ADMITS TO IMPROPER MOTIVES....................................7

VI.    CONCLUSION...............................................................................8

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*In re: Elec. Arts, Inc.*,
  298 F'Appx. 568, 569 (9th Cir. 2008)............................................4, 5, 9

*Foltz v. State Farm Mut. Auto Inc. Co.*,
  331 F.3d 112, 1136 (9th Cir. 2003) ......................................................6

*Kamakana v. City and Cnty. of Honolulu*,
  447 F.3d 1172 (9th Cir. 2006) ...............................................4, 5, 6, 9

*Malone v. U.S. Postal Serv.*,
  833 F.2d 128 (9th Cir.1987) ..................................................................6

*Neo4j, Inc. et al. v. Purethink LLC et al.*,
  No. 21-16029, 2022 WL 781037 (9th Cir. Mar. 14, 2022) .........................1, 2, 3

*Neo4j, Inc. v. PureThink, LLC*,
  No. 5:18-CV-07182-EJD, 2023 WL 7093805 (N.D. Cal. Oct. 25, 2023) ......................................................................................7

*Nixon v. Warner Commc'ns, Inc.*,
  435 U.S. 589 (1978)..................................................................4, 8, 9

ii

Plaintiffs and Appellees Neo4j Inc. ("Neo4j USA") and Neo4j Sweden AB ("Neo4j Sweden," collectively "Neo4j" or "Appellees") submit this reply in support of their Motion to Seal portions of Volumes 10 and 11 of the Excerpts of Record submitted by Appellant John Mark Suhy, Dkt Entry 18.

Appellant's opposition to this motion is not well-taken and unexpected in light of his concurrence in sealing the same materials in his prior appeal. Here, Appellant does not dispute that the documents and material identified in the motion to seal ("Neo4j Confidential Materials") involve Appellees' confidential business information. Instead, Appellant focuses on irrelevant tests, and, troublingly, argues that the materials should be unsealed to use for unrelated—and thus, improper—purposes. The clear weight of authority in this Circuit holds that licensing and business information provide compelling reasons to override the public interest in access to court filings. This Court should therefore grant Appellees' motion.

## I.     RELEVANT BACKGROUND

Appellant is a competitor of Neo4j. *See Neo4j, Inc. et al. v. Purethink LLC et al.,* No. 21-16029, 2022 WL 781037, at *1 (9th Cir. Mar. 14, 2022) ("*Neo4j I*"); *see also* Dkt Entry 14.4 at 29:4-30:6. During the proceedings before the district court, Appellant stipulated to a Protective Order providing for both "Highly Confidential— Attorneys' Eyes Only" ("AEO") and "Confidential" designations. Declaration of

Jeffrey M. Ratinoff ("Ratinoff Decl."), Ex. 1. Under the Protective Order, Appellant is prohibited from using, having access to, and possessing Appellee's AEO material. *Id.,* Ex. 1 at §§ 2.8, 7.3.

In the prior appeal, he moved this Court for an order to seal the documents and material identified in the motion to seal ("Neo4j Confidential Materials"), which Appellees joined in part. Order, ECF No. 21, *Neo4j I*.

| Pages | Document in Lower Court | *Neo4j I* Citation |
|---|---|---|
| 2249–2256 | Exhibit 12 to the Declaration of John Broad in support of Plaintiffs' Motion for Summary Judgment (AEO) | 10-ER-2249-2256 |
| 2358–2364 | Exhibit 27 to the Declaration of Jeffrey M. Ratinoff in support of Plaintiffs' Motion for Summary Judgment (Confidential) | 10-ER-2358-2364 |
| 2371–2374 | Exhibit 126 to the Declaration of Jeffrey M. Ratinoff in support of Plaintiffs' Motion for Summary Judgment (Confidential) | 10-ER-2371-2374 |
| 2430 | Exhibit 7 to the Declaration of Jeffrey M. Ratinoff in support of Plaintiffs' Motion for Summary Judgment (Confidential) | 11-ER-2430 |

In this appeal, Appellant filed Volumes 10 and 11 of the excerpts of record on December 23, 2024. On December 31, 2024, counsel for Appellees demanded that Appellant delete all AEO information in his possession, and explain why he (1) attempted to file Neo4j Confidential Materials in the public record, and (2) removed the Bates Numbers and confidentiality designations from the Neo4j Confidential Materials in the excerpt. Ratinoff Decl. Ex. 2. Appellant did not respond until

2

January 6, 2025, representing that he had deleted all documents identified as AEO.

Ratinoff Decl. Ex. 3.

## II. APPELLANT DOES NOT DISPUTE THAT PAGES 2249–2256 SHOULD REMAIN SEALED

As an initial matter, Appellant does not oppose sealing pages 2249–2256 of Volume 10. *See* Opp. At 1 (listing portions of the excerpt opposed). Neo4j designated these documents as "Highly Confidential—Attorneys' Eyes Only" when it produced them to Appellant's former counsel. Neo4j's motion should therefore be granted as to these pages.

## III. APPELLANT PREVIOUSLY RECOGNIZED THE NEED FOR THE NEO4J CONFIDENTIAL MATERIALS TO REMAIN UNDER SEAL

Appellants' opposition to the motion to seal is not well taken. He moved to seal these same materials in *Neo4j I*, and admitted that the excerpts of record themselves are identical to those filed in *Neo4j I*. Ratinoff Decl. Ex. 3 (admitting that he received excerpts from former appellate counsel). Appellant does not provide a credible explanation why his position changed between *Neo4j I* and this appeal, or how the compelling reasons to seal the Neo4j Confidential Materials in *Neo4j I* do not still apply. Despite his assurances that he "take[s] the Protective Order very seriously," Appellant's present opposition suggests the opposite. *Id.*

3

## IV. THE HARM TO APPELLEES' COMPETITIVE STANDING OVERRIDES THE PUBLIC INTEREST IN ACCESS

Appellant does not dispute that public access to confidential materials should be restricted when used for improper purposes, or to harm a party's competitive standing. *See e.g., In re: Elec. Arts, Inc.*, 298 F'Appx. 568, 569 (9th Cir. 2008) (nonprecedential).  In *In re: EA*, this Court, applying *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978), a licensing agreement containing pricing terms, royalty rate, and minimum payment terms was, as a matter of law, protectable as a "source of business information that might harm a litigant's competitive standing," and as a trade secret. *In re: EA*, 298 F'Appx at 569.

Appellant repeatedly admits that the Neo4j Confidential Materials involve Appellees' confidential licensing practices or business information. Appellant argues that page 2198[1] should not remain sealed because "embarrassment or harm to reputation does not suffice," but admits that this page "discusses [Neo4j's] licensing practices, government procurement" and Neo4j's licensing practices. Opp.

---

[1] Page 2198 is an excerpt of Appellees' Memorandum of Points and Authorities in support of its Motion for Summary Judgment. A version of this page redacting the highlighted portions was filed at page 132 of Volume 2.

at 4.  Further, the highlighted portions of page 2198 cite to pages 2249–2256,[2] which also contain licensing information that Appellant does not dispute should be sealed. *See* Mot. at 3, *citing* Decl. of Jason Zagalsky at ¶¶ 2, 3(a).  Appellant does not address page 2198's citation to AEO material that is not part of this record. *See* Mot. at 4. Similarly, Appellant argues that the contents of page 2430 "demonstrates patterns in Appellees' licensing strategies and competitive behavior," and that it "provides insights into business practices that are directly relevant to this case." Opp. at 5–6.

Thus, the parties agree that pages 2198 and 2430 contain Neo4j's proprietary licensing strategies—the exact type of confidential information that this Court found to override the public interest in *In re: Elec. Arts.*

Next, Appellant misconstrues *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), and then compounds this by miscasting Appellees' concerns about competitive standing as one of merely reputational harm.  In *Kamakana*, this Court held that reputational harm *alone* does not provide sufficient reason to override the public interest in access.  As explained in Appellees' moving

---

[2] Pages 2249–2256 of Volume 10 is an April 19, 2019 Neo4j Proposal to the Maryland Procurement Office and Next Century. Zagalsky Decl. ¶ 2(a). Neo4j designated this document as AEO under the Protective Order.

5

papers, however, and as discussed above, Appellees are not relying on reputational harm *alone* to justify sealing. *See* Mot. at 3–4.

Furthermore, Appellant does not dispute that pages 2358–2364 and 2371–2374 contain Appellees' "highly confidential and commercially sensitive information regarding Neo4j's pricing, business model, and strategy for securing customer contracts and confidential details of customer relationships and preferences." Mot. at 3, *citing* Zagalsky Decl. ¶¶ 2(b)–(c). Instead, Appellant brazenly argues that his possession of these confidential materials "negates" Appellees' confidentiality concerns. Opp. at 3–4 (*citing Foltz v. State Farm Mut. Auto Inc. Co.*, 331 F.3d 112, 1136 (9th Cir. 2003)).

*Foltz* does not stand for the proposition that documents cited in a dispositive motion automatically lose their confidential status, as Appellant argues. As this Court noted in *Kamakana*, under *Foltz*, a sealing proponent must meet the "compelling reason" standard rather than the "good cause" standard to seal attachments to summary judgment motions. *Kamakana*, 447 F.3d at 1177. Appellees have met this standard. *See generally*, Mot. Far from "negating" Appellant's confidentiality obligations, his possession of these materials underscores the need to maintain Neo4j Confidential Material under seal. Appellant is subject to the Protective Order and must abide by its terms. *See Malone v. U.S.*

6

*Postal Serv.*, 833 F.2d 128, 133 (9th Cir.1987) ("It is well established that an attorney who believes a court order is erroneous is not relieved of the duty to obey it.")

There is no dispute that the Neo4j Confidential Materials contain Appellees' business strategies and licensing practices. The Court should thus grant Appellees' motion and maintain their confidential information under seal.

## V.    APPELLANT ADMITS TO IMPROPER MOTIVES

Appellant, an admitted competitor of Appellees, should not have had possession of Neo4j Confidential Materials that were designated AEO, and should not have filed ***any*** of the Neo4j Confidential Materials in the public record. *See Neo4j, Inc. v. PureThink, LLC*, No. 5:18-CV-07182-EJD, 2023 WL 7093805, at *2 (N.D. Cal. Oct. 25, 2023). Now, Appellant admits that he seeks to use Neo4j Confidential Materials for improper purposes—to investigate potential "actionable" claims unrelated to this case and appeal. Opp. at 5 (arguing that Neo4j Confidential Materials are relevant to "actionable antitrust claims").

Specifically, Appellant argues that the Neo4j Confidential Materials "could" be used to support "allegations" relating to "actionable antitrust claims" and unidentified "broader issues," ***none of which were asserted in the underlying case or are at issue in this appeal***. *See* Opp. at 5. Appellant further alludes to the antitrust

7

statute of limitations, suggesting that, if unsealed, he intends to use these materials in a separate action. *Id.*  This is the exact conduct the Protective Order prohibits:

> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case ***only for prosecuting, defending, or attempting to settle this litigation***.

Ratinoff Decl., Ex. 1 at § 7.1 (emphasis added).  Appellants' intended use of the Neo4j Confidential Material is the exact "vehicle for improper purposes" that the Supreme Court cautioned against and mandates the continued sealing of these materials since their public disclosure will clearly "harm [Appellees'] competitive standing." *Nixon*, 435 U.S. at 598.[3]  Appellant violated, and continues to unapologetically violate the Protective Order, underscoring the need to maintain the Neo4j Confidential Materials under seal.

## VI.    CONCLUSION

Appellant violated the Protective Order entered in the trial court by possessing AEO materials and filing the Neo4j Confidential Materials in the public record. There is no dispute that the Neo4j Confidential Materials contain competitively

---

[3] Cognizant of his misconduct, Appellant has inappropriately moved this Court for an order modifying the district court's Protective order. Dkt. 44.1.

8

sensitive business information that should remain sealed under *Nixon, Kamakana,*
and *In re: Elec. Arts.* Neo4j's motion to seal should be granted.

Dated:  January 30, 2025                    Respectfully submitted,


                                    */s/ Jeffrey M. Ratinoff*
                                    Jeremy A. Moseley (MT Bar #44830177)
                                    **SPENCER FANE LLP**
                                    1700 Lincoln Street, Suite 2000
                                    Denver, Colorado 80203
                                    Telephone:  303.839.3800
                                    Facsimile:   303.839.3838
                                    Email:    jmoseley@spencerfane.com

                                    John V. Picone (CA Bar #187226)
                                    Jeffrey M. Ratinoff (CA Bar #197241)
                                    **SPENCER FANE LLP**
                                    225 West Santa Clara Street, Suite 1500
                                    San Jose, CA 95113
                                    Telephone:  408.286.5100
                                    Facsimile:   408.286.5722
                                    Email:        jpicone@spencerfane.com
                                                  jratinoff@spencerfane.com

                                    Attorneys for Plaintiffs-Appellees NEO4J,
                                    INC., and NEO4J SWEDEN AB

9

<u>**CERTIFICATE OF SERVICE (CM/ECF)**</u>

I HEREBY CERTIFY that on January 30, 2025, I electronically filed the foregoing APPELLEES' REPLY IN SUPPORT OF THEIR MOTION TO SEAL PORTIONS OF VOLUMES 10 AND 11 OF THE EXCERPTS OF RECORD with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

> **John Mark Suhy**
> jmsuhy@gmail.com
>
> **Rick Sanders**
> rick@sfconservancy.org
>
> **Aaron Kyle Williamson**
> aaron@williamson.legal

                    /s/   Jeffrey M. Ratinoff
                    Jeffrey M. Ratinoff

10