IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br><br>        Plaintiffs-ctr-defendants-Appellees,<br><br>v.<br><br>JOHN MARK SUHY,<br><br>        Defendant-ctr-claimant-Appellant,<br><br>and<br><br>PURETHINK LLC, a Delaware limited liability company, and IGOV, INC., a Virginia corporation,<br><br>        Defendants. | No. 24-5538<br><br>District No. 5:18-cv-07182-EJD<br>U.S. District Court for the Northern District of California<br><br><br>**DECLARATION OF JEFFREY M. RATINOFF IN SUPPORT OF APPELLEES' REPLY IN SUPPORT OF THEIR MOTION TO SEAL PORTIONS OF VOLS. 10 AND 11** |

I, Jeffrey M. Ratinoff, declare:

1.      I am an attorney at law, duly licensed to practice before all courts of the State of California and am admitted in the United States Court of Appeals for the Ninth Circuit. I am a partner at Spencer Fane LLP, attorneys of record for Neo4j, Inc. and Neo4j Sweden AB (collectively "Appellees") in the above-captioned matter. I make this declaration in Support of Appellees' Reply to their Motion to Seal Portions of Vols. 10 and 11 of the Excerpts of Record.

2.      On December 23, 2024, Appellant John M. Suhy ("Suhy" or "Appellant") filed Volumes 10 and 11 of the Except of Record. Those volumes contain documents and material Appellees previously designated as either "Confidential" or "Highly Confidential - Attorneys Eyes Only" ("AEO") under the Protective Order entered in the underlying district court case. Under the Protective Order, Mr. Suhy is prohibited from having access to and/or possession of AEO materials. The Protective Order also restricts the disclosure of Confidential to only those authorized thereunder, as well as prohibits the disclosure and use of both Confidential and AEO materials outside of this case. A true and correct copy of the Protective Order entered by the District Court on October 25, 2024, is attached as **Exhibit 1**.

3.      On December 29, 2024, I emailed Mr. Suhy to demand that he explain why (1) he had possession of materials designated under the protective order, and

1

(2) why he attempted to file these materials in the public record violation of the protective order. A true and correct copy of this email is attached as **Exhibit 2**.

4.    A true and correct copy of Mr. Suhy's January 6, 2025 response is attached as **Exhibit 3**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on this 30th day of January 2025 at San Jose, California.

*/s/ Jeffrey M. Ratinoff*
Jeffrey M. Ratinoff

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I HEREBY CERTIFY that on January 30, 2025, I electronically filed the foregoing **DECLARATION OF JEFFREY M. RATINOFF IN SUPPORT OF APPELLEES' REPLY IN SUPPORT OF THEIR MOTION TO SEAL PORTIONS OF VOLS. 10 AND 11** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

**John Mark Suhy**
jmsuhy@gmail.com

**Rick Sanders**
rick@sfconservancy.org

**Aaron Kyle Williamson**
aaron@williamson.legal

*/s/   Jeffrey M. Ratinoff*
Jeffrey M. Ratinoff

3

# EXHIBIT 1

1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                        NORTHERN DISTRICT OF CALIFORNIA

9    NEO4J, INC., a Delaware corporation,        CASE NO.  5:18-cv-07182-EJD

10                    Plaintiff,                  **STIPULATED PROTECTIVE ORDER**

11            v.

12   PURETHINK LLC, a Delaware limited
     liability company, IGOV INC., a Virginia
13   corporation, and JOHN MARK SUHY, an
     individual,
14
                      Defendants.
15

16   AND RELATED COUNTERCLAIM.

17

18   1.      PURPOSES AND LIMITATIONS

19           Disclosure and discovery activity in this action are likely to involve production of

20   confidential, proprietary, or private information for which special protection from public

21   disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

22   Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

23   Protective Order. The parties acknowledge that this Order does not confer blanket protections on

24   all disclosures or responses to discovery and that the protection it affords from public disclosure

25   and use extends only to the limited information or items that are entitled to confidential treatment

26   under the applicable legal principles.  The parties further acknowledge, as set forth in Section

27   13.3, below, that this Stipulated Protective Order does not entitle them to file confidential

28   information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and

the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and/or is not publicly known and is of technical or commercial advantage to its possessor, including trade secret, financial, proprietary, competitive, or commercially sensitive information, or other information required by law or agreement to be kept confidential.

2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    <u>Designated In-House Personnel</u>: employees of a Party who seek access to "CONFIDENTIAL" information in this matter.

2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, which includes, but is not limited to: (a) highly confidential research and development, financial, technical, marketing, any other highly sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter; (b) highly commercially sensitive competitive information, including, without limitation, information obtained from a non-party pursuant to a current Nondisclosure Agreement ("NDA"); (c) information or data relating to future products not yet commercially released or strategic plans; and (d) commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party.

2.9    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel, except for Richard Edward Starr, Esq. of Alexandria Virginia who shall be treated as Designated House Counsel for Defendants and Counterclaimants iGov Inc. and Purethink LLC and shall execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A) before being permitted to review materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

///

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

/ / /

1   obtained the information lawfully and under no obligation of confidentiality to the Designating

2   Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

3   4.      DURATION

4          Even after final disposition of this litigation, the confidentiality obligations imposed by

5   this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

6   order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

7   claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

8   the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

9   including the time limits for filing any motions or applications for extension of time pursuant to

10  applicable law.

11  5.      DESIGNATING PROTECTED MATERIAL

12         5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party

13  or Non-Party that designates information or items for protection under this Order must take care

14  to limit any such designation to specific material that qualifies under the appropriate standards.

15  To the extent it is practical to do so, the Designating Party must designate for protection only

16  those parts of material, documents, items, or oral or written communications that qualify – so that

17  other portions of the material, documents, items, or communications for which protection is not

18  warranted are not swept unjustifiably within the ambit of this Order.

19         Mass, indiscriminate, or routinized designations are prohibited. Designations that are

20  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

21  unnecessarily encumber or retard the case development process or to impose unnecessary

22  expenses and burdens on other parties) expose the Designating Party to sanctions.

23         If it comes to a Designating Party's attention that information or items that it designated

24  for protection do not qualify for protection at all or do not qualify for the level of protection

25  initially asserted, that Designating Party must promptly notify all other parties that it is

26  withdrawing the mistaken designation.

27  / / /

28  / / /

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3292733.7                                    - 5 -

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery

Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

/ / /

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days after receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the

designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

/ / /

/ / /

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, or employees (including House Counsel) of the Receiving Party to whom disclosure is necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

1  unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

2  deposition testimony or exhibits to depositions that reveal Protected Material must be separately

3  bound by the court reporter and may not be disclosed to anyone except as permitted under this

4  Stipulated Protective Order.

5       (g) the author or recipient of a document containing the information or a custodian or

6  other person who otherwise possessed or knew the information.

7       7.3      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and

8  "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.  Unless otherwise

9  ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

10  disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

11  EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

12       (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees

13  of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information

14  for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that

15  is attached hereto as Exhibit A;

16       (b) Designated House Counsel of the Receiving Party  (1) who has no involvement in

17  competitive decision-making, (2) to whom disclosure is necessary for this litigation, (3) who has

18  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the

19  procedures set forth in paragraph 7.4(a)(1), below, have been followed.  Plaintiff Neo4j Inc.

20  agrees that Richard Starr shall be entitled as House Counsel for Defendants PureThink LLC and

21  iGov Inc. to review materials designated by Neo4j Inc. as "HIGHLY CONFIDENTIAL –

22  ATTORNEYS' EYES ONLY" provided he has first signed the "Acknowledgment and

23  Agreement to Be Bound" (Exhibit A).  However, this agreement does not permit Mr. Starr to

24  have access to or review materials designated by Neo4j Inc. as "HIGHLY CONFIDENTIAL –

25  SOURCE CODE."

26       (c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this

27  litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

28  and (3) as to whom the procedures set forth in Section 7.4, below, have been followed;

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3292733.7

STIPULATED PROTECTIVE ORDER

- 11 -

CASE NO. 5:18-CV-07182-EJD

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Designated House Counsel or Experts.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to Section 7.3(c) first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,  and (5) identifies (by name and number of the case, filing

1    date, and location of court) any litigation in connection with which the Expert has offered expert

2    testimony, including through a declaration, report, or testimony at a deposition or trial, during the

3    preceding five years.

4        (b) A Party that makes a request and provides the information specified in the preceding

5    respective paragraphs may disclose the subject Protected Material to the identified Designated

6    House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a

7    written objection from the Designating Party. Any such objection must set forth in detail the

8    grounds on which it is based.

9        (c) A Party that receives a timely written objection must meet and confer with the

10   Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

11   agreement within seven days of the written objection. If no agreement is reached, the Party

12   seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as

13   provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

14   seeking permission from the court to do so. Any such motion must describe the circumstances

15   with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or

16   the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and

17   suggest any additional means that could be used to reduce that risk. In addition, any such motion

18   must be accompanied by a competent declaration describing the parties' efforts to resolve the

19   matter by agreement (i.e., the extent and the content of the meet and confer discussions) and

20   setting forth the reasons advanced by the Designating Party for its refusal to approve the

21   disclosure.

22       In any such proceeding, the Party opposing disclosure to Designated House Counsel or the

23   Expert shall bear the burden of proving that the risk of harm that the disclosure would entail

24   (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected

25   Material to its Designated House Counsel or Expert.

26   / / /

27   / / /

28   / / /

8.    SOURCE CODE

(a)    To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.

(c)    Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location.  The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d)    The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the

/ / /

"Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)    The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

1    "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from

2    which the subpoena or order issued, unless the Party has obtained the Designating Party's

3    permission. The Designating Party shall bear the burden and expense of seeking protection in that

4    court of its confidential material – and nothing in these provisions should be construed as

5    authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

6    another court.

7    10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

8           LITIGATION

9        (a)    The terms of this Order are applicable to information produced by a Non-Party in

10   this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

11   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such

12   information produced by Non-Parties in connection with this litigation is protected by the

13   remedies and relief provided by this Order. Nothing in these provisions should be construed as

14   prohibiting a Non-Party from seeking additional protections.

15       (b)    In the event that a Party is required, by a valid discovery request, to produce a

16   Non-Party's confidential information in its possession, and the Party is subject to an agreement

17   with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

18           1.    promptly notify in writing the Requesting Party and the Non-Party that

19   some or all of the information requested is subject to a confidentiality agreement with a Non-

20   Party;

21           2.    promptly provide the Non-Party with a copy of the Stipulated Protective

22   Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

23   the information requested; and

24           3.    make the information requested available for inspection by the Non-Party.

25       (c)    If the Non-Party fails to object or seek a protective order from this court within 14

26   days of receiving the notice and accompanying information, the Receiving Party may produce the

27   Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

28   seeks a protective order, the Receiving Party shall not produce any information in its possession

1  or control that is subject to the confidentiality agreement with the Non-Party before a

2  determination by the court. Absent a court order to the contrary, the Non-Party shall bear the

3  burden and expense of seeking protection in this court of its Protected Material.

4  11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

5       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

6  Material to any person or in any circumstance not authorized under this Stipulated Protective

7  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

8  unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

9  Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

10  made of all the terms of this Order, and (d) request such person or persons to execute the

11  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12  12.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
13          MATERIAL

14       If information subject to a claim of attorney-client privilege, work product immunity, or

15  other privilege, doctrine, right, or immunity is inadvertently or unintentionally produced, such

16  production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such

17  privilege, doctrine, right or immunity.  When a Producing Party gives notice to Receiving Parties

18  that certain inadvertently produced material is subject to a claim of privilege or other protection,

19  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure

20  26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in

21  an e-discovery order that provides for production without prior privilege review. Pursuant to

22  Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of

23  disclosure of a communication or information covered by the attorney-client privilege or work

24  product protection, the parties may incorporate their agreement in the stipulated protective order

25  submitted to the court.

26  13.     MISCELLANEOUS

27       13.1     Right to Further Relief. Nothing in this Order abridges the right of any person to

28  seek its modification by the court in the future.

842\3292733.7                            - 17 -

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 <u>Filing Protected Material</u>. Without written permission from the Party or a non-party whose confidentiality interest is being protected by the designation of Disclosure or Discovery Material as Protected Material or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. If a Party wishes to submit any Protected Material to the Court in this action that has been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE, the Party shall comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

14. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

1   not retained any copies, abstracts, compilations, summaries or any other format reproducing or

2   capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

3   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

4   legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

5   product, and consultant and expert work product, even if such materials contain Protected

6   Material.  Any such archival

7   copies that contain or constitute Protected Material remain subject to this Protective Order as set

8   forth in Section 4 (DURATION).

9          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

10   Dated:  September 30, 2019                    HOPKINS & CARLEY
                                                   A Law Corporation
11

12                                                 By: /s/ Jeffrey M. Ratinoff
                                                       Jeffrey M. Ratinoff
13                                                     Attorneys for Plaintiff and Counter-
                                                       Defendant NEO4J, INC.
14   Dated:  September 30, 2019

15                                                 By: /s/ Adron W. Beene
16                                                     Adron W. Beene
                                                       Adron G. Beene
17                                                     Attorneys for Defendants and
                                                       Counterclaimants
18                                                     PURETHINK LLC, IGOV INC., and
                                                       JOHN MARK SUHY
19

20          PURSUANT TO STIPULATION, IT IS SO ORDERED.

21

22

23   DATED: _October 2, 2019_____      _____
                                             Susan van Keulen
24                                           United States Magistrate Judge

25

26

27

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3292733.7                              - 19 -
STIPULATED PROTECTIVE ORDER                     CASE NO. 5:18-CV-07182-EJD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on [date] in the case of NEO4J, INC. v. PURETHINK LLC, et

al., Case No. 5:18-cv-07182-EJD.  I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                      [printed name]

Signature: _____
                      [signature]

842\3292733.7

STIPULATED PROTECTIVE ORDER                                CASE NO. 5:18-CV-07182-EJD

1

## FILER'S ATTESTATION

2      I, Jeffrey M. Ratinoff, am the ECF user whose credentials were utilized in the electronic

3  filing of this document.  In accordance with N.D. Cal. Civil Local Rule 5-1(i)(3), I hereby attest

4  that all signatories hereto concur in this filing.

5  Dated:  September 30, 2019                    HOPKINS & CARLEY
                                                 A Law Corporation
6

7                                                By: */s/ Jeffrey M. Ratinoff*
                                                     Jeffrey M. Ratinoff
8                                                    Attorneys for Plaintiff and Counter-
                                                     Defendant NEO4J, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER                                CASE NO. 5:18-CV-07182-EJD

# EXHIBIT 2

**Archived:** Thursday, January 30, 2025 10:03:15 AM
**From:** Ratinoff, Jeff
**To:** John Mark Suhy
**Cc:** Picone, John  Moseley, Jeremy
**Subject:** RE: Neo4j v. Suhy (9th Circuit) - Notice of Violation of Protective Order
**Importance:** Normal
**Sensitivity:** None

---

Dear Mr. Suhy,

Your failure to respond to my email below is problematic as you are in violation of the Protective Order. Unless you immediately confirm (1) you have no other "Highly Confidential – Attorneys' Eyes Only" materials other than what was filed; (2) you have destroyed all such AEO materials in your possession; and (3) provide an explanation as to how you obtained those designated materials, Neo4j will have no other choice than to seek an order to show cause as to why you should not be held in contempt for violating the Protective Order. If the Court finds you in violation of the Protective Order, which you clearly are, it can impose fines and imprisonment to secure compliance. The Court may also award Neo4j all attorneys' fees it incurs in seeking such relief. Thus, your immediate cooperation is required to avoid such proceedings.

Sincerely,
Jeffrey M. Ratinoff

---

**From:** Ratinoff, Jeff
**Sent:** Sunday, December 29, 2024 4:03 PM
**To:** John Mark Suhy <jmsuhy@gmail.com>
**Cc:** Picone, John <jpicone@spencerfane.com>; Moseley, Jeremy <jmoseley@spencerfane.com>
**Subject:** Neo4j v. Suhy (9th Circuit) - Notice of Violation of Protective Order

Dear Mr. Suhy,

After reviewing the Excerpts of Record you filed on December 23, 2024, it has come to our attention that you improperly filed in the public record materials designated by Neo4j as either "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Protective Order entered by the district court, and subsequently filed under seal by order of the trial court. With the respect to the latter, the Protective Order forbids you from reviewing or possessing those documents. More importantly, you have publicly disclosed Neo4j's confidential and proprietary information in further violation of the Protective Order.

Accordingly, ___you must immediately take all necessary steps to remove the following from the public record:___

- \* APPELLANTS' EXCERPT OF RECORD VOL. 10 OF 16, including but not limited to:
  - \* Pages 2249-2250 - the sealed version of Exhibit 12 to the Broad Declaration in Support of Plaintiffs' Consolidated Motion for Summary Judgment (Dkt. No. 98-3). This document, N4J_019984-N4J_019990 was designated by Neo4j as AEO HIGHLY CONFIDENTIAL – AEO and ordered filed under seal by the trial court (Dkt. No. 119, attached). Accordingly, you must immediately destroy all electronic and hard copy versions of this document. In addition, please provide a detailed explanation as to how you came into possession of this document, why you removed the HIGHLY CONFIDENTIAL – AEO designation and identify anyone else beyond your

former counsel that possesses this document.

- ○ * Pages 2358-2364 - the SEALED/UNREDACTED Version of Exhibit 27 to Ratinoff Declaration in Support of Plaintiffs' Consolidated Motion for Summary Judgment (Dkt. No. 98-1). As you can see from the attached true and correct copy, the redacted portions of the document, IGOV00000298.0001- IGOV00000298.0006, were designated by Neo4j as CONFIDENTIAL.

- * APPELLANTS' EXCERPT OF RECORD VOL. 11 OF 16, including but not limited to:

  - ○ * Page 2430 – an October 2016 email exchange between Jason Zagalsky and David Mohr. This was exhibit 7 to Mr. Bean's declaration (Dkt. No. 100-3), which was produced and designed as "Confidential" by Neo4j (see attached) and ordered filed under seal (Dkt. No. 116, attached). Thus, should not have been filed in the public record.

Finally, we note that Pages 2413 of 2429 APPELLANTS' EXCERPT OF RECORD VOL. 11 OF 16 are redacted. Please provide the unredacted copy of the materials subject to the redactions so we may evaluate what steps are necessary to ensure that they are not publicly filed and whether you are improperly in possession of additional AEO designated materials.

Sincerely,

**Jeffrey M. Ratinoff**  Partner
Spencer Fane LLP

225 West Santa Clara St, Suite 1500 | San Jose, CA 95113
**O** 408.918.2808
jratinoff@spencerfane.com | spencerfane.com

# EXHIBIT 3

**Archived:** Thursday, January 30, 2025 10:03:24 AM
**From:** Ratinoff, Jeff
**To:** John Mark Suhy
**Cc:** Picone, John  Moseley, Jeremy
**Subject:** RE: [EXTERNAL] Re: Neo4j v. Suhy (9th Circuit) - Notice of Violation of Protective Order
**Importance:** Normal
**Sensitivity:** None

---

Mr. Suhy,

Thank you for your cooperation.  It appears that Volumes 10 and 11 are similar to the prior ones filed with your first appeal, and were subject to a sealing order by the appellate court.  In our estimate the redacted portion of the volume constitutes information that Neo4j designated as Highly Confidential – Attorneys' Eyes Only under the Protective Order.  Thus, your appellate counsel correctly did not disclose that information to you.  For some inexplicable reason, however, it seems that he removed the designations for the other designated materials before transmitting the volumes.  For this reason, we asked the clerk to remove the volumes from the public record pending us filing a motion to seal.  We will only be doing so with respect to Neo4j's confidential information in those volumes.

Sincerely,
Jeffrey Ratinoff

---

**From:** John Mark Suhy <jmsuhy@gmail.com>
**Sent:** Monday, January 6, 2025 3:08 PM
**To:** Ratinoff, Jeff <jratinoff@spencerfane.com>
**Cc:** Picone, John <jpicone@spencerfane.com>; Moseley, Jeremy <jmoseley@spencerfane.com>
**Subject:** Re: [EXTERNAL] Re: Neo4j v. Suhy (9th Circuit) - Notice of Violation of Protective Order

[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.

Dear Mr. Ratinoff,

I want to assure you that I take the Protective Order very seriously.

I received Volumes 10 and 11, including Exhibit 12, from my prior appellate counsel.

There were no "Highly Confidential – Attorneys' Eyes Only" markings on those pages (Pages 2249-2250, Vol. 10) , and I did not remove any such markings.

I have deleted those pages from my files in reliance on your representation that they are in fact AEO.

To confirm, I searched my records for the Bates references N4J_019984 through N4J_019990 and verified these pages only appeared in Volume 10, which I have removed.

I also note that the Court has already removed Volumes 10 and 11 from the docket.

Regarding the redacted materials in Volume 11, I only have them in redacted form and do not have access to any unredacted content.

Please let me know if there is anything else I need to do to address this matter.

Respectfully,

John Mark Suhy Jr


On Thu, Jan 2, 2025 at 4:35 'a0PM Ratinoff, Jeff <jratinoff@spencerfane.com> wrote:
>
> Dear Mr. Suhy,
>
>
> Thank you for your response. As I stated in my prior email, Exhibit 12 to the Rathle Declaration (Pages 2249-2250, Vol. 10 of 16) was designated by Neo4j as "Highly Confidential- Attorneys' Eyes Only" when it was produced to your counsel. The fact that you may have either intentionally or unintentionally stripped the footer that contained both that designation and the Bates number does not relieve you of your obligation to comply with the Protective Order. Accordingly, you must immediately destroy all copies in your possession, and explain how you came into possession of this document. If you continue to refuse, then we will need to take the matter up with the Court. You also have not and what documents constitute the redacted portion of Vol 11 of 16. Please do so.
>
>
> Sincerely,
> Jeffrey Ratinoff.
>
>
>
> From: John Mark Suhy <jmsuhy@gmail.com>
> Sent: Thursday, January 2, 2025 1:24 PM
> To: Ratinoff, Jeff <jratinoff@spencerfane.com>
> Cc: Picone, John <jpicone@spencerfane.com>; Moseley, Jeremy <jmoseley@spencerfane.com>
> Subject: [EXTERNAL] Re: Neo4j v. Suhy (9th Circuit) - Notice of Violation of Protective Order
>
>
>
> [Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.
>
>
> _____
>
> Dear Mr. Ratinoff,
>
> Thank you for your emails regarding the materials filed on December 23, 2024. I want to emphasize that I take these concerns seriously and would never knowingly violate a Protective Order. I am currently reviewing the documents in question to verify whether they were properly designated and redacted.

>
> I would like to clarify a few points:
>
> 1. Possession of "AEO" Materials
>
> I do not currently have access to any "Highly Confidential – Attorneys' Eyes Only" documents. If I discover that any materials have been inadvertently disclosed or misfiled, I will promptly address and correct the issue in accordance with the Protective Order.
>
> 2. Email Designation
>
> It appears there may be a misunderstanding regarding the email you referenced as "Attorneys' Eyes Only." My understanding is that it was an email I had sent, which would not ordinarily fall under an AEO designation. Nonetheless, I will confirm its status to ensure compliance.
>
> 3. Court Updates
>
> My review so far indicates that the Court has already addressed some of these issues (e.g., the removal of references to #10 and #11). However, I am verifying all relevant filings to make certain everything aligns with the Court's orders.
>
>
>
> I appreciate you bringing these matters to my attention. Should I identify any further issues or inadvertent disclosures, I will take immediate corrective steps and notify you. I plan to complete my review by Monday and will follow up accordingly.
>
> Respectfully,
>
> John Mark Suhy, Jr.
>
> Pro Se Appellant
>
>
>
>
>
> On Tue, Dec 31, 2024 at 14:30 Ratinoff, Jeff <jratinoff@spencerfane.com> wrote:
>
> Dear Mr. Suhy,
>
>
> Your failure to respond to my email below is problematic as you are in violation of the Protective Order. Unless you immediately confirm (1) you have no other "Highly Confidential – Attorneys' Eyes Only" materials other than what was filed; (2) you have destroyed all such AEO materials in your possession; and (3) provide an explanation as to how you obtained those designated materials, Neo4j will have no other choice than to seek an order to show cause as to why you should not be held in contempt for violating the Protective Order. If the Court finds you in violation of the Protective Order, which you clearly are, it can impose fines and imprisonment to secure compliance. The Court may also award Neo4j all attorneys' fees it incurs in seeking such relief. Thus, your immediate cooperation is required to avoid such proceedings.
>

> 
> 
> Sincerely,
> Jeffrey M. Ratinoff
> 
> 
> 
> From: Ratinoff, Jeff
> Sent: Sunday, December 29, 2024 4:03 PM
> To: John Mark Suhy <jmsuhy@gmail.com>
> Cc: Picone, John <jpicone@spencerfane.com>; Moseley, Jeremy <jmoseley@spencerfane.com>
> Subject: Neo4j v. Suhy (9th Circuit) - Notice of Violation of Protective Order
> 
> 
> 
> Dear Mr. Suhy,
> 
> 
> After reviewing the Excerpts of Record you filed on December 23, 2024, it has come to our attention that you improperly filed in the public record materials designated by Neo4j as either "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Protective Order entered by the district court, and subsequently filed under seal by order of the trial court. With the respect to the latter, the Protective Order forbids you from reviewing or possessing those documents. More importantly, you have publicly disclosed Neo4j's confidential and proprietary information in further violation of the Protective Order.
> 
> 
> 
> Accordingly, you must immediately take all necessary steps to remove the following from the public record:
> 
> 
> 
> APPELLANTS' EXCERPT OF RECORD VOL. 10 OF 16, including but not limited to:
> 
> Pages 2249-2250 - the sealed version of Exhibit 12 to the Broad Declaration in Support of Plaintiffs' Consolidated Motion for Summary Judgment (Dkt. No. 98-3). This document, N4J_019984-N4J_019990 was designated by Neo4j as AEO HIGHLY CONFIDENTIAL – AEO and ordered filed under seal by the trial court (Dkt. No. 119, attached). Accordingly, you must immediately destroy all electronic and hard copy versions of this document. In addition, please provide a detailed explanation as to how you came into possession of this document, why you removed the HIGHLY CONFIDENTIAL – AEO designation and identify anyone else beyond your former counsel that possesses this document.
> Pages 2358-2364 - the SEALED/UNREDACTED Version of Exhibit 27 to Ratinoff Declaration in Support of Plaintiffs' Consolidated Motion for Summary Judgment (Dkt. No. 98-1). As you can see from the attached true and correct copy, the redacted portions of the document, IGOV00000298.0001- IGOV00000298.0006, were designated by Neo4j as CONFIDENTIAL.
> 
> APPELLANTS' EXCERPT OF RECORD VOL. 11 OF 16, including but not limited to:
> 
> Page 2430 – an October 2016 email exchange between Jason Zagalsky and David Mohr. This was exhibit 7 to Mr. Bean's declaration (Dkt. No. 100-3), which was produced and designed as "Confidential" by Neo4j (see attached) and ordered filed under seal (Dkt. No. 116, attached). Thus, should not have been filed in the public record.

>
> Finally, we note that Pages 2413 of 2429 APPELLANTS' EXCERPT OF RECORD VOL. 11 OF 16 are redacted. Please provide the unredacted copy of the materials subject to the redactions so we may evaluate what steps are necessary to ensure that they are not publicly filed and whether you are improperly in possession of additional AEO designated materials.
>
>
>
> Sincerely,
>
> Jeffrey M. Ratinoff Partner
> Spencer Fane LLP
>
> _____
>
> 225 West Santa Clara St, Suite 1500 | San Jose, CA 95113
> O 408.918.2808
> jratinoff@spencerfane.com | spencerfane.com
>
>