IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

CASE NO.: 24-5538
NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation
Plaintiffs-Appellees,

v.

JOHN MARK SUHY,
Defendant-Appellant.

**APPELLANT'S OPPOSITION TO APPELLEES' MOTION FOR SECOND EXTENSION OF TIME TO FILE ANSWER BRIEF**

Defendant-Appellant, John Mark Suhy ("Appellant"), respectfully opposes Appellees' Motion for a Second Extension of Time to File Answer Brief, filed on February 6, 2025. The motion should be denied for the following reasons:

**1. PREJUDICE TO APPELLANT DUE TO ONGOING COLLECTIONS**

Appellees' request for yet another extension significantly prejudices Appellant. While this appeal remains pending, Appellees are actively pursuing post-judgment collection efforts in Fairfax County Circuit

1

Court, including bi-monthly wage garnishments, which this extension directly impacts. Despite Appellant's request that collections be stayed during the appeal, Appellees have refused to do so. The delay in the appellate process only exacerbates this prejudice by prolonging Appellant's exposure to enforcement proceedings while also delaying resolution of the underlying legal issues.

## 2. THIS IS THE THIRD EXTENSION OF TIME

Appellees misrepresent their procedural history. While they frame this as a "second" extension request, the reality is that an extension was already granted by mutual agreement during mediation. Following that, Appellees obtained a Streamlined Extension under Circuit Rule 31-2.2, which Appellant opposed but ultimately withdrew his objection to, in good faith. This latest request, however, demonstrates that Appellees are now seeking additional time beyond their initial streamlined extension, despite having taken advantage of prior extensions. Granting yet another extension would allow Appellees to repeatedly delay this appeal at Appellant's expense.

## 3. APPELLANT, A PRO SE LITIGANT, HAS MET ALL DEADLINES WITHOUT EXTENSIONS

Unlike Appellees, who are represented by a well-resourced law firm with multiple attorneys, Appellant is a pro se litigant who has diligently complied with all deadlines and procedural requirements. Despite these challenges, Appellant timely filed his opening brief and all required filings without requesting an extension. Appellees, with significantly more legal resources at their disposal, should not be permitted to repeatedly delay this case while Appellant bears the consequences of their strategic litigation tactics.

## 4. APPELLEES' JUSTIFICATION FOR EXTENSION LACKS MERIT

Appellees claim that their inability to meet the deadline is due to ongoing motion practice. However, these motions were foreseeable and part of the normal appellate process. Furthermore, Appellees cite an upcoming firm-wide intellectual property meeting as a scheduling conflict. This is an internal administrative issue entirely within Appellees' control and should not be grounds for extending a federal

3

appeal schedule, particularly when Appellant is suffering active financial harm from collection proceedings.

## 5. APPELLEES DENIED APPELLANT'S REASONABLE REQUEST FOR A STAY

Appellant previously filed a Motion to Stay Enforcement of Judgment, which was denied. Appellant then communicated to opposing counsel that he would not oppose an extension if Appellees agreed to pause their collection efforts until after this appeal is resolved. Appellees refused. This demonstrates that Appellees are not seeking an extension in good faith, but rather as a tactical move to delay the resolution of this appeal while continuing aggressive collection efforts against Appellant.

## 6. APPELLEES' INCONSISTENT JUSTIFICATIONS

In their motion, Appellees claim they need an extension due to "unexpected motion practice" and "scheduling conflicts." However, in an email dated February 5, 2025, Appellees' counsel, Mr. Jeremy Moseley, explicitly stated that the extension was needed due to both ongoing motions and a **previously scheduled IP conference.** Since this

4

conference was **pre-scheduled**, it was not an unforeseen issue. This contradiction undercuts their argument that the extension is based on newly arising circumstances.

Furthermore, in response to Appellees' email, (Exhibit A) Appellant offered a reasonable compromise: he would not oppose the extension if Appellees agreed to pause their collection efforts until after this appeal. Appellees ignored this fair request and proceeded with their motion instead. This demonstrates that their request is not about fairness or necessity but about delay tactics that serve their strategic interests.

## 7. APPELLEES HAVE AN ALTERNATIVE PATH TO AN EXTENSION

Appellant is not unreasonably opposing an extension. Rather, Appellant has made clear to Appellees that he would not oppose an extension if Appellees agreed to suspend collection efforts during the appeal. Instead of engaging in a reasonable discussion on this fair compromise, Appellees proceeded with this motion. If Appellees are genuinely in need of additional time, they may refile their request with Appellant's agreement once they demonstrate a willingness to pause collections.

5

Therefore, denying this motion does not prejudice Appellees in any way; rather, it places the burden on them to decide whether they wish to continue aggressive enforcement actions or seek additional time in good faith.

## 8. CONCLUSION

Granting this motion would further prejudice Appellant and create an unjustified delay. Given that this is the third extension of time, and Appellees' second formal request for additional time, and that Appellees have failed to demonstrate a valid reason for yet another extension, Appellant respectfully requests that this Court **DENY** Appellees' motion and maintain the existing deadline for filing their Answer Brief. However, if the Court is inclined to grant the extension despite this opposition, Appellant respectfully submits that fairness dictates that post-judgment enforcement actions, including bi-monthly wage garnishments, should be paused until the Answering Brief is filed, as the extension prolongs the resolution of this appeal.

**See Exhibit A:** Email exchange between Appellant and Appellees' counsel, demonstrating Appellees' refusal to negotiate a fair resolution regarding the extension and collection efforts.

Respectfully submitted,

**John Mark Suhy**
Pro Se
Dated: 02/06/2025
8814 Danewood Dr
Alexandria, VA 22308
Tel: (703) 862-7780
Email: jmsuhy@gmail.com

## CERTIFICATE OF SERVICE

I, John Mark Suhy Jr, hereby certify that on this February 6, 2025, I

electronically filed the foregoing motion, exhibit, and declaration with the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ John Mark Suhy Jr
John Mark Suhy Jr
8814 Danewood Dr
Alexandria, VA 22308
jmsuhy@gmail.com
703-862-7780