IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

CASE NO.: 24-5538
NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation
Plaintiffs-Appellees,

v.

JOHN MARK SUHY,
Defendant-Appellant.

**APPELLANT'S REPLY IN SUPPORT OF MOTION TO MODIFY PROTECTIVE ORDER**

**I. INTRODUCTION**

In its Opposition, Neo4j argues that Appellant must seek relief in the district court because it retains jurisdiction over protective orders, citing *Brennan v. Opus Bank*. However, while Brennan affirms that district courts maintain supervisory authority over their own records, it does not establish that appellate courts are barred from intervening when a protective order impairs due process or obstructs meaningful appellate review. Ninth Circuit precedent confirms that appellate intervention is appropriate when a protective order undermines

1

fundamental fairness and restricts a litigant's ability to present their case on appeal.

Neo4j also renews allegations of prior misconduct by Appellant, failing, however, to disclose that the district court explicitly rejected those charges. In *Dkt. 115*, entered on March 11, 2021, Magistrate Judge van Keulen denied Neo4j's request for sanctions, holding that a cursory reference to "Document 100" in a USPTO filing did not violate any protective order. (*Dkt. 115 at 2*). Accordingly, Neo4j's effort to depict Appellant as a habitual violator of confidentiality obligations lacks any factual basis.

Appellant therefore respectfully asks this Court to (1) grant the Motion to Modify the Protective Order and allow Appellant sufficient access to the "Attorney Eyes Only" materials, or (2) at minimum, issue a limited remand for expedited resolution by the district court. Further delay would prejudice Appellant's ability to respond meaningfully to Neo4j's arguments on appeal, especially given Appellant's pro se status and the inability to rely on counsel's "eyes only" access.

2

## II. THE NINTH CIRCUIT'S DISCRETIONARY AUTHORITY TO MODIFY PROTECTIVE ORDERS

Appellee cites *Brennan v. Opus Bank*, 796 F.3d 1125 (9th Cir. 2015), to argue that the district court retains exclusive jurisdiction over the protective order. However, *Brennan* merely affirms that district courts maintain supervisory authority over their own records, not that appellate courts are barred from intervening when a protective order unfairly impacts an appeal.

Unlike *Brennan*, which addressed arbitration and post-judgment record management, this case presents a due process issue affecting the fairness of appellate proceedings. The Ninth Circuit has recognized that protective orders should not create an unfair litigation advantage or impose burdens that deprive a party of meaningful participation in their case. See *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470-72 (9th Cir. 1992) (acknowledging due process concerns when protective orders restrict access to crucial litigation materials); *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (holding

3

that protective orders must be balanced against fairness and should not be used as a procedural weapon).

Here, because Appellant is proceeding pro se, the AEO designation completely bars him from reviewing documents that form the basis of Neo4j's damages, licensing, and ownership claims, issues that are central to this appeal. This is not merely a routine discovery dispute; it is a due process violation that directly affects Appellant's ability to litigate his case at the appellate level. Where a protective order prevents a party from effectively responding to claims on appeal, the Ninth Circuit retains authority to modify the order or issue a limited remand for expedited review to ensure fairness.

## III. THE DISTRICT COURT DENIED NEO4J'S CLAIMS OF PROTECTIVE ORDER VIOLATION (DKT. 115)

Neo4j's Opposition devotes considerable space suggesting Appellant has previously violated the Protective Order. Yet the district court already rejected that position. In Dkt. 115, Magistrate Judge van Keulen

considered Neo4j's motion for sanctions, which was premised on nearly identical allegations. The court held:

"The mere reference to 'document 100' does not, by any stretch of the imagination, violate the Protective Order…. Defendants readily acknowledge the AEO status of documents in the litigation before this Court and the need to address their confidential nature before filing those documents with the TTAB." (Dkt. 115 at 2.)

The district court also criticized Neo4j for raising "wholly misplaced" arguments, cautioning that they represented a "waste of judicial resources." (Id.) Thus, Neo4j's recycled allegations regarding Appellant's supposed history of misuse remain unsupported. If anything, the district court's order indicates that Appellant did abide by the Protective Order, undermining Neo4j's effort to paint him as a bad-faith actor.

# IV. DELAYING A RULING WOULD UNFAIRLY PREJUDICE APPELLANT

Remanding this matter for a new round of briefing in the district court, or forcing Appellant to initiate a fresh motion below, would create

5

undue delay. Appellees' appellate brief is due soon, and Appellant risks being unable to rebut any arguments relying on AEO documents unless he obtains timely access. See *Phillips*, 307 F.3d at 1212 (protective orders should not "unnecessarily restrict a litigant's access to information"). Without modification or an expeditious limited remand, Appellant's pro se defense will be severely hamstrung.

Moreover, Appellant is not requesting unbridled disclosure. He remains willing to sign a confidentiality acknowledgment, accept redacted summaries, or adopt any other measures tailored to protect Neo4j's interests. But it is precisely this Court's oversight that can ensure a balance between confidentiality and due process. Because the district court has concluded its proceedings, and this dispute directly affects Appellant's participation in the appeal, appellate intervention is both necessary and appropriate.

## V. CONCLUSION

For these reasons, Appellant respectfully requests that this Court:

6

1. Modify the Protective Order so that Appellant may access the AEO-designated documents pertinent to the appellate issues (subject to appropriate safeguards); or
2. Issue a targeted remand instructing the district court to resolve Appellant's request on an expedited basis, thus preventing further delay or prejudice.

Neo4j's opposition relies on discredited allegations of past misuse, ignoring that the district court explicitly refused to find any violation or impose sanctions. Properly considered, due process and fairness warrant modifying, or at least promptly revisiting, the AEO restrictions that currently prevent Appellant from defending his position on appeal.

Respectfully submitted,

John Mark Suhy Jr.

/s/John Mark Suhy Jr.   Pro Se

Dated: 02/10/2025

8814 Danewood Dr

Alexandria, VA 22308

Tel: (703) 862-7780

Email: jmsuhy@gmail.com

## CERTIFICATE OF SERVICE

I, John Mark Suhy Jr, hereby certify that on this February 10, 2025, I

electronically filed the foregoing motion, exhibit, and declaration with the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ John Mark Suhy Jr
John Mark Suhy Jr
8814 Danewood Dr
Alexandria, VA 22308
jmsuhy@gmail.com
703-862-7780