IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br><br>        Plaintiffs-ctr-defendants-Appellees,<br><br>v.<br><br>JOHN MARK SUHY,<br><br>        Defendant-ctr-claimant-Appellant.<br>and<br><br><br>PURETHINK, LLC, a Delaware limited liability company; and IGOV, INC., a Virginia corporation,<br><br>        Defendants. | No. 24-5538<br><br>District No. 5:18-cv-07182-EJD<br>U.S. District Court for the Northern District of California<br><br><br>**APPELLEES' OPPOSITION TO MOTION OF THE FREE SOFTWARE FOUNDATION, INC. FOR LEAVE TO FILE AMICUS CURIAE BRIEF** |

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ....................................................................1

II.     FACTUAL AND PROCEDURAL BACKGROUND ....................................2

      A.      Appellees' Graph Database Software ...................................2

      B.      Suhy's Violations of the Lanham Act and DMCA .............................4

      C.      The District Court Grants Partial Summary Judgment on Neo4j USA's False Advertising Claims .........................................4

      D.      This Court Affirms the Trial Court's Interpretation of the NSSL ........5

      E.      The District Court Grants Appellee's Second Summary Judgment Motion on their DMCA Claim .............................................6

      F.      Suhy Seeks to Relitigate the Interpretation of the NSSL.....................6

      G.      The SFC Files a Proposed Amicus Brief Seeking to Relitigate the District Court's Interpretation of Sections 7 and 10 of the NSSL ..............................................................................7

      H.      The FSF Seeks Leave to File a Third Party Reply in Support of the SFC's Motion to "Correct the Record" ...........................7

III.    ARGUMENT........................................................................9

      A.      The FSF Fails to Meet the Requirements of FRAP 29(a)(3) ...............9

      B.      The FSF's Motion for Leave to File an Amicus Curiae Brief is Untimely Under FRAP 29(a)(6)........................................10

      C.      The FSF Fails to Meet the Criteria for Amicus Curiae......................12

      D.      FSF's Proposed Amicus Curiae Brief Seeks to Introduce Evidence Not Properly Before the District Court ...............................12

IV.     CONCLUSION....................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Altera Corp. v. Clear Logic, Inc.*,
   424 F.3d 1079, 1091 (9th Cir. 2005) ...............................................................14

*Apple Inc. v. Psystar Corp.*,
   658 F.3d 1150 (9th Cir. 2011) ...........................................................................14

*Daly-Murphy v. Winston*,
   837 F.2d 348 (9th Cir. 1987) .............................................................................16

*Jacobsen v. Katzer*,
   535 F.3d 1373, 1381 (Fed. Cir. 2008) ..............................................................14

*Micro Star v. Formgen Inc.*,
   154 F.3d 1107 (9th Cir. 1998) ...........................................................................15

*Miller-Wohl Co., Inc. v. Comm'r of Labor and Indus. State of Mont.*,
   694 F.2d 203 (9th Cir. 1982) .............................................................................12

*Neo4j, Inc. v. Graph Found., Inc.*,
   No. 5:19-CV-06226-EJD, 2020 WL 6700480, at *4 (N.D. Cal.
   Nov. 13, 2020) .....................................................................................................5

*Neo4j, Inc. v. PureThink*, LLC
   No. 21-16029, 2022 WL 781037 (9th Cir. Mar. 14, 2022) .......................6, 7, 13

*Neo4j, Inc. v. PureThink, LLC*,
   No. 5:18-CV-07182-EJD, 2021 WL 2483778 (N.D. Cal. May 18,
   2021), *aff'd*, No. 21-16029, 2022 WL 501120 (9th Cir. Feb. 18,
   2022), *amended on denial of reh'g*, No. 21-16029, 2022 WL
   781037 (9th Cir. Mar. 14, 2022).........................................................................4

**Statutes**

15 U.S.C. § 1114.......................................................................................................4

15 U.S.C. § 1125.................................................................................................4, 5

17 U.S.C. § 1202.......................................................................................................6

ii

## <u>Other Authorities</u>

Fed. R. App. P. 27 ................................................................................................10

Federal Rule of Evidence 407 ...............................................................................15

Fed. R. App. P. 29 ...........................................................................................*passim*

Ninth Circuit Rule 29-1 .........................................................................................11

## I.    INTRODUCTION

Plaintiffs-Appellees Neo4j, Inc. ("Neo4j USA"), and Neo4j Sweden AB ("Neo4j Sweden," collectively "Appellees") respectfully oppose the Motion for Leave to File Amicus Brief by the Free Software Foundation, Inc. ("FSF").  The FSF's motion is improper for at least three reasons.  First, FSF is not seeking to file an amicus curiae brief that is relevant to any issue raised by Appellant John Mark Suhy ("Suhy") on appeal or take a position in support of either Suhy or Appellants. Instead, they admit to seeking leave to "correct the record" with respect to arguments made in Appellees' opposition to ***another*** motion for leave to file an amicus curiae brief by the Software Freedom Conservancy ("SFC").  In essence, FSF is seeking to file a belated ***reply brief*** to an ancillary motion rather than an actual amicus curiae brief addressing the substance of Suhy's appeal.  This is not contemplated by the Federal Rules of Appellate Procedure.  It also violates the Circuit Rules, which expressly prohibit amicus curiae from filing reply briefs.

Second, even if the FSF were seeking to file a proper amicus curiae brief, it is too late to do so.  FRAP 29(a)(6) in relevant part provides that "[a]n amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed."  The FSF's motion provides no explanation as to why it is seeking leave more than ***two months***

1

*after* Suhy filed his opening brief.  The FSF also fails to address why it waited over *a month after* Appellants filed their response to the SFC's motion for leave.

Third, the FSF does not meet the definition of amicus curiae because it admits that it takes no position on any of the substantive issues raised on the pending appeal. Rather, the FSF seeks to correct alleged misstatements made by Appellees in a response to an ancillary motion filed by another amicus curiae.

Finally, the FSF's third-party views on the interpretation and intent of the Neo4j Sweden Software License are irrelevant.  In the context of software licenses, courts give effect to the intent of the copyright holder and licensor of the software, including limitations on the commercialization thereof. Consequently, there is no need for the Court to consider FSF's arguments regarding the propriety of Appellees' inclusion of commercial restrictions in their own software license.

Accordingly, this Court should deny the FSF's motion for leave because the underlying brief is not helpful, irrelevant and untimely.  Should it conclude otherwise, Appellees respectfully request leave to file a response to the underlying brief as it was filed after their Answering Brief.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Appellees' Graph Database Software

Appellees historically offered a free and open-source version of their Neo4j®-branded software called Neo4j Community Edition ("Neo4j® CE"), subject to the

2

GNU General Public License ("GPL"). 1-SER-0075 (3:1–5); 2-SER-0189 (¶5). Appellees also offered a more robust commercial version, which included additional advanced features and support services, known as Neo4j® Enterprise Edition ("Neo4j® EE"). 2-SER-0189–190 (¶¶5–6); 1-SER-0075 (3:5–7).

Appellees originally offered Neo4j® EE under both a paid-for commercial license and for free under the GNU Affero General Public License, version 3 (hereafter referred to as the "AGPL").[1] 1-SER-0190 (¶6); 1-SER-0075 (3:7–9). In May 2018, Neo4j Sweden released Neo4j® EE v3.4 under a new license, which included terms from the AGPL and additional commercial restrictions provided by the Commons Clause (hereafter, the "Neo4j Sweden Software License" or the "NSSL"). 2-SER-0190 (¶10); 1-SER-0075 (3:9–12). The Commons Clause prohibited the non-paying public from engaging in commercial resale and support services for Neo4j® EE. 2-SER-0194–0195 (¶¶75–76); 2-SER-0144(¶¶4–7); 2-SER-0148 (¶48); 1-SER-0075 (3:12–13); 1-SER-0077–0078 (5:26–6:1).

In November 2018, Neo4j Sweden released Neo4j® EE 3.5 solely under a commercial license and none of its source code was made publicly available. 2-SER-0190 (¶12); 2-SER-0190 (¶11). Prior to doing so, however, it released a beta version where certain source code files were released under the NSSL. 2-SER-0190

---

[1] The AGPL was originally drafted and released for public use by the Free Software Foundation ("FSF").

(¶12).  Thereafter, Neo4j Sweden only made the source code for Neo4j® CE publicly available under the GPL. *Id*.

### B.    Suhy's Violations of the Lanham Act and DMCA

Suhy used the source code of Neo4j® EE v3.4 and then Neo4j® EE v.3.5 to create what he called "ONgDB" graph database software.  1-SER-0078 (6:2-11, 6:18-23).  In doing so, Suhy replaced the NSSL with a generic copy of the AGPL. *Id.*  By replacing the NSSL with the AGPL, Suhy removed legal notices identifying Neo4j Sweden as the copyright holder and licensor of the source code. 1-SER-0078 (6:24–26).  This also removed the Commons Clause, thereby allowing Suhy to offer commercial support services for users who adopted ONgDB for free instead of paying for a license to Neo4j® EE.  *Id.*  In furtherance of this scheme, Suhy falsely advertised ONgDB as a "free and open source" version of Neo4j® EE and a "drop in replacement" for the same.  *See, e.g.,* 1-SER-0078–79 (6:26-7:11).

### C.    The District Court Grants Partial Summary Judgment on Neo4j USA's False Advertising Claims

On May 18, 2020, the district court granted summary judgment in favor of Neo4j USA on its trademark infringement claims asserted pursuant to 15 U.S.C. §§ 1114(1) and 1125(a), and its false advertising and false designation of origin claims asserted pursuant to 15 U.S.C. § 1125(a) ("First MSJ Order").  *See Neo4j, Inc. v. PureThink, LLC,* No. 5:18-CV-07182-EJD, 2021 WL 2483778, at *1 (N.D. Cal. May 18, 2021), *aff'd*, No. 21-16029, 2022 WL 501120 (9th Cir. Feb. 18, 2022),

4

*amended on denial of reh'g*, No. 21-16029, 2022 WL 781037 (9th Cir. Mar. 14, 2022). Relevant to the present motion is the district court's findings that Suhy violated Section 1125(a) by falsely advertising ONgDB as a "free and open source" alternative to commercially licensed Neo4j® EE. 1-SER-0094–0102 (22:22–30:13).

The district court held that statements that ONgDB was a "free and open source" version of Neo4j® EE were literally false. 1-SER-0096–0097 (24:16-25:19). In doing so, it rejected Suhy's interpretation of Sections 7 and 10 of the NSSL. *Id.* (*quoting Neo4j, Inc. v. Graph Found., Inc.*, No. 5:19-CV-06226-EJD, 2020 WL 6700480, at *4 (N.D. Cal. Nov. 13, 2020)).[2] The district court also imposed a preliminary injunction against Defendants prohibiting further unlawful conduct, including falsely advertising ONgDB as a "free and open source" version of Neo4j® EE. *Id.* at 1-SER-00104–0108 (34:26-36:5).

## D.     This Court Affirms the Trial Court's Interpretation of the NSSL

Due to the district court issuing a preliminary injunction, Suhy sought immediate review of the underlying findings in the First MSJ Order. Suhy argued, *inter alia*, the district court erred in finding that Sections 7 and 10 of the NSSL

---

[2] *Neo4j, Inc. v. Graph Found., Inc.* was a related action filed by Appellees against Graph Foundation, Inc. and two of its affiliates (collectively, "GFI") for identical violations of the Lanham Act and DMCA. GFI filed a motion to dismiss the DMCA claim based on the same interpretation of Sections 7 and 10 of the NSSL asserted by Suhy in the present matter.

prohibited him from removing the Commons Clause as a "further restriction."  9-SER-2227–2230.

On February 18, 2022, this Court affirmed the Preliminary Injunction and the district court's underlying findings in the First MSJ Order.  It subsequently denied Suhy's petition for a rehearing and amended that opinion, affirming that Defendants'

> [r]epresentation that ONgDB is a "free and open-source" version of Neo4j® EE was literally false, because Section 7 of the Sweden Software License only permits a downstream licensee to remove "further restrictions" added by an upstream licensee to the original work.

*See Neo4j, Inc. v. PureThink*, LLC, No. 21-16029, 2022 WL 781037, at *1, ¶ 3 (9th Cir. Mar. 14, 2022) ("*Neo4j I*").

## E.    The District Court Grants Appellee's Second Summary Judgment Motion on their DMCA Claim

On October 25, 2023, the district court granted Appellees' second motion for summary judgment, finding Suhy liable for violating Section 1202(b) of the DMCA ("Second MSJ Order").  1-SER-0052–60 (16:23–24:6).  This was based, in part, on the Court's affirming the district court's findings that Sections 7 and 10 of NSSL "does not permit a licensee, such as Suhy, to remove the [Neo4j] CMI and commercial restrictions imposed by the license."  1-SER-0057–58 (21:17–23:18).

## F.    Suhy Seeks to Relitigate the Interpretation of the NSSL

After the First MSJ Order and the Second MSJ Order, the only remaining issue for trial was the amount of damages Appellees incurred as a result of Suhy's

violations of the Lanham Act and the DMCA. The district court conducted a bench trial on the issue of damages, and issued its Findings of Fact and Conclusions of Law on July 22, 2024 and a final judgment on August 15, 2024.

On September 8, 2024, Suhy filed an appeal with this Court. Suhy then filed his opening brief on December 23, 2024. Dkt Entry 17.1. As detailed in Appellees' Answering Brief filed on February 24, 2025, Suhy improperly reargues on appeal that the district court erred in interpreting the meaning of "further restrictions" as defined by the NSSL. *See* Dkt Entry 51.1 at 30, 32-36.

### G.    The SFC Files a Proposed Amicus Brief Seeking to Relitigate the District Court's Interpretation of Sections 7 and 10 of the NSSL

On January 10, 2025, the SFC filed a motion for leave to file an accompanying amicus curiae brief, which asserted arguments identical to those raised by Suhy on his previous appeal concerning the interpretation of the NSSL. Dkt Entry 34.1. Appellees filed their opposition thereto on January 21, 2025. Dkt Entry 39.1. Appellees opposed that motion, *inter alia*, on the grounds the SFC sought to improperly relitigate issues that were either conclusively stipulated to by Suhy or were law of the case. *Id.* at 9-15. That motion remains pending before this Court.

### H.    The FSF Seeks Leave to File a Third Party Reply in Support of the SFC's Motion for Leave to "Correct the Record"

On February 27, 2025, counsel for the FSF left a voicemail for counsel for Appellees inquiring whether they would oppose a motion for leave to file an amicus

brief on behalf of FSF.  Declaration of Jeffrey M. Ratinoff ("Ratinoff Decl."), ¶ 3.  Counsel for the FSF represented that they would not be "taking a position in support of either party, but [intended] to address various statements that Neo4j made about the Free Software Foundation in [Neo4j's] opposition to the motion for the Software Freedom Conservancy to file its amicus brief."  *Id.*

On February 28, 2025, counsel for the FSF and Appellees met and conferred wherein the FSF again confirmed that they were not seeking leave to address any of the arguments asserted by either Suhy or Appellees in their respective appellate briefs.  Ratinoff Decl., ¶ 4.  Rather, the FSF was seeking leave to respond to unspecified factual statements made by Appellees in opposition to the SFC's motion for leave to file its amicus brief.  *Id.*  Appellees indicated that they would oppose the FSF's motion on the grounds that such matters were irrelevant as it was improper to seek leave to file an amicus brief on such an ancillary motion.  *Id.*

Appellees further indicated that the motion was untimely because the deadlines to file an amicus brief and to file a reply brief in support of the SFC's motion for leave had long since passed. Ratinoff Decl., ¶ 5.  When asked why the FSF believed its motion was relevant to the substantive issues raised on appeal timely, it conceded it was not and that they simply need to "correct the record" regarding statements made by Appellees' about the FSF.  *Id.*   Later that day, the FSF filed the present motion for leave.

8

## III.  ARGUMENT

### A.  The FSF Fails to Meet the Requirements of FRAP 29(a)(3)

In order to obtain leave to file an amicus curiae brief, the FSF must establish (1) "its interest in the pending appeal;" and (2) the reason(s) "why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3).  The FSF concedes that it neither has an interest in the pending appeal, nor are the matters asserted in its proposed amicus brief relevant to the disposition of the case.

By its own admission, the FSF is *not* seeking to support the position of any party and is *not* seeking to address any substantive issue raised by Suhy's pending appeal.  Dkt Entry 55.1 at 1 ("The FSF is seeking to file an amicus curiae brief at this time because these misstatements and incorrect assertions are found in a recently filed pleading entitled 'Appellees' Opposition to Motion for Leave to File Amicus Curiae Brief by Software Freedom Conservancy, Inc. in Support of Defendants-Appellants' ...."); *accord* Dkt Entry 55.2 at 9; Ratinoff Decl., ¶¶ 3-5.  Rather, the FSF seeks to file a belated reply brief in support of the SFC's motion for leave to file an amicus brief.  The FSF points to no case law, rule or authority that would allow it to take the unprecedented step of seeking leave to file a reply in support of a motion ancillary to the actual pending appeal.  Accordingly, the FSF cannot

9

establish the first requirement imposed by FRAP 29(a)(3), warranting the denial of its motion for leave to file its ill-conceived "amicus reply brief."

### B. The FSF's Motion for Leave is Untimely Under FRAP 29(a)(6)

FRAP 29(a)(6) provides that any "amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed." Fed. R. App. P. 29(a)(6). This rule further provides that "[a]n amicus curiae that does not support either party must file its brief no later than 7 days after the appellant's or petitioner's principal brief is filed." *Id.* Suhy filed his opening brief on December 23, 2024. Dkt Entry 14.1. Thus, subject to any extension granted by the Court, the last day for the FSF to file a motion for leave was December 30, 2024. Consequently, the fact that the FSF filed its motion for leave *three months* later warrants the denial thereof.

The FSF also fails to cite to any case law, statute or rule that permits a potential amicus curiae to file a reply in support of a motion for leave filed by another amicus curiae. Assuming *arguendo* that the FSF could do so, it would still be untimely. "Any reply to a response [to a motion] must be filed within 7 days after service of the response." Fed. R. App. P. 27(a)(4). Appellees filed their opposition to the SFC's motion for leave on January 21, 2025. Dkt Entry 39.1. Therefore, the FSF should have filed its "amicus reply brief" no later than January 28, 2025.

10

While FRAP 29(a)(6) provides that the Court may grant leave for later filing, the FSF provides no justification for waiting over three months to do so. Indeed, when asked during meet and confer, the FSF admittedly could not provide *any* explanation as to why it waited so long to seek leave. The FSF also fails to provide *any* explanation in its motion as to why it waited so long to seek leave.

Likewise, the FSF fails to address its lack of diligence in seeking leave *after* Appellees filed their Answering Brief wherein they could have addressed any arguments made in the FSF's proposed amicus reply brief. Since the FSF concedes that it has been monitoring this case since as least as early as November 2023, its failure to comply with the deadlines imposed by the FRAP is inexcusable. *See* Dkt Entry 55.2 at 5 and 8.

Finally, Circuit Rule 29-1 states that "No reply brief of an amicus curiae will be permitted." Parts of the FSF's proposed amicus brief stray from the purported purpose of correcting the record on an ancillary motion by arguing its interpretation of Sections 7 and 10 of the AGPL (and ostensively the NSSL). Dkt. Entry 55.2 at 11-13. This issue was substantively argued in Suhy's Opening Brief and in the SFC's proposed amicus brief, to which Appellees substantively responded in their Answering Brief. *See* Dkt Entry 51.1 at 46-53. Since FSF's proposed brief introduces further argument on this issue, it violates this Court's prohibition on amicus replies.

11

### C.     The FSF Fails to Meet the Criteria for Amicus Curiae

In addition to failing to meet the requirements of FRAP 29, the FSF does not meet the definition of amicus curiae.  The role of an amicus curiae is to assist the Court in a case of general interest and draw the Court's attention to legal arguments that have escaped consideration.  *Miller-Wohl Co., Inc. v. Comm'r of Labor and Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982).  As detailed above, the FSF is not seeking to support a position of a party and is not even seeking to file the amicus brief for the Court to consider in conjunction with the merits of the pending appeal.  Rather, the FSF merely seeks to correct what it views as inaccurate statements made by Appellees in a response to an ancillary motion.  This is neither helpful to the Court nor does it come close to fulfilling the role of an amicus curiae.

There is also no greater public interest implicated in this case. The only license at issue is the NSSL, a modified version of the AGPL applied only to a handful of versions of Neo4j® EE.  Neo4j USA discontinued using the NSSL in 2019 and has never advocated that the district court's interpretation thereof applies to anything but the NSSL. The FSF is not a proper amicus curiae for this additional reason.

### D.     FSF's Proposed Amicus Curiae Brief Seeks to Introduce Evidence Not Properly Before the District Court

The FSF's proposed amicus brief improperly seeks to introduce hearsay evidence that was never before the district court when it interpreted the relevant provisions of the NSSL.  For example, under the pretext of "correcting" statements

12

made in Appellees' opposition to the SFC's motion for leave, the FSF argues its intent in drafting the AGPL, and in support cites to prior drafts and drafting discussions. Dkt Entry 55.2 at 12-13. There is no excuse for the FSF's belated attempt to inject such matters when the record in this case has long-since closed.

After the district court first determined that Sections 7 and 10 of the NSSL prohibited a licensee from removing the Commons Clause in November 2020, Suhy invited the FSF to participate and argue what its "intent" was in drafting the AGPL.[3] *See* Dkt Entry 14.8 and 14.9 at 375:17-378:5. Thereafter, the FSF had ample opportunity prior to the district court reaching the same conclusion in the First MSJ Order, as well as to file an amicus curiae brief when Suhy first appealed the district court's interpretation of the NSSL. As detailed in Appellees' Answering Brief, this Court's affirmance of the district court's interpretation of the NSSL became law of the case in *Neo4j I*. *See* Dkt Entry 51.1 at 30, 32-36. As a result, it is too little, too late for the FSF to seek leave as an amicus and argue its view of the AGPL.

_____

[3] The various excuses provided by the FSF as to why it chose not to intervene at that time are not credible. For example, the FSF claims to have "limited resources … and cannot possibly intervene in all such litigation." Dkt. No. 55.2 at 5; *see also id.* at 20. This claim does not square with its inexplicable decision to not intervene when the interpretation of the NSSL was still an unsettled issue, while choosing to file an amicus reply brief in support of an ancillary motion well after the district court's interpretation thereof became law of the case. Likewise, its claim that it would require the disclosure of information protected by the attorney-client privilege order to explain why it waited *five years* after the interpretation of the AGPL was first litigated in this case is unbelievable. Dkt. No. 55.2 at 10.

Even if it were proper to do so, the FSF's intent in drafting the AGPL is irrelevant. As the copyright holder of Neo4j® EE, Neo4j Sweden had the exclusive right to control the modification and distribution of that copyrighted code under the licensing terms of its choosing. *See Apple Inc. v. Psystar Corp.,* 658 F.3d 1150, 1159 (9th Cir. 2011) ("copyright owners may choose to simply exclude others from their work" or "use their limited monopoly to leverage the right to use their work on the acceptance of specific conditions"). "Even '[c]opyright holders who engage in open source licensing have the right to control the modification and distribution of copyrighted material.'" *Id.* (*quoting Jacobsen v. Katzer*, 535 F.3d 1373, 1381 (Fed. Cir. 2008)). In this regard, Neo4j Sweden's express intent was to preclude others from commercially benefiting from the software and the express language of terms such as the Commons Clause. *See* 10-SER-2514 (Ex. 3) ("'Commons Clause' License Condition … "the grant of rights under the License will not include, and the License does not grant to you, the right to Sell the Software"); *see also* 10-SER-2476–2477 (¶12) ("Neo4j Sweden added the Commons Clause to the license for NEO4J® EE to prevent third parties… from monetizing such software while not contributing back to the companies who are producers of the software").

Further, a licensor's intent to limit the commercialization of its software should be given effect as intended by the licensor. *See Altera Corp. v. Clear Logic, Inc*., 424 F.3d 1079, 1091 (9th Cir. 2005) (giving effect to language limiting

14

commercial use in a license agreement that "sought to prevent competitors from benefitting from its software"); *see also Micro Star v. Formgen Inc.*, 154 F.3d 1107 (9th Cir. 1998) (term in a license allowing users of a computer game to develop enhancements, but barring the resale of the enhancements for a profit, was enforceable). Any perceived conflict between terms in the NSSL must be resolved in Neo4j Sweden's favor as the copyright holder and licensor of that software. Consequently, the FSF's arguments that the terms drawn from the AGPL somehow limited Neo4j Sweden's right to include commercial restrictions in its own copyright license are of no importance.

Finally, the FSF improperly relies upon a November 13, 2023 cease and desist letter sent to Appellees during the middle of trial and subsequent blog posts, to support its interpretation of Sections 7 and 10.[4] Dkt Entry 55.2 at 8, 18-21. As detailed in Appellees' opposition to Suhy's Motion to for Leave to Transmit Exhibits, this letter and the blog posts were not before the district court on summary

---

[4] The FSF's attempt to use this letter to argue that Appellees' alleged compliance with the demands made therein long after the underlying case concluded "implicitly conced[es] that the FSF's position regarding the Commons Clause was correct" is equally improper. Dkt Entry 55.2 at 20-21. It is well-establish that Federal Rule of Evidence 407 excludes evidence of subsequent remedial measures as proof of an admission of liability. It is also disingenuous for the FSF to use the November 13, 2023 letter and Appellees' alleged compliance—all which occurred several years after this Court affirmed the district court's interpretation of the NSSL—as justification for its failure to timely intervene in November 2020. *Id.* at 21.

15

judgment when it interpreted the NSSL, and therefore, are not part of the record in this case. Dkt Entry 15.1. Suhy conceded as much in withdrawing his motion. Dkt Entry 16.1. For the same reasons argued in Appellees' opposition, the FSF cannot introduce the same letter and subsequent blog posts into the appellate record. *See Daly-Murphy v. Winston*, 837 F.2d 348, 351 (9th Cir. 1987) (denying plaintiff-appellant's request to add investigative report to the record where "the report was not considered by the district court because it was submitted after the summary judgment hearing").

## IV.   CONCLUSION

For the foregoing reasons, Appellees respectfully request that this Court deny the FSF's Motion for Leave to File its Amicus Curiae Brief. Alternatively, if the Court is inclined to grant the FSF's motion, Appellees respectfully request leave to file a response to the proposed amicus curiae brief.

Date: March 7, 2025                    Respectfully submitted,

                                       */s/ Jeffrey M. Ratinoff*
                                       Jeremy A. Moseley (MT Bar #44830177)
                                       **SPENCER FANE LLP**
                                       1700 Lincoln Street, Suite 2000
                                       Denver, Colorado 80203
                                       Telephone:  303.839.3800
                                       Facsimile:   303.839.3838
                                       Email:   jmoseley@spencerfane.com

                                       (continued on the next page)

16

John V. Picone (CA Bar #187226)
Jeffrey M. Ratinoff (CA Bar #197241)
**SPENCER FANE LLP**
225 West Santa Clara Street
Suite 1500
San Jose, CA 95113
Telephone:  408.286.5100
Facsimile:  408.286.5722
Email:      jpicone@spencerfane.com
            jratinoff@spencerfane.com

Attorneys for Plaintiffs-Appellees NEO4J,
INC., and NEO4J SWEDEN AB

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing motion uses a proportionately spaced, 14-point font and contains 3,721 words according to the count of the word processing program used to compose this motion.  It therefore complies with Rules 27(d)(1)(D), (E) & (2)(A) of the Federal Rules of Appellate Procedure and with Circuit Rule 27-1.

Date: March 7, 2025                        SPENCER FANE LLP


                                           *s/ Jeffrey M. Ratinoff*
                                           _____
                                           Jeffrey M. Ratinoff
                                           *Attorneys for Appellees*
                                           Neo4j, Inc. and Neo4j Sweden AB

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I HEREBY CERTIFY that on March 7, 2025, I electronically filed the

foregoing **APPELLEES' OPPOSITION TO MOTION OF THE FREE**

**SOFTWARE FOUNDATION, INC. FOR LEAVE TO FILE AMICUS**

**CURIAE BRIEF** with the Clerk of Court using the CM/ECF system which will

send notification of such filing to the following email addresses:

**John Mark Suhy**
jmsuhy@gmail.com

**Rick Sanders**
rick@sfconservancy.org

**Aaron Kyle Williamson**
aaron@williamson.legal

**Said Vakili**
vakili@vakili.com

**David N. Schultz**
schu1984@yahoo.com

*/s/   Jeffrey M. Ratinoff*
Jeffrey M. Ratinoff

17