IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

CASE NO.: 24-5538
**NEO4J, INC., et al.,**
Plaintiffs-Appellees,

v.

**JOHN MARK SUHY Jr,**
Defendant-Appellant.

**APPELLANT'S OPPOSITION TO APPELLEES' MOTION TO SEAL SER VOL. 18**

I. INTRODUCTION

Defendant-Appellant John Mark Suhy ("Appellant") respectfully submits this opposition to the Motion to Seal Volume 18 of the Supplemental Excerpts of Record ("SER Vol. 18") filed by Plaintiffs-Appellees Neo4j, Inc. and Neo4j Sweden AB ("Appellees").

Appellant opposes this motion because he does not have access to the documents that Appellees seek to seal. Without access, Appellant is unable to assess whether opposition is warranted. Appellant has a pending motion to modify the protective order (Case: 24-5538, 01/24/2025, DktEntry: 44.1), which has not yet been ruled on. Sealing

1

these records before resolving Appellant's access deprives him of a meaningful opportunity to challenge the motion and creates an unfair litigation imbalance.

Further, Appellees have not met their burden under Ninth Circuit law to demonstrate that the requested sealing satisfies the "compelling reasons" standard. The Ninth Circuit has held that judicial records may only be sealed when necessary to prevent harm that outweighs the public's right to access (*Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006)). Under Kamakana v. City & County of Honolulu, 447 F.3d 1172 (9th Cir. 2006), Plaintiffs must provide compelling reasons to justify sealing judicial records.
Courts have denied motions to seal where a party merely claims competitive harm without specific, non-speculative evidence (*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016)).

Neo4j's motion does not provide sufficient justification for complete sealing. First, the documents in question relate to past financial and contractual dealings that may no longer be competitively relevant. Second, Appellees have not explained why partial redaction is

insufficient to protect sensitive information, which is the preferred alternative under Ninth Circuit precedent (*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003)).

## II. APPELLEES HAVE NOT MET THE "COMPELLING REASONS" STANDARD

The Ninth Circuit applies a strong presumption of public access to court records, particularly when those records relate to substantive legal matters. The Supreme Court in Nixon v. Warner Communications, Inc., 435 U.S. 589 (1978), affirmed that there is a strong presumption of public access to judicial records, which Neo4j must overcome with specific, non-speculative evidence. Under *Kamakana*, a party seeking to seal court documents must provide compelling reasons that justify secrecy, supported by specific factual findings. Vague references to competitive harm are insufficient.

Neo4j's motion does not satisfy this standard. While it references competitive harm, it fails to demonstrate how public disclosure of past transactions, pricing models, or business strategies would cause present-day damage. Courts have repeatedly held that "The mere fact

that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." (*Kamakana*, 447 F.3d at 1179).

Moreover, Neo4j's claim that disclosure would reveal pricing strategies is unconvincing. Many of these details may already be available through public contracts or prior disclosures, reducing any risk of actual harm. Additionally, Neo4j has not explained why targeted redactions could not address any legitimate concerns while still preserving public access to non-sensitive portions of the record. Even if some information merits confidentiality, the preferred approach under Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122 (9th Cir. 2003), is redaction rather than wholesale sealing. Neo4j has not justified why redactions would be insufficient.

## III. SEALING SHOULD NOT BE GRANTED WITHOUT FIRST RULING ON APPELLANT'S ACCESS

Appellant also argues that the Court should defer ruling on the sealing motion until it has resolved the pending motion to modify the protective order (DktEntry: 44.1). Sealing these documents before determining

whether Appellant is entitled to access them unfairly prejudices his ability to oppose the motion. Courts have recognized that the decision to seal should not be made in a vacuum where the opposing party is deprived of access to the materials at issue (*In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008)).

Additionally, under the Ninth Circuit's decision in *Center for Auto Safety*, sealing should not be granted without a compelling justification that outweighs the strong presumption of public access (*Ctr. for Auto Safety*, 809 F.3d at 1097). Sealing should be the exception, not the rule, and Neo4j has failed to establish that the harm it alleges is specific, imminent, and non-speculative. Courts have repeatedly held that unsupported claims of competitive harm are not sufficient to justify secrecy.

If the Court grants the motion to seal without first resolving access, Appellant respectfully requests the right to renew his opposition if access is later granted. Furthermore, if sealing is deemed necessary, it should be narrowly tailored to protect only the confidential portions of the record, rather than sealing entire documents.

5

IV. CONCLUSION

For these reasons, Appellant respectfully requests that the Court deny or, at a minimum, defer ruling on Appellees' Motion to Seal SER Vol. 18 until the Court has ruled on Appellant's pending Motion to Modify the Protective Order (Case: 24-5538, 01/24/2025, DktEntry: 44.1). Sealing these records without first ruling on Appellant's access creates an unfair litigation imbalance and deprives Appellant of a meaningful opportunity to challenge the sealing request.

In the alternative, if the Court determines that some sealing is necessary, Appellant requests that the Court require narrowly tailored redactions instead of full sealing. Further, if the Court grants the motion to seal without ruling on Appellant's access, Appellant requests the right to renew his opposition if access is later granted.

Respectfully submitted,

**John Mark Suhy**
Pro Se
Dated: 03/13/2025
8814 Danewood Dr
Alexandria, VA 22308
Tel: (703) 862-7780
Email: jmsuhy@gmail.com

6

## CERTIFICATE OF SERVICE

I, John Mark Suhy Jr, hereby certify that on this March 13, 2025, I electronically filed the foregoing motion with the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ John Mark Suhy Jr

John Mark Suhy Jr

8814 Danewood Dr

Alexandria, VA 22308

jmsuhy@gmail.com

703-862-7780