IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br><br>    Plaintiffs-ctr-defendants-Appellees,<br><br>v.<br><br>JOHN MARK SUHY,<br><br>    Defendant-ctr-claimant-Appellant,<br><br>and<br><br>PURETHINK LLC, a Delaware limited liability company, and IGOV, INC., a Virginia corporation,<br><br>    Defendants. | No. 24-5538<br><br>District No. 5:18-cv-07182-EJD<br>U.S. District Court for the Northern District of California<br><br>**APPELLEES' REPLY IN SUPPORT OF THEIR MOTION TO SEAL VOLUME 18 OF SUPPLEMENTAL EXCERPTS OF RECORD** |

**TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION ..................................................................................1

II. ARGUMENT........................................................................................2

    A. Suhy Manufactured His Own Prejudice in Order to Oppose Appellee's Motion to Seal and Gain Improper Access to All of Appellees' AEO Materials ..................................................................2

    B. The Harm to Appellees' Competitive Standing Overrides the Public Interest in Access .......................................................................4

    C. The Requested Sealing is Narrowly Tailored to Only Protect Appellees' Highly Confidential and Proprietary Information .............6

III. CONCLUSION....................................................................................7

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple Inc. v. Samsung Electronics Co., Ltd.*,
　　727 F.3d 1214 (9th Cir. 2013) ..............................................................................6

*In re Electronic Arts, Inc.*,
　　298 Fed.Appx. 568, 2008 WL 4726222 (9th Cir. 2008) .................................5, 6

*Kamakana v. City & Cnty. Of Honolulu*,
　　447 F.3d 1172 (9th Cir. 2006) ..............................................................................5

## I. INTRODUCTION

Plaintiffs and Appellees Neo4j, Inc. ("Neo4j USA") and Neo4j Sweden AB ("Neo4j Sweden," collectively "Appellees") submit this reply in support of their Motion to Seal Volume 18 of the Supplemental Excerpts of Record. The arguments supporting the opposition filed by Appellant John Mark Suhy ("Suhy" or "Appellant") are frivolous. Suhy argues that the Court should deny the motion because he will be prejudiced by not being able to review the contents of Volume 18, which Appellants designated as "Highly Confidential – Attorneys Eyes Only" ("AEO") under the operative Protective Order entered by the district court.

Suhy's predicament is entirely of his own making. Appellees offered to disclose the contents of Volume 18 under the condition he withdraw his pending motion to modify that Protective Order, which unjustifiably seeks access to *all* of Appellees' AEO materials produced in the underlying litigation and that are not part of the appellate record. Suhy inexplicably chose to waste judicial resources by rejecting that offer and proceeding with that motion and the present opposition.

Suhy's alternative argument that there is no compelling reason to seal the document is also meritless. Suhy does not dispute that contents of Volume 18 constitute Appellees' highly confidential business information. Instead, Appellant focuses on the wrong legal analysis and speculative assertions that the designated

1

material is not competitively sensitive, and, troublingly, insists on proceeding with his pending motion to modify the Protective Order for admittedly improper purposes. The clear weight of authority in this Circuit holds that confidential proprietary pricing, customer and business information provide compelling reasons to override the public interest in access to court filings. This Court should therefore grant Appellees' motion to seal.

## II. ARGUMENT

### A. Suhy Manufactured His Own Prejudice in Order to Oppose Appellee's Motion to Seal and Gain Improper Access to All of Appellees' AEO Materials

Suhy argues that the Court should deny the present motion to seal because otherwise he will be unable to review the contents of Volume 18 in conjunction with his forthcoming appellant reply brief. Suhy's prejudice is the result of his recalcitrance and could have easily been avoided given Appellants' offer to disclose Volume 18 subject to reasonable safeguards.

Prior to Appellees filing their Answering Brief, Suhy filed a motion to modify the Protective Order regarding confidentiality entered by the district court. Dkt Entry 44.1. In that motion Suhy preemptively sought access to ***all*** of the materials produced during discovery and designated as AEO by Appellees irrespective of their relevancy to the pending appeal. Suhy argued, *inter alia*, that he should have

2

unfettered access "to ensure [his] ability to fairly and effectively respond to Plaintiff-Appellees anticipated opposition in this appeal." Dkt Entry 44.1 at 1; *see also id.* at 4-5. Appellees argued in opposition, *inter alia*, that seeking such broad access was speculative and premature as they had yet to file their answering brief. Dkt. Entry 47.1 at 10-11.

On February 24, 2025, Appellees filed their Answering Brief and Supplemental Excerpts of Record. They only sought to seal Volume 18 of the latter, which contained relevant excerpts of Trial Exhibit 15 and the sealed portions of the Trial Transcript—both containing Appellees' AEO-designated sales and financial information—cited in the district court's Findings of Fact and Conclusion of Law.

On March 4, 2025, Suhy requested that Appellees provide him with Volume 18. Reply Declaration of Jeffrey Ratinoff ("Reply Ratinoff Decl."), Ex. 1 at 4. Appellees indicated they were willing to disclose Volume 18 to him subject to the provisions of the Protective Order and under the condition that Suhy withdraw the Motion to Modify the Protective Order. *Id.* at 2-3. Appellees reasoned that the disclosure of the AEO-designated sealed documents negated the stated purpose of Suhy's motion, which was to obtain access to any such documents relied upon in Appellees' Answering Brief. *Id.* Appellees further offered to extend the deadline

3

for Suhy to file an opposition Appellees' Motion to Seal with the hope that the disclosure of Volume 18 would dissuade Suhy from opposing that motion. *Id.*

Notwithstanding Appellees' reasonable offer, Suhy inexplicably rejected it. Reply Ratinoff Decl., Ex. 2 at 1-2. When pressed to explain why he insisted on proceeding with his Motion to Modify the Protective Order when the disclosure of Volume 18 would address the alleged prejudice Suhy claimed would occur, he refused. *Id.* Suhy's unjustifiable position thus **reinforces** Appellees' stated fear that his Motion to Modify the Protective Order was and continues to be for the improper purpose of gaining access to Appellees' AEO materials unrelated to the issues raised by Suhy on appeal. *See* Dkt. Entry 47.1 at 11-13. Accordingly, the Court should grant the motion to seal and not allow Suhy to manufacture prejudice and obtain access to Appellees' AEO material under false pretenses.

### B. The Harm to Appellees' Competitive Standing Overrides the Public Interest in Access

Suhy does not dispute that public access to confidential materials should be restricted when used for improper purposes, or to harm a party's competitive standing. Suhy even admits that Appellees' AEO Materials consist of their highly confidential sales and financial information, pricing models and business strategies. Yet, he argues that Appellees' same claims are "unconvincing" and speculates that this confidential information "may already be available through public contracts or

4

prior disclosures, reducing any risk of actual harm." Dkt Entry 61.1 at 2-3. Suhy's assertions are without any evidentiary basis, and ignore the sworn testimony submitted by Appellees detailing why the information contained in Volume 18 is competitively sensitive and why the public disclosure thereof would irreparably harm Appellees. *See* Dkt Entry 53.2. As further evidenced by the Reply Declaration of Jason Zagalsky ("Reply Zagalsky Decl.") concurrently filed herewith, this information to this day remains confidential and proprietary to Appellees.

Next, Suhy misconstrues *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), and then compounds this by miscasting Appellees' concerns about competitive standing as one of merely reputational harm. In *Kamakana*, this Court held that reputational harm *alone* does not provide sufficient reason to override the public interest in access.

Appellees, however, are not relying on reputational harm *alone* to justify sealing. *See* Dkt Entry 53.1 at 3-5; Dkt Entry 53.2 at ¶ 3.a. and ¶ 4; Reply Zagalsky Decl., ¶¶ 2–3. Instead, Appellees are seeking to maintain confidential information under seal, which clearly meets the broad definition of "trade secrets," i.e. "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Electronic Arts, Inc.*, 298 Fed.Appx.

5

568, 569, 2008 WL 4726222, at *2 (9th Cir. 2008) (cited by Suhy, quoting Restatement of Torts § 757, cmt. B); *accord Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1225 (9th Cir. 2013) (recognizing parties had a right to maintain product-specific financial information secret and "could suffer competitive harm if this information is made public"). As recognized by this Court, the public disclosure of such information will presumptively cause irreparable harm to Appellees. *See In re Electronic Arts,* 298 Fed.Appx. at 569-70; *Apple*, 727 F.3d at 1225.

### C.  The Requested Sealing is Narrowly Tailored to Only Protect Appellees' Highly Confidential and Proprietary Information

Suhy lastly argues that Appellees failed to narrowly tailor the portions that it seeks to maintain under seal. Appellees have done just that. The excerpt of Trial Exhibit 15 filed under seal is a one-page document consisting solely of proprietary sales and financial information relating to Neo4j, Inc.'s customer. *See* Reply Zagalsky Decl., ¶ 2.a. Suhy did not oppose Appellees' motion to seal this trial exhibit during the proceedings below.

Pages 4528-4537 of Volume 18 consist of ten pages of trial testimony (Pages 127–129 and 171–176) regarding Trial Exhibit 15 and other Trial Exhibits, which contain testimony about Appellees' highly confidential subscription models and marketing strategy. Reply Zagalsky Decl., ¶ 2.b. Notably, these pages were sealed by the district court without any objection by Suhy. The remaining pages of the trial

transcript were not filed under seal either below or with this Court. *See* 12-ER-2498–2675 (Pages 1–126, 130–170, 178–186); 13-ER-2677–2880 (Pages 187-389). Accordingly, Appellees' request to seal is narrowly tailored to only protect its highly confidential and proprietary information.

### III. CONCLUSION

For the reasons set forth in Appellees' moving papers and herein, Appellees respectfully request that the Court grant their Motion to Seal.

Dated: March 18, 2025              Respectfully submitted,


                                    */s/ Jeffrey M. Ratinoff*
                                    Jeremy A. Moseley (MT Bar #44830177)
                                    **SPENCER FANE LLP**
                                    1700 Lincoln Street, Suite 2000
                                    Denver, Colorado 80203
                                    Telephone:  303.839.3800
                                    Facsimile:   303.839.3838
                                    Email:   jmoseley@spencerfane.com

                                    (Additional counsel listed on the next page)

7

John V. Picone (CA Bar #187226)
Jeffrey M. Ratinoff (CA Bar #197241)
**SPENCER FANE LLP**
225 West Santa Clara Street, Suite 1500
San Jose, CA 95113
Telephone:   408.286.5100
Facsimile:   408.286.5722
Email:         jpicone@spencerfane.com
                    jratinoff@spencerfane.com

Attorneys for Plaintiffs-Appellees NEO4J, INC., and NEO4J SWEDEN AB

8

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing motion uses a proportionately spaced, 14-point font and contains 1,408 words according to the count of the word processing program used to compose this motion. It therefore complies with Rules 27(d)(1)(D), (E) & (2)(C) of the Federal Rules of Appellate Procedure and with Circuit Rule 27-1(1)(d).

Dated: March 18, 2025                             SPENCER FANE LLP

*/s/ Jeffrey M. Ratinoff*
Jeffrey M. Ratinoff
*Attorneys for Appellees*
Neo4j, Inc. and Neo4j Sweden AB

# CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on March 18, 2025, I electronically filed the foregoing **APPELLEES' REPLY IN SUPPORT OF THEIR MOTION TO SEAL VOLUME 18 OF SUPPLEMENTAL EXCERPTS OF RECORD** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

**John Mark Suhy**
jmsuhy@gmail.com

**Rick Sanders**
rick@sfconservancy.org

**Aaron Kyle Williamson**
aaron@williamson.legal

**Said Vakili**
vakili@vakili.com

**David N. Schultz**
schu1984@yahoo.com

                                            /s/   Jeffrey M. Ratinoff
                                               Jeffrey M. Ratinoff