No. 24-5538
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

NEO4J, INC., et al.,
*Plaintiff and Appellee,*
v.
Suhy, et al.,
*Defendant-Appellant.*

Appeal From a Judgment of the United States District Court
For the Northern District of California
Hon. Edward J. Davila
United States District Judge
N. D. Cal. No. 5:18-cv-07182 EJD

# MOTION FOR LEAVE TO AMEND OR SUPPLEMENT BRIEFS UPON GRANT OF ACCESS TO ATTORNEYS' EYES ONLY (AEO) MATERIALS

## I. Introduction

This motion arises from a serious due process concern: Appellant has been denied access to sealed materials relied upon by the Appellees and the district court in a manner that materially impairs Appellant's ability to respond to factual and legal claims in this appeal.

Appellant respectfully moves this Court for leave to amend or supplement his Opening and/or Reply Brief in the event the Court

1

grants his pending motion for access to materials designated "Attorneys' Eyes Only" (AEO).

**In support of this motion, Appellant states:**

- Certain record materials cited by Appellees in this appeal were filed under AEO designation, and Appellant, proceeding pro se, has not been permitted access to them.

- These sealed materials appear to have been used to support key factual and damages-related arguments, including those relied on by the district court in awarding judgment.

- Because Appellant lacked access, he was forced to brief this appeal without the benefit of the full record, an asymmetry that impairs his ability to respond fully and fairly.

- Appellant explicitly raised this issue in his Reply Brief (see DktEntry 64.1, at 35), citing due process concerns with reliance on sealed materials unavailable to him.

- Appellant has also filed a separate motion seeking access to the AEO materials.

- If access is granted, Appellant respectfully requests leave to amend or supplement his briefing to address any newly reviewable content that materially affects the issues presented.

- This request is conditional only, Appellant does not seek delay or supplemental briefing unless and until access is granted.

- Granting this motion would preserve Appellant's due process rights, ensure that this Court is reviewing a complete and fair record, and prevent the need for rehearing or other corrective procedures later.

- The district court's findings of fact (see ECF No. 248, ¶¶ 21–36) relied in part on AEO-designated documents to support its damages award, including sales figures, revenue projections, and third-party communications. These materials are unavailable to Appellant, yet they were critical to the district court's rulings on causation, intent, and market impact.

- This structural asymmetry, where one party can rely on sealed material but the other cannot access it to formulate a rebuttal, constitutes material prejudice and violates the core guarantee of an adversarial appellate process.

- When the protective order was entered, Appellant was represented by counsel who had access to AEO-designated documents. However, Appellant now proceeds pro se on appeal and cannot review the very documents used against him at trial. This transition from represented to self-represented status creates a due process gap that the current protective order does not account for. The Court should recognize that what may have been procedurally adequate under the protective order during the district court phase has become materially prejudicial at the appellate stage.

- Appellant has concurrently moved to modify the district court's protective order to gain access to the AEO materials (see DktEntry 44.1). That motion remains pending. This request to amend is conditional: it is not intended to delay proceedings, but rather to preserve the integrity of the appellate record if access is later granted.

- Because these sealed materials materially affect damages, causation, and credibility determinations, denial of access undermines Appellant's ability to seek full appellate review,

including en banc rehearing or certiorari. Preservation of this issue is therefore not only appropriate, but essential to exhaust Appellant's remedies.

Appellant notes that if the Court determines that the damages award must be reversed or vacated on legal or procedural grounds independent of the sealed record, access to AEO materials may become unnecessary. This motion is submitted to preserve Appellant's rights only if those issues remain unresolved.

## II.  PRAYER FOR RELIEF

Accordingly, Appellant respectfully requests that this Court:

- Grant this motion and permit Appellant to file amended or supplemental briefs if access to AEO materials is granted;
- Alternatively, defer ruling on this motion until it resolves Appellant's pending access motion;
- And take no action on the merits of this appeal until both motions have been considered.

Respectfully submitted,

/s/ John Mark Suhy Jr.
Pro Se Defendant-Appellant
8814 Danewood Dr.
Alexandria, VA 22308
Email: jmsuhy@gmail.com
Phone: 703-862-7780
Date: May 2, 2025

## CERTIFICATE OF SERVICE

I, John Mark Suhy Jr, hereby certify that on this May 2, 2025, I electronically filed the foregoing brief with the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ John Mark Suhy Jr
John Mark Suhy Jr
8814 Danewood Dr
Alexandria, VA 22308
jmsuhy@gmail.com
703-862-7780