IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br><br>      Plaintiffs-ctr-defendants-Appellees,<br><br>v.<br><br>JOHN MARK SUHY,<br><br>      Defendant-ctr-claimant-Appellant,<br><br>and<br><br>PURETHINK LLC, a Delaware limited liability company, and IGOV, INC., a Virginia corporation,<br><br>      Defendants. | No. 24-5538<br><br>District No. 5:18-cv-07182-EJD<br>U.S. District Court for the Northern District of California<br><br><br>**APPELLEES' OPPOSITION TO APPELLANT'S MOTION FOR LEAVE TO AMEND OR SUPPLEMENT BRIEFS UPON GRANT OF ACCESS TO ATTORNEYS' EYES ONLY (AEO) MATERIALS** |

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

I.    INTRODUCTION ........................................................................1

II.   THE AEO MATERIALS AT ISSUE.........................................2

III.  ARGUMENT...............................................................................3

      A.    The Relief Sought by Suhy is Untimely ...............................3

      B.    Suhy Manufactured Any Alleged Prejudice ........................3

IV.  CONCLUSION...........................................................................6

## I.   INTRODUCTION

The Motion for Leave to Amend or Supplement Briefs filed by Appellant John Mark Suhy ("Suhy") is a follow-on to his pending Motion to Modify the Protective Order (Dkt Entry 41.1), which improperly seeks access to **all** of Appellees' Highly Confidential—Attorneys' Eyes Only ("AEO") information.  For the reasons set forth in Appellees' opposition thereto (Dkt Entry 47.7), this Court should deny that motion, thereby rendering the present motion for leave moot.

The requested relief in Suhy's present motion is also untimely.  Suhy argues that the Court should grant him leave to file a supplemental brief or amend the two already on file with the Court—if and when he gains access to Appellees' AEO materials cited by the district court in awarding Appellees' damages—to avoid an alleged due process violation.  However, Suhy failed to seek access to these documents **before** he filed his Opening Brief, wherein he challenged the damages award.  As a result, Suhy waived any right to seek any relief based on a lack of access to those documents.

Finally, Suhy's predicament is entirely of his own making.  In addition to failing to timely seek access to the materials in question, Appellees offered to disclose the contents of two AEO-designated items cited to in their Answering Brief on the condition he withdraw his pending motion to modify the Protective Order, which unjustifiably seeks access to all of Appellees' AEO materials produced in the

underlying litigation and that are not part of the appellate record. Suhy unjustly chose to waste judicial resources by rejecting that offer so he could continue to improperly seek access to Appellees' highly confidential materials that bear no relationship or relevance to Suhy's pending appeal. Accordingly, the Court should deny both Suhy's ill-conceived motion to gain access to Appellees' AEO-designated materials and to re-open the briefing process.

## II.    THE AEO MATERIALS AT ISSUE

The only AEO-Designated materials that could possibly be at issue were submitted by Appellees in Volume 18 of their Supplemental Excerpts of Record. The first item is an excerpt of Trial Exhibit 15, which is a one-page document consisting solely of proprietary sales and financial information relating to the only customer that Suhy caused Appellees to lose revenue.[1]  *See* Dkt Entry 62.3, ¶ 2.a. The second item consists of ten pages of trial testimony (Pages 127–129 and 171–176) about Appellees' highly confidential subscription models and marketing strategy reflected in Trial Exhibit 15.  *See* Dkt Entry 62.3, ¶ 2.b.

---

[1] As detailed in Appellees' answering brief stipulated at trial that his violations of the Lanham Act and DMCA were the reason for Appellees' lost licensing revenue. Dkt Entry 51.1 at 59-62 (citing 2-SER-0143–0145 [¶¶1–14, 16-18]).  Thus, Suhy's alleged need to gain access to this highly confidential information is both dubious and unnecessary.

## III.   ARGUMENT

### A.   The Relief Sought by Suhy is Untimely

Suhy filed his notice of appeal on September 11, 2024, and then filed his opening brief on December 23, 2024.  Suhy filed his opening brief fully cognizant of the record that he was presenting to this Court.  Despite challenging the district court's determination of damages in his opening brief, Suhy never suggested that a lack of access to Appellees' AEO-designated materials hindered his ability to argue this issue, including the materials in Volume 18.

If Suhy truly believed that the confidentiality restrictions on the documents cited by the district court somehow prejudiced his appeal, he should have sought relief *well before* filing his opening brief on December 23, 2024.  Thus, his belated attempt to seek access to Appellees' AEO-designated materials and reopen the briefing process is untimely. It is also tantamount to waiver of any purported need to review these materials and submit additional briefing.

### B.   Suhy Manufactured Any Alleged Prejudice

Suhy argues that allowing him access to Appellees' AEO-designated materials and to file a supplemental brief is a matter of due process.  Suhy's alleged prejudice from not having access to the AEO materials at issue is a result of his recalcitrance and could have easily been avoided given Appellees' offer to disclose those materials subject to reasonable safeguards before he filed his reply brief.

3

Prior to Appellees filing their Answering Brief, Suhy filed a motion to modify the Protective Order regarding confidentiality entered by the district court. Dkt Entry 44.1. In that motion Suhy preemptively sought access to ***all*** of the materials produced during discovery and designated as AEO by Appellees irrespective of their relevancy to the pending appeal. Suhy argued, *inter alia*, that he should have unfettered access "to ensure [his] ability to fairly and effectively respond to Plaintiff-Appellees anticipated opposition in this appeal." Dkt Entry 44.1 at 1; *see also id*. at 4-5. Appellees argued in opposition, *inter alia*, that seeking such broad access was speculative and premature as they had yet to file their answering brief. Dkt. Entry 47.1 at 10-11. They also argued that it was improper to seek such broad access. *See id.* at 11-13

On February 24, 2025, Appellees filed their Answering Brief and Supplemental Excerpts of Record. Dkt Entries 51.1, 52.1-52.3. They only sought to seal Volume 18 of the latter, which contained relevant excerpts of Trial Exhibit 15 and the sealed portions of the Trial Transcript. *See* Dkt Entry 53.

On March 4, 2025, Suhy requested that Appellees provide him with Volume 18. Dkt Entry 62.2, Ex. 1 at 4. Appellees indicated they were willing to disclose Volume 18 to him subject to the provisions of the Protective Order and under the condition that Suhy withdraw the Motion to Modify the Protective Order. *Id.* at 2-3. Appellees reasoned that the disclosure of the AEO-designated documents negated

4

Suhy's motion because it would allow him to review the documents cited in Appellees' Answering Brief. *Id.* Appellees further offered to extend the deadline for Suhy to file an opposition to Appellees' Motion to Seal with the hope that the disclosure of Volume 18 would dissuade Suhy from opposing that motion. *Id.*

Notwithstanding Appellees' reasonable offer, Suhy inexplicably rejected it. Dkt Entry 62.2, Ex. 2 at 1-2. When pressed to explain why he insisted on proceeding with his Motion to Modify the Protective Order when the disclosure of Volume 18 would address the alleged prejudice Suhy claimed would occur, he refused. *Id.* Suhy's unjustifiable position thus ***reinforces*** Appellees' stated fear that his Motion to Modify the Protective Order was and continues to be for the improper purpose of gaining access to Appellees' AEO materials unrelated to the issues raised by Suhy on appeal. *See* Dkt. Entry 47.1 at 11-13. Accordingly, the Court should not allow Suhy to manufacture prejudice to gain access to Appellees' AEO material under the false pretense of due process, and then burden the Court and Appellees with additional briefing with no legitimate purpose.

/ / /

## IV.   CONCLUSION

For the foregoing reasons, Appellees respectfully request that the Court deny Suhy's underlying motion to modify the Protective Order and the present motion to file a supplemental brief and/or amend Suhy's previously filed briefs.

Dated: May 9, 2025                    Respectfully submitted,


/s/ Jeffrey M. Ratinoff
Jeremy A. Moseley (MT Bar #44830177)
**SPENCER FANE LLP**
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
Telephone:   303.839.3800
Facsimile:   303.839.3838
Email:        jmoseley@spencerfane.com

John V. Picone (CA Bar #187226)
Jeffrey M. Ratinoff (CA Bar #197241)
**SPENCER FANE LLP**
225 West Santa Clara Street, Suite 1500
San Jose, CA 95113
Telephone:  408.286.5100
Facsimile:   408.286.5722
Email:        jpicone@spencerfane.com
              jratinoff@spencerfane.com

Attorneys for Plaintiffs-Appellees
NEO4J, INC., and NEO4J SWEDEN AB

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I HEREBY CERTIFY that on May 9, 2025, I electronically filed the foregoing **APPELLEES' OPPOSITION TO APPELLANT'S MOTION FOR LEAVE TO AMEND OR SUPPLEMENT BRIEFS UPON GRANT OF ACCESS TO ATTORNEYS' EYES ONLY (AEO) MATERIALS** with the Clerk of Court using the CM/ECF/ACMS system which will send notification of such filing to the following email addresses:

> **John Mark Suhy**
> jmsuhy@gmail.com
>
> **Rick Sanders**
> rick@sfconservancy.org
>
> **Aaron Kyle Williamson**
> aaron@williamson.legal
>
> **Said Vakili**
> vakili@vakili.com
>
> **David N. Schulz**
> Schu1984@yahoo.com

/s/  *Jeffrey M. Ratinoff*
Jeffrey M. Ratinoff