No. 24-5538
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

NEO4J, INC., et al.,
*Plaintiff and Appellee,*

v.

Suhy, et al.,
*Defendant-Appellant.*

Appeal From a Judgment of the United States District Court
For the Northern District of California
Hon. Edward J. Davila
United States District Judge
N. D. Cal. No. 5:18-cv-07182 EJD

## REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND OR SUPPLEMENT BRIEFS UPON GRANT OF ACCESS TO AEO MATERIALS

Appellees' opposition misconstrues the procedural history and fails to address the core due process issue raised by Appellant's motion: that critical AEO materials relied upon by both the district court and Appellees in briefing are being withheld from a now pro se appellant, impairing his ability to fully and fairly participate in the adversarial appellate process.

1

# I. Response to Argument A: The Relief Sought Is Not Untimely

Appellees argue that the motion is untimely because Appellant did not seek access prior to filing his Opening Brief. This ignores two key facts:

1. Appellant raised the lack of access to AEO-designated materials explicitly in his Reply Brief, noting due process concerns and the inability to respond fully to Appellees' use of sealed material. (See Dkt. 64.1 at 35.)
2. The motion to modify the protective order (Dkt. 44.1) was filed prior to the filing of Appellees' Answering Brief, anticipating exactly this issue.

Thus, the record reflects that Appellant consistently sought to preserve this access issue, and the current motion merely asks for **conditional leave** to supplement briefing *if* access is granted. This is a prudent and efficient request that respects judicial economy and avoids unnecessary briefing unless essential.

## II. Response to Argument B: Appellant Did Not "Manufacture Prejudice"

Appellees' assertion that Appellant created the alleged prejudice is misleading and unsupported by the underlying communications.

Appellees reference Dkt. 62.2 to claim that Appellant rejected an offer to review Volume 18. But those emails show no such unconditional offer. Instead, Appellees insisted that access to Volume 18 would be provided only if Appellant withdrew his pending motion to modify the protective order, a motion that raised broader concerns about AEO material cited in the record and potentially relevant to the appeal.

Appellant's refusal to surrender his motion in exchange for partial access was not a bad-faith tactic, but a good-faith effort to preserve his rights to due process and full review. Nowhere in the emails did Appellees commit to producing the material independently of that concession, nor did they actually transmit Volume 18 for Appellant's review.

Moreover, the proposed exchange would have required Appellant to:

- Abandon a pending motion on the Court's docket,

3

- Surrender potential access to other relevant sealed material,
- Without receiving any assurance that Volume 18 alone would address all due process concerns.

This is not a genuine attempt to resolve the issue, but a conditional demand aimed at shielding Appellees' use of sealed materials from scrutiny.

Appellant acted reasonably under the circumstances. He proposed further discussion (see Dkt. 62.2, Ex. 2) and sought procedural extensions, which Appellees themselves acknowledged would be beneficial. He simply declined to condition his appellate rights on withdrawing a separate pending motion, a position that cannot fairly be construed as manufacturing prejudice.

## III. Conclusion

Appellees' opposition fails to rebut the central concern: the structural unfairness created when one party can rely on sealed materials and the other, now pro se, is categorically denied access. This asymmetry undermines both due process and the integrity of the appellate record.

Appellant respectfully reiterates his request that the Court:

- Grant conditional leave to amend or supplement the briefs *if* access to AEO materials is granted;
- Alternatively, defer ruling on this motion until the Court resolves the related access motion (Dkt. 44.1).

Absent access to the sealed record relied upon by the district court, Appellant may be foreclosed from seeking full review of these issues by an en banc panel or the Supreme Court. Preserving this procedural issue is therefore essential to maintain Appellant's ability to pursue further appellate remedies if necessary.

Respectfully submitted,

/s/ John Mark Suhy Jr.
Pro Se Defendant-Appellant
8814 Danewood Dr.
Alexandria, VA 22308
Email: jmsuhy@gmail.com
Phone: 703-862-7780
Date: May 9, 2025

5

## CERTIFICATE OF SERVICE

I, John Mark Suhy Jr, hereby certify that on this May 9, 2025, I electronically filed the foregoing brief with the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ John Mark Suhy Jr
John Mark Suhy Jr
8814 Danewood Dr
Alexandria, VA 22308
jmsuhy@gmail.com
703-862-7780